UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE JONES,<br><br>    Defendant. | Criminal No. 05-386-01<br>ESH/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  A detention hearing was commenced by the undersigned United States Magistrate Judge on October 27, 2005, and concluded on October 28, 2005.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Jones                                                                                                      2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. Jones                                                                                                              3

for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

The government introduced into evidence a written proffer summarizing the criminal histories of Defendant and the alleged co-conspirators, and the facts revealed during the course of the investigation which culminated in the indictment. Additionally, the government proffered other information orally, and discussed the sections of the written proffer relevant to Defendant. The government proffered that Defendant was the alleged head of a conspiracy to distribute large quantities of cocaine in the Washington area. Furthermore, the government proffered that Defendant is the sole proprietor of a nightclub named "Levels," which the government believes Defendant used as a location to conduct his drug trafficking activities, as well as launder drug trafficking proceeds.

The written proffer indicates that investigators intercepted Defendant's communications with co-defendants on multiple occasions. The government further proffered that the nature of many of these communications concerned drug trafficking, including the distribution of narcotics to alleged buyers, and the arrival of narcotics in the Washington area. The government conceded that neither Defendant, nor those with whom he communicated, ever used any terminology directly relating to narcotics or narcotics trafficking, but maintained that Defendant used code words to mask the nature of his communications.

United States v. Jones                                                                                                                    4

      Additionally, the government proffered that when a search warrant was executed at Defendant's home in Waldorf, Maryland, Defendant was present and various records, cell phones and pagers were seized. Furthermore, $69,000 in cash was seized in the Jeep Cherokee registered to Defendant's wife but driven almost exclusively by Defendant. The government further proffered that when a search warrant was executed at Levels nightclub, a stolen 9mm handgun was seized from the office area. The government further proffered that through its surveillance, Defendant was observed at 9508 Potomac Drive, Fort Washington, Maryland on at least ten occasions. The government proffered that it believes that location is the "stash house" for Defendant's drug trafficking operation. Upon execution of a search warrant at the Potomac Drive home, ninety-seven kilograms of cocaine, three kilograms of cocaine-base, and $750,000 in cash was seized.

      Lastly, the government proffered that Defendant had been convicted of selling cocaine in Arlington, Virginia in 1991, and that on two previous occasions, Defendant was charged with offenses involving firearms.

      Defendant called one of the investigators as a witness. Defendant's counsel questioned the investigator about her characterization of discussions between Defendant and various co-defendants regarding the sale and purchase of "tickets," which the government maintains was a code word for cocaine. Defendant's counsel entered five exhibits into evidence which showed that various social events at Levels nightclub required "tickets" for entry into the establishment. The witness testified that no law enforcement officer involved in the investigation even saw any transfer of drugs between Defendant and any of the co-defendants.

United States v. Jones                                                                                                                           5

Additionally, Defendant's counsel proffered that no contraband was seized from Defendant's person or property. More specifically, narcotics were not seized from Defendant's person, personal home, or his nightclub, Levels. Lastly, Defendant proffered that in all the recorded communications the government identified in its written proffer, neither the words "cocaine" nor "cocaine base" were ever spoken by Defendant or his co-defendants. Defendant proffered that he was not a risk of flight because of his significant ties to the community. Defendant owns his own business, Levels; is a lifetime resident of the District of Columbia area; is married with children; and has many family members in the area.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure the defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged indicate that Defendant allegedly was significantly involved in a conspiracy to distribute wholesale quantities of cocaine and cocaine base; that a sum of $69,000 in cash was removed from the vehicle in which he drove almost exclusively; that he made at least 10 visits to a location the government believes was a stash house where ninety-seven kilograms of cocaine was seized; and that he made four bag transfers with alleged co-conspirators.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

United States v. Jones                                                                                                            6

Third, while Defendant's criminal history is relatively minimal, and his family and community ties are significant, those considerations, in the context of the other evidence proffered at the hearing, do not warrant a finding that either of the applicable presumptions has been rebutted.

Finally, the undersigned is satisfied that the toll which distribution of cocaine and cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the proffered evidence of Defendant's significant involvement in the distribution of controlled substances demonstrate that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered the evidence offered and proffered on Defendant's behalf, and finds that it is insufficient to rebut either of the applicable presumptions. *See* United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V.  **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 28, 2005 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

November 17, 2005
DATE

October 28, 2005
NUNC PRO TUNC