UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

_____

**DEFENDANT JONES' MOTION FOR MODIFICATION
OF PRETRIAL DETENTION ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Antoine Jones ("Jones"), by and though undersigned counsel, hereby moves this Court, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 3145(b), to vacate the pretrial detention order issued November 17, 2005, by Magistrate Judge Deborah A. Robinson and to release Mr. Jones on his personal recognizance, or alternatively, into the third-part custody of the Intensive Supervision Program of the Pre-Trial Services Agency or any other form of conditional release deemed appropriate by the Court. As grounds for this motion Mr. Jones states as follows:

1. On November 17, 2005, Magistrate Judge Deborah A. Robinson issued a Detention Memorandum finding by clear and convincing evidence that there were no condition or combination of conditions that could be set that would reasonably assure the safety of the community and ordered Mr. Jones' pre-trial detention.

2. In determining whether there were any conditions or combinations of conditions of release that would reasonably assure the safety of any other person and the community, Magistrate Robinson considered various factors pursuant to 18 U.S.C. § 3142, including:

      a. the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic offense;

      b. the weight of the evidence;
      c. the history and characteristics of the person, including
          i. Character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties
          ii. Past conduct, history relating to drug or alcohol abuse
          iii. Criminal history
          iv. Record concerning appearance at court proceedings
          v. Whether at the time of the offense or arrest, the person was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state, or local law.

3. Regarding the first factor, Magistrate Robinson found that the crime charged clearly involves narcotics. In Mr. Jones's favor, there is absolutely no evidence of violence by Mr. Jones.

4. Regarding the second factor, Magistrate Robinson found that the weight of the evidence was "compelling." However, this case is based mostly on the government's interpretations of what it calls "coded" telephone allegedly involving Mr. Jones, and the use of informants and other individuals with motives to testify in favor of the government and against Mr. Jones. In fact, the government's thirty-four page proffer, entered into evidence at Mr. Jones' detention hearing, is replete with baseless assertions prefaced with "investigators believe" and does nothing but express investigators' opinions of what could just as easily be innocuous and lawful behavior. Magistrate Robinson credited the government's proffer regarding $69,000 seized from a vehicle used by Mr. Jones; his alleged visits to a "stash house" and four "bag transfers" with coconspirators. Magistrate Robinson's findings ignore that Mr. Jones owned a nightclub that had a largely cash business on a daily basis; that the government did not present any evidence that Mr. Jones ever entered the alleged "stash house" or that any narcotics were present during the times when Mr. Jones allegedly was there; and that the government presented no evidence of the contents of the bags allegedly transferred. Finally, the state of the evidence is

that no narcotics were seized either from Mr. Jones or any of his properties. The government has at most presented evidence of suspicious activity but has failed to present any credible evidence connecting Mr. Jones to narcotics.

5. Regarding the third factor, regarding history and characteristics of the accused, Magistrate Robinson found that Mr. Jones' criminal history is relatively minimal, and his family and community ties are significant, yet weighed this factor in favor of the government. This Court should also consider that Mr. Jones is a lifelong resident of the District of Columbia; is married; has children; owns a business and his own home; and has paid his taxes.

6. With respect to the issues of past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, whether at the time of the offense or arrest, the person was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state, or local law, there is absolutely no evidence that Mr. Jones has any drug or alcohol problem. Furthermore, although it is true that Mr. Jones has prior narcotics-related convictions, Mr. Jones has completed all requirements imposed by those convictions. According to the Pre-Trial Services report, Mr. Jones has no pending cases in the District of Columbia or any other jurisdiction.

7. Apart from the narcotics related charge that he now faces, there is absolutely no evidence that Mr. Jones is or ever has been a danger to the community. The government seeks to counter this by proffering that a weapon was seized at Mr. Jones' nightclub, but fails to show that the weapon belonged to Mr. Jones or to anyone associated with him. Many individuals had access to the location where the weapon was located.

8.      Magistrate Robinson's Order did not address issues related to risk of flight.  Nevertheless, for the reasons stated, *supra*, the government has not shown by a preponderance of the evidence that Mr. Jones would not return to court were he to be released.

**ARGUMENT**

Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations.  In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses.  Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. C. § 3142(j).  To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group . . . that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189 (emphasis supplied).  Mr. Jones is not within that limited group.  It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial.  It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." Id. at 7, 12, *reprinted in*, 1984 U.S. CODE

CONG. & AD. NEWS 3189. Mr. Jones is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. See United States v. Orta, 760 F.2d 887 (8th Cir. 1985). See also 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the least restrictive further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis supplied).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of § 3142 continues to favor release over pretrial detention. See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D.Kan. 1985). In Mr. Jones's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. See U.S. v. Xulam, 84 F.3d 441 (D.C. Cir. 1996). This is especially so given that the government has already moved to exclude a period of 180 from the calculation of time within which this case must be tried.

**WHEREFORE** for the foregoing reasons, and any others that may appear at a full hearing on this matter, and any others this Court deems just and proper, Mr. Jones, respectfully requests that he be released on personal recognizance or, alternatively, into the Intensive Supervision Program of the Pretrial Services Agency or released to the third party custody of the Department of Corrections.

Dated: Washington, DC
December 18, 2005

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December 2005, I caused a true and correct copy of the foregoing Jones' Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

_____
A. Eduardo Balarezo