UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0386 (ESH) |
| ) | |
| ANTOINE JONES, ) | FILED |
| ) | |
| Defendant. ) | DEC 29 2005 |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Defendant Antoine Jones, along with eight others, has been charged in a single-count indictment with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which is an offense punishable by ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii). At the government's request, a detention hearing was held before Magistrate Judge Deborah A. Robinson on October 28, 2005, at which time she ordered Jones held without bond pursuant to 21 U.S.C. § 3142(e). On December 19, 2005, the defendant filed a motion under 18 U.S.C. § 3145(b) to review the magistrate's order and to obtain release pending trial. The government filed an opposition the same day and, in response to the Court's request at the December 19, 2005 status conference, filed a supplemental opposition on December 27, 2005. The Court, having reviewed the defendant's motion and the government's opposition and supplemental opposition, finds that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e). The Court therefore affirms the magistrate's decision and orders that Mr. Jones be detained pending trial.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, a judicial officer "shall order" the detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). This determination is to be made based on a consideration of four factors: (1) the "nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). While the government is generally required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence, id. § 3142(f)(2), this burden does not apply in all cases. Where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et. seq.*, it is to be presumed that no set of conditions would be sufficient to reasonable assure the defendant's appearance and the community's safety. *Id.* This presumption is subject to rebuttal by the defendant. *Id.*

The Court finds that there is probable cause to believe Mr. Johnson was part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base -- a violation of the Controlled Substance Act punishable by a maximum term of life imprisonment, *see id.* § 841(b)(1)(A)(iii), thus raising a rebuttable presumption that no condition or set of conditions will reasonably assure his appearance or the community's safety under 18 U.S.C.

§ 3142(e). The evidence that Jones was the ringleader of a large-scale international drug distribution conspiracy is compelling. A traffic stop in North Carolina on April 5, 2005, of a vehicle registered to Jones and driven by his associate Lawrence Maynard resulted in the discovery by police of $67,115.00 in cash that was hidden in a secret compartment. Extensive wire interception of Jones's cellular telephone conversations from September 2, 2005 through October 24, 2005 revealed conversations in which Jones discussed, in coded language, the purchase and sale of cocaine. The government intercepted conversations during the third week of October, 2005, in which Jones indicated that the "party," a drug shipment, was to happen on Friday, October 21, 2005. An early morning search on October 24, 2005 led to the confiscation of 97 kilograms of cocaine, three kilograms of crack cocaine, and over $800,000 in cash from a stash house in Ft. Washington, Maryland. Over $69,000.00 in cash was discovered in Jones's jeep and wholesale quantities of drugs were found at other locations. In addition, Jones' prior criminal record includes two prior convictions for bribery of a public official and the sale of cocaine. In light of this evidence, the factors listed in 18 U.S.C. § 3142 strongly favor pretrial detention in order to ensure the safety of the community.

The Court hereby denies defendant's Motion and affirms the detention order of Magistrate Judge Robinson. In accordance with 18 U.S.C. § 3142(i), the Court directs that Mr. Johnson remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 29, 2005

cc:   Magistrate Judge Deborah Robinson