UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-386(1) (ESH) |
| | : | |
| v. | : | |
| | : | |
| **ANTOINE JONES** | : | |
|       Defendant. | : | |
| | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR AN ORDER PROHIBITING TRANSFER OF THE DEFENDANT
### OUTSIDE THE DISTRICT OF COLUMBIA

The United States, by its counsel, the United States Attorney for the District of Columbia, opposes the defendant's motion to prohibit his transfer outside the District of Columbia and in support of its opposition says as follows:

### FACTUAL BACKGROUND

Jones is charged with Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base. An extensive recitation of the facts in this case has already been supplied to the Court and counsel. That proffer is attached to this pleading in the unlikely event the Court or counsel needs to print another copy. Based on that information, and a ruling by Magistrate Judge Robinson, this Court has already determined that Jones should be detained pending trial as a danger to the community.

The Court's ruling on detention focused on the events leading up to the defendant's arrest on October 24, 2005. After Jones' arrest and detention a confidential source unrelated to this investigation reported that it was rumored that "the guys from Levels" thought they had figured out that a particular person was cooperating and that they were trying to find someone to kill the

suspected cooperator. A review of Jones' telephone calls from the jail reveals a conversation in which he is trying to find the location of a coconspirator who had been incarcerated in early October on other charges but not yet indicted in this case. A search of Jones's jail cell resulted in the recovery of a letter from one of Jones' girlfriends in which, apparently in response to a request from Jones, she supplies the location of that coconspirator. The same letter reports that another individual is "on the street" and supposed to be "hot". Also recovered from the cell was what appears to be a list of individuals Jones suspects are government witnesses.

At present Jones is being housed in a facility in the District of Columbia. As far as the government is aware, there are no pending plans to relocate Jones.

## ARGUMENT

As a general proposition prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus "even when an institutional restriction infringes a specific constitutional guarantee... the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Id.

If Jones were housed at some distance the Court, in order to assess any impact on the right to counsel, might appropriately ask questions such as: how often does counsel have to meet with his client; how difficult does the distance make effective meetings; etc. In doing the balancing mandated by Bell v. Wolfish the Court would also want to make an inquiry concerning the reason for any such relocation: is Jones being threatened; is he threatening others; is there overcrowding at the jail; etc.

But, of course, none of this has happened so the Court can't make any balancing judgement since there isn't anything to balance. Recognizing this, and the deference to be accorded the judgment of prison officials, it would inappropriate for the Court to grant a motion of this type "prophylactically". Defense Motion at 2.

WHEREFORE, the government requests that the Court deny the defendant's motion.

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058


_____
John V. Geise
Assistant United States Attorney
D.C. Bar No. 358-267
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4126
Washington, D.C. 20530
(202) 616-9156; Fax: 514-8707


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by ECF upon counsel for the defendant, this 6th[h] day of January, 2006.


_____
John V. Geise
Assistant United States Attorney