**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

### DEFENDANT JONES' MOTION FOR MODIFICATION OF CONDITIONS OF DETENTION

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully moves the Honorable Court to issue an Order directing the Warden, Central Detention Facility to restore Mr. Jones' privileges and to modify his harsh conditions of confinement. In support of this motion, Mr. Jones states as follows:

### BACKGROUND

1. The Court has ordered Mr. Jones held without bond since his presentment on October 25, 2005. A trial date has not yet been set but it is anticipated that a trial will take place at the earliest in the fall of 2006.

2. Mr. Jones has been on total lockdown at the D.C. Jail since December 3, 2005. This means that his privileges are severely restricted: no telephone calls, no regular showers, no social visits, no religious services; no meaningful access to the law library. Additionally, Mr. Jones is locked down in his cell 23 hours per day and when he is allowed to leave his cell, it can be only when all other inmates in his unit are in their cells. Additionally, Mr. Jones is housed in a jail unit that holds individuals accused of violent crimes such as rape and murder. This information was gathered from case managers at the facility.

3. As best as can be determined, Mr. Jones is in lockdown not because of any wrongdoing by him or any administrative sanction by the Department of Corrections, but rather

because the government requested it. When counsel communicated with the case managers he requested information regarding why Mr. Jones was being held under such harsh conditions. None of the case managers would provide that information. However, Mr. Jones has been told that the government directed the Department of Corrections to impose such conditions although no one at the jail will give him that information in writing.

        4.      Although "prison officials are entitled to impose upon a detainee whatever restrictions or disabilities are reasonably necessary to ensure the internal security of the institution and to effect his eventual presence at trial; restrictions or conditions that are intended as punishment, however, or that are not 'reasonably related to a legitimate governmental objective' violate due process." Brogsdale v. Barry, 926 F.2d 1184, 1190 (D.C. Cir. 1991) (quoting Bell v. Wolfish, 441 U.S. 520, 536-40 (1979)).

        5.      The harsh conditions under which Mr. Jones is being held are infringing upon his Constitutional rights to assist counsel with his defense because he is being prevented from contacting counsel (he is denied legal calls); from contacting possible witnesses (he is denied social calls); from researching his case (has very limited access to the law library, and then can only request books that are rarely delivered to him). Additionally, at the beginning of this case, counsel asked Mr. Jones to make a list of all the individuals who may have information regarding this case. Mr. Jones did so, but before he could provide the list to counsel, the government searched his cell and seized the list. Since that time, counsel has advised Mr. Jones to not write anything down for fear that the government will again enter his cell and seize privileged material. Clearly, such governmental intrusions have a chilling effect on the attorney-client relationship.

      6.      Mr. Jones' conditions of confinement do not appear reasonably necessary to ensure internal security at the jail nor to effect his presence at trial, and there is no evidence that they are reasonably related to a legitimate governmental objective. The conditions appear to be solely punitive in nature and thus violate his due process rights.

      4.      Notwithstanding his current bond condition, Mr. Jones is presumed innocent and his harsh conditions of pretrial detention are unjust, unwarranted and are solely designed to punish him.

WHEREFORE, for the foregoing reasons Mr. Jones respectfully moves the Honorable Court to issue an Order directing the Warden, Central Detention Facility to restore Mr. Jones' privileges and to modify his harsh conditions of confinement to the least restrictive conditions.

A HEARING ON THIS MOTION IS REQUESTED.

Dated: Washington, DC
      February 26, 2006      Respectfully submitted,

      **LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
    A. Eduardo Balarezo (Bar # 462659)
    400 Fifth Street, NW
    Suite 300
    Washington, DC  20001
    (202) 639-0999

*Counsel for Antoine Jones*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 26th day of February 2006, I caused a true and correct copy of the foregoing Defendant Jones' Motion for Modification of Conditions of Confinement to the parties in this matter via Electronic Case Filing (ECF).

                                                                                                _____

                                                                                A. Eduardo Balarezo