UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-386(1) (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANTOINE JONES | : | |
|     Defendant. | : | |
| | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT JONES'
MOTION FOR MODIFICATION OF CONDITIONS OF DETENTION

The United States, by its counsel, the United States Attorney for the District of Columbia, opposes the defendant's motion for modification of condition of detention and in support of its opposition says as follows:

**FACTUAL BACKGROUND**

Jones is charged with Conspiracy to Distribute and to Possess with the Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base. An extensive recitation of the facts in this case has already been supplied to the Court and counsel in the Government's proffer in support of detention. Based on that information, and a ruling by Magistrate Judge Robinson, this Court determined that Jones should be detained pending trial as a danger to the community.

The Court's ruling on detention focused on the events leading up to the defendant's arrest on October 24, 2005. After Jones' arrest and detention a confidential source unrelated to this investigation reported that it was rumored that "the guys from Levels" thought they had figured out that a particular person was cooperating and that they were trying to find someone to kill the

suspected cooperator. A review of Jones' telephone calls from the jail reveals a conversation in which he is trying to find the location of a coconspirator who had been incarcerated in early October on other charges but not yet indicted in this case. A search of Jones's jail cell resulted in the recovery of a letter from one of Jones' girlfriends in which, apparently in response to a request from Jones, she supplies the location of that coconspirator. The same letter reports that another individual is "on the street" and supposed to be "hot". Also recovered from the cell was what appears to be a list of individuals Jones suspects are government witnesses.

After the events described above the United States Attorney's Office asked the detention facility that Jones be placed in a custody statue that would restrict his ability to communicate with individuals other than his counsel. Subsequent to that request the government learned from yet another source of information that Jones had written letters identifying at least one he suspects is cooperating.

## **DISCUSSION**

These facts give strong reason to believe that Jones was attempting to identify and locate potential government witnesses with the intent to intimidate them or worse. The Supreme Court has recognized that, in addition to assuring the appearance of a defendant at trial, conditions of detention may be imposed that "go beyond those that are, strictly speaking, necessary to ensure that the detainee shows up at trial." *Bell v. Wolfish*, 441 U.S. 520, 540 (1979). The protection of witnesses would seem to be a classic example of a concern that, while it may not go to the physical presence of the defendant, is critical to the effective administration of justice.

The defendant suggests, Jones motion at ¶ 6, that the conditions imposed are intended to punish him. This claim is undermined both by the information already outlined and the fact that Jones is the only defendant in this case for whom the United States has sought restrictions of this

type.

The defendant also argues that the presumption of innocence is in some way implicated by these conditions of confinement. Jones motion at ¶ 4 However, as *Bell* makes clear, the presumption of innocence "has no application to a determination of the rights of a pretrial detainee during confinement before his trial has even begun." *Id.* at 533.

At the moment, there seems to be no practical alternative to the conditions that have been imposed on Jones, given the evidence of potential witness intimidation.

WHEREFORE, the government requests that the Court deny the defendant's motion.

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058

_____
John V. Geise
Assistant United States Attorney
D.C. Bar No. 358267
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4126
Washington, D.C.  20530
(202) 616-9156; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by ECF upon counsel for the defendant, this 16th[h] day of March, 2006.

_____
John V. Geise

Case 1:05-cr-00386-ESH    Document 85    Filed 03/16/2006    Page 4 of 4