UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Criminal No.:** 05-386-1(ESH) |
| v. | : | |
| ANTOINE JONES | : | |
| Defendant. | : | |

### GOVERNMENT'S SUPPLEMENTAL FILING
### CONCERNING CONDITIONS OF CONFINEMENT

The United States, by its counsel, the United States Attorney for the District of Columbia, supplements its opposition to the defendant's motion for modification of conditions of confinement as follows:

A hearing on the defendant's motion to modify conditions of confinement is set for Friday, March 24, 2006. In anticipation of that hearing the United States wishes to provide the Court and counsel with both a summary of the evidence it intends to present at the hearing or under seal and a proposal.

### I. OUTLINE OF EVIDENCE

**A. Affidavit Under Seal**

An affidavit under seal has been provided to the clerk's office concerning information derived from or about confidential sources.

**B. Jail Calls**

Over the course of his incarceration at the District of Columbia Jail, Jones has made numerous telephone calls, which were recorded by the Jail. Among those calls were several to Beverly Johnson, who has been identified both in calls intercepted on the wiretap and in calls

intercepted from the jail, as a romantic interest of Jones. In one call at 10:10 p.m on November 3, 2005 Jones asks Johnson to try and located a co-conspirator. Johnson indicates she know someone in the warden's office who can help. [1]

**C. Johnson's Letter**

When Jones' jail cell was searched on November 23, 2005, a letter from Johnson to Jones was located. The last paragraph provides the location in jail for an unindicted co-conspirator. In the same paragraph Johnson reports that another unindicted co-conspirator is "on the street last they know." Johnson also states that this second co-conspirator has reportedly "been snitching". This letter is attached at A.

---

[1] Although not specifically mentioning possible witnesses there were several jail calls to Deborah O'Neal , who has been identified both in calls intercepted on the wiretap and in calls intercepted from the jail, as another romantic interest of Jones. In one such telephone call, on November 3, 2005, at approximately 9:16 p.m., Jones told O'Neal that he had sent her a few letters from the jail. In particular, he mentioned that when she gets letters with another name on them, she should hold onto the letters and give them to "Lawrence" because "Lawrence" knows what to do with them. At this time Lawrence Maynard had not been arrested or indicted. Later in this approximately 15 minute telephone call, Jones reminds O'Neal that when she gets letters without her name on them, she should just hold them. In a later call to O'Neal, on November 6, 2005, at approximately 11:57 a.m., Jones and O'Neal discuss "Lawrence" at some length. Jones told O'Neal to tell "Lawrence" to write to him and let him know what was going on, because he doesn't want to be "in the blind."

In numerous conversations with his wife, Deniece Jones, Jones is heard urging her to get in contact with Maynard to tell him that Jones needs to speak with him. On a few occasions, Jones asks his wife to call Maynard on her cellular telephone, while Jones' call from the jail is underway on the landline. Jones repeatedly tells his wife to tell Maynard to come out to the jail to visit him.

When interviewed by agents of the FBI Johnson acknowledged that she had obtained this information at Jones' request. Johnson indicated she was unaware of what Jones intended to do with the information.

### D. List of possible witnesses

Also seized from Jones' cell was a list which seemed to outline individuals Jones considered as potential witnesses. The page is attached as Tab B-1.  Another seized page has enteries including a numbered list that appears to have the names os suspected cooperators.   That page is attached as Tab B-2.

## II. ALTERNATE CONDITIONS OF CONFINEMENT

The office of the United States Attorney has spoken with the Marshall's Office concerning the possibility of an alternative to Jones' present conditions of confinement which would alleviate the government's security concerns while providing the defendant with a less restrictive environment. The Marshall's Office has suggested the possibility of housing the defendant in the  general population at a facility outside of the District, most probably Orange or Northern Neck. There would be additional conditions which would not restrict the defendant's movements beyond that of other general population inmates, but would give some further comfort to the government.  That would be acceptable to the United States.

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058

By:_____
John V. Geise
Assistant United States Attorney
D.C. Bar No. 358267
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4126
Washington, D.C. 20530
(202) 616-9156; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by ECF upon counsel for the defendant, this    day of March, 2006.

_____
John V. Geise