**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

**DEFENDANT JONES' REPLY TO GOVERNMENT'S SUPPLEMENTAL FILING CONCERNING CONDITIONS OF CONFINEMENT**

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully replies to the government's Supplemental Filing Concerning Conditions of Confinement.

**FACTS**

1.  On February 26, 2006, Mr. Jones filed his Motion for Modification of Conditions of Confinement seeking to undo the government's unwarranted imposition of harsh conditions of confinement.

2.  The government filed an opposition on March 16, 2006, citing nebulous and unsupported "rumors" reported by a confidential source that the "guys from Levels" wanted to harm a suspected cooperator. The government also cited a letter from a friend of Mr. Jones informing him of the whereabouts of a suspected cooperator. Finally, the government pointed to a list of names found in Mr. Jones' cell during a search to suggest that Mr. Jones may pose a danger to government witnesses.

3.  As counsel has represented to the Court previously, as part of his investigation of this case, counsel asked Mr. Jones to provide him with information concerning possible witnesses, informants, cooperators and adverse witnesses. This is standard procedure and there is nothing illegal or unethical about the request.

    4.       On the eve of the hearing on Mr. Jones' motion, the government submitted a supplemental filing re-alleging its anemic assertions and suggesting alternative conditions of confinement for Mr. Jones.

## ARGUMENT

    5.       The government outlines four items of evidence that it alleges supports its imposition of harsh conditions of detention on Mr. Jones:

    a. <u>Affidavit Under Seal</u> – apparently this affidavit deals with information derived from confidential sources. Clearly, Mr. Jones cannot respond to the affidavit. However, if the affidavit does nothing more than allege unfounded "rumors" it is not sufficient to justify the conditions imposed on Mr. Jones.

    b. <u>Jail Calls</u> – the government specifically cites a November 3, 2005, intercepted jail communication by Mr. Jones to a friend. In that call, Mr. Jones supposedly asks the friend to locate an alleged co-conspirator. The government fails to articulate any set of facts that indicate that Mr. Jones sought to harm the alleged co-conspirator. Additionally, the government spends half a page describing how Mr. Jones went about trying to communicate with "Lawrence." This is in no way unusual given that "Lawrence" was Mr. Jones' club manager who could maintain club operations while Mr. Jones was incarcerated.

    c. <u>Johnson's Letter</u> – the government cites a seized letter from a friend of Mr. Jones telling him the location of an unindicted coconspirator and informing Mr. Jones that the unindicted coconspirator may be

2

        cooperating with the government.  Again, the government utterly fails to state any set of facts that indicate Mr. Jones sought to do harm to the individual.

    d. <u>List of Possible Witnesses</u> – the government cites to two lists seized from Mr. Jones' cell apparently containing the names of possible witnesses and suspected cooperators.  As is noted, *supra*, counsel specifically asked Mr. Jones to provide him with this information so that counsel could properly investigate this matter and prepare for trial.  Again, the government fails to articulate any set of facts that indicate Mr. Jones was seeking to harm anyone.  All the government succeeds in doing is disrupting and intruding upon the attorney-client relationship.

6. Seemingly aware of its failure to offer any support its imposition of harsh conditions of detention upon Mr. Jones, the government suggests alternative conditions of confinement that "would alleviate the government's security concerns while providing the defendant with a less restrictive environment."  This is a strange statement given that the government has failed to articulate any legitimate security concerns in the first place.

7. Mr. Jones adamantly opposes the government's suggestion that he be transferred to detention facilities in Orange or Northern Neck in Virginia.  The Central Virginia Regional Jail (Orange, VA) is approximately 90 miles and almost two hours driving time from counsel's office.  The Northern Neck Regional Jail (Warsaw, VA) is over 100 miles and over two hours driving time from counsel's office.  (<u>see</u> attached "Mapquest" printouts).  These are one-way distances.  If Mr. Jones were to be transferred to either facility, counsel would have to

drive approximately 200 miles and four hours merely to meet with Mr. Jones. A normal visit with Mr. Jones would turn into a day-long affair. Such a situation would clearly impinge upon Mr. Jones' ability to consult with and assist counsel and would impose an undue burden on counsel. Additionally, it would impose an undue burden on any friends or family of Mr. Jones that may wish to visit him.

8. The government's concern apparently stems from Mr. Jones' communications with persons outside the jail, not with any persons inside the jail. Thus, transferring Mr. Jones would not alleviate the government's illusory concerns because he would presumably still be able to communicate with the outside world. The only thing that would be different is that he would be 200 miles away.

WHEREFORE, for the foregoing reasons and any that may become apparent to the Court, Mr. Jones respectfully moves the Honorable Court to issue an Order directing the Warden, Central Detention Facility (D.C. Jail) to restore Mr. Jones' privileges and to modify his harsh conditions of confinement to the least restrictive conditions of confinement. Alternatively, Mr. Jones requests that he be transferred to the Correctional Treatment Facility (CTF).

Dated: Washington, DC
March 23, 2006

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Counsel for Antoine Jones*

4

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of March 2006, I caused a true and correct copy of the foregoing Defendant Jones' Reply to Government's Supplemental Filing Concerning Conditions of Confinement to the parties in this matter via Electronic Case Filing (ECF).

_____
A. Eduardo Balarezo