UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-386 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANTOINE JONES et. al | : | |
| Defendants. | : | |

## GOVERNMENT'S FIRST REPORT CONCERNING DISCOVERY

Comes now the United States of America by its counsel, Kenneth L. Wainstein, United States Attorney for the District of Columbia, John V. Geise, Assistant United States Attorney, and says as follows:

At a status hearing on this matter on March 17, 2006 the Court asked that the United States change the discovery procedure it was following since defense counsel have been unable to coordinate the discovery process with lead discovery counsel, Mr. Balarezo.[1] Mr. Balarezo was supplied with a considerable amount of discovery through March 17 but is occupied in a lengthy ongoing trial. It seems that no other counsel is able to fully act as lead discovery attorney.

The government at that hearing indicated it would try to complete most if not all discovery of existing documents by April 5, 2006, but that goal was based on copying a set of discovery for lead counsel, not scanning a number of items that had already been copied and produced to lead discovery counsel as well as scanning rather than copying the remaining

---

[1] During a portion of this case Jon Zucker, Esq. acted as lead discovery counsel.

1

discovery[2]. Nonetheless, after considerable time spent on duplicated effort, the government believes that most of the discoverable material presently in the government's possession has now been made available to defense counsel[3], or will be made available for review either at preset times in the Office of the United States Attorney or by providing it to one of the defense counsel who will agree to make it available to other counsel.

The United States also represented that it would try, prior to the next status conference on April 21, 2006, to provide the Court and counsel with an update on the process to date and the procedure the government intends to follow for the ongoing production of discovery. That report follows:

## I. INITIAL ATTEMPTS TO MAKE DISCOVERY

### A. TITLE III MATERIALS

Shortly after each defendants arrest in this case their counsel were individually supplied with copies of the applications and orders for the Title III interception and the single 30 day extension of the intercept. Counsel were also each provided with 6 CDs containing the intercepted conversations.

Mr. Zucker, acting as lead counsel, was supplied with copies of the "line sheets", which detail the monitors' logs for individual calls intercepted, and the sealing order for the intercept. It

---

[2] Based on the Court's suggestion at the status conference on March 17, not all the materials produced to Mr. Balarezo have been scanned. These are chiefly videotapes from stationary observation posts that would be expensive or extremely time consuming to transfer from videotapes to discs and photos that would be fairly time consuming to scan.

[3] For items scanned onto discs for all counsel the government has and will inform counsel by email when these items are ready. The United States will hold the discs until counsel makes arrangements to pick them up or indicates how they should be sent.

is questionable whether the line sheets are discoverable at all, but the United States provided

them since they do make it much more convenient for counsel to evaluate the wire intercept. The

government believes that Mr. Zucker may have had these items scanned and made them

available to defense counsel on discs. The government produced redacted affidavits in support of

the Title III intercept and extension to lead discovery counsel several months ago. At the status

hearing in this matter on March 17, 2006 the government supplied all counsel with essentially

unredacted pages for those affidavits.[4]

## B. RULE 16(a)(1)(E) DISCOVERY

The government fully recognizes its obligations to produce discovery in a timely fashion,

particularly in a multi-defendant case. The great bulk of material to be produced in this case is

pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E). The government understands that all

defendants request discovery under Rule 16 and have thus assumed a reciprocal obligation to

produce discovery to the government.

### 1. Material produced to lead discovery counsel

Attached at Tab A are copies of the transmittal documents for discovery produced to Mr.

Zucker as lead discovery counsel. Attached at Tab B are copies of transmittal documents for

discovery produced to Mr. Balarezo as lead discovery counsel. When these materials were

produced other counsel were informed by email.

---

[4] The government has redacted small portions of the affidavits in support of the Title III and extension order, as well as portions of two search warrant affidavits for text messages and the affidavits in support of searches on October 24, 2005. These redactions are to protect ongoing investigations or informants unrelated to this case. The government will be filing a motion under Federal Rule of Criminal Procedure 16 (d)(1) seeking a protective order regarding these redactions.

2. **The relevant case law**

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that upon request the government must "permit the defendant to inspect and to copy or photograph books, papers, ...". An "examination of the express language contained in Rule 16 necessarily directs the conclusion that the rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material." *United States v. Freedman*, 688 F.2d 1364, 1366 ( 11th Cir. 1982). Indeed, at least in the case of non-indigent defendants , "[t]o mandate that the government expend both its valuable time and funds in copying documents which the defendants have requested, when Rule 16 does not expressly require such, constitutes an abuse of the trial court's discretion and places an unjustifiable expense on the United States government." *id.* at 1366. *Accord*, *Premises Known as Statler Towers v. United States*, 787 F.2d 796, 798 (2d. Cir. 1986) ( " In the discovery context, Rule 16's clear import is that the defendants, at least non-indigent ones, must pay the cost of copying documents legally held by the government.").

Even in the case of indigent defendants the government fulfills its obligations by making available a set of discovery materials at the government's offices which the defense must then arrange to review and copy, to the extent such copying is cost effective, regardless of how the expense is finally allocated.[5] However, since access to the government's offices by defense

---

[5] Four of the ten defendants in this matter presently have retained counsel. Even if the case of indigent defendants under Rule 16(d)(1) the court for good cause may "deny, restrict, or defer discovery or inspection." Unreasonable costs in time and expense are an obvious reason in situations where every counsel does not need a copy of a particular item. This is also why it make sense for counsel to review and designate copies of items that their view are relevant, rather than simply making copies of all material that has been seized or generated in a large investigation.

counsel must necessarily be somewhat limited, taking that position seems to impose a needless inconvenience on defense counsel. Customarily in larger cases the government has supplied lead discovery counsel with a set of materials which counsel can access and review  on their own schedule. *United States v. Womack*, 985 F.2d 395, 397-8 (8th Cir. 1993) (Government met obligations under Rule 16 by placing copies of discovery in Public Defender's Office so all 13 defense counsel would have access to them), *cert. denied*, 510 U.S. 902 (1993).

 The government's intended to follow that procedure in this case without any charge to the defendants for the production of a set of materials to lead discovery counsel. As the attachments at Tabs A and B indicate the government was in the process of doing that very thing. However, it would appear that no counsel in this case is fully able to assume the role of lead discovery counsel.

## II. DISCOVERY SINCE THE MARCH 17 HEARING

Given the apparent unavailability of any defense counsel to serve in the lead discovery role the government has scanned a considerable amount of material which had already been produced to lead discovery counsel as well as scanning materials which the government had originally intended to produce in hard copy to lead discovery counsel.  Approximately a week of an intern and paralegal's  time has been spend scanning and checking  material that was already copied and produced to Mr. Zucker or Mr. Balarezo. It has also taken somewhat more time to scan the remaining material than it would to make a single photocopy of it.  Finally, there are only a few scanners available in the United States Attorney's Office, as opposed to a number of xerox machines so some delays are inevitable.

Detailed below is the discovery produced to date and the an outline of the remaining discovery and the manner in which the United States anticipates producing it. As to certain materials which the Court indicated at the March 17 conference do not need to be copied en masse[6] the government would be glad to provide these materials to a defense counsel who would be willing to make them available to the rest of defense counsel or the government can make them available for counsel to review[7]. In the latter situation the government intends to have the videotapes and photos available from 9:00-11:00 on Mondays and Thursday for counsel who with 24 hours notice may borrow the set for at least 3 days, or until other defense counsel has indicated they will need the material.

A. **Title III Materials**

The government has made all relevant Title III materials available.[8]

B. **Rule 16(a)(1)(E)**

1. Maryland ICE Investigation

From a Maryland  investigation of defendants Jones,  Maynard and their cocaine sources the following materials have been scanned for production to counsel.

1. Two contracts for locations rented by Jones or Maynard.

---

[6] These are the videotapes from statutory observation posts and photos.

[7]Mr. Balarezo has indicated he will  return the set of these materials that was produced to him as lead discovery counsel which will save the Government considerable time in recopying these materials.

[8]The United States has not heard from any counsel that they were unable to obtain the line sheets,  affidavits, or sealing order produced to Mr. Zucker as lead discovery attorney. Nonetheless, the government has scanned the affidavits in support of the initial interception and the extension of the interception. The line sheets involved considerably more material and neither they nor the sealing order have been rescanned.

2. Hotel Rental Receipts

3. Information regarding the search of the warehouse rented by Jones

As part of this investigation a pole camera was used to record activity outside a warehouse rented by Jones. Some photos were also taken during that investigation. The government intends to make one copy of the videos and photos available in one of the two methods outlined above for videos and photos. The United States continues to review this file and will make additional materials available as soon as they are available in one of the two methods described for photos and videos.

2. North Carolina Traffic Stop

Reports concerning a traffic stop in North Carolina of Maynard have already been supplied to Mr. Balarezo. They have nonetheless been scanned for counsel. There are also photos from the search. The government intends to make one copy of them available in one of the two methods outlined above for videos and photos.

3. Material Prior to the Searches on 10/24/05

The following items related to the investigation prior to the execution of search warrants on October 24, are available to counsel as described below.

1. Redacted Affidavits and Search Warrants for text messages and the text messages themselves.[9] These items have already been produced to Mr. Balarezo but have been scanned by the government for production to defense counsel.

2. GPS tracking data for a vehicle driven by Jones. A CD containing the information has already been produced to Mr. Balarezo. However, this information has been scanned for defense counsel.

3. Application, Affidavit and Order relating to the GPS device in 2 above. A copy of this material

---

[9]Concerning the redactions, see footnote 4.

has already been supplied to Mr. Balarezo as lead discovery counsel. However a copy has been scanned for all counsel.

4. Surveillance videotapes for xxxx xxxxxxx xxxxx: As detailed more fully in Attachment A to the government's discovery letter of March 14, 2006 copies of these videos were produced to Mr. Balarezo. The government intends to make a copy of them available in one of the two methods outlined above for videos and photos.

5. Approximately 25 surveillance videotapes of Levels, Jones' nightclub. As detailed more fully in Attachment A to the government's discovery letter of March 14, 2006, were produced to Mr. Balarezo. The remaining videotapes for this surveillance are now available.  The government intends to make one copy of them available in one of the two methods outlined above for videos and photos.

6. A disc of surveillance photos take during the investigation is now available. A copy has been made for each counsel.

7. A disc of  pen register information prior to the initiation of the wire intercept has been made for each counsel.

####    4. Materials Related to the Searches on October 24 and subsequent searches

a. Search warrant applications, orders, and returns for 9 search warrants executed on October 24, 2005 were produced to Mr. Zucker in December of 2005. Nonetheless, the material has been scanned for counsel.

b. Redacted copies of the affidavits in support of the search warrants in 4(a) above were produced to Mr. Zucker in December. Replacement pages for most of the redactions were supplied to defense counsel at the status conference on March 17, 2006.[10] Nonetheless, the government has scanned that material for defense counsel.

c. Search binders.

The government has prepared binders of the seized documents from the various search locations that appear to have any relevance.[11] As set forth in Attachment A to the government's transmittal letter of March 14, 2006 binders for 5 of these locations were produced to Mr. Balarezo. Nonetheless, the government has scanned that material for defense counsel.  Binders

---

[10]Concerning the redactions, see footnote 4.

[11] The government will provide an opportunity for counsel who may wish to see it to view all the evidence seized from a particular location.  This would include those documents which have not been scanned as well as any drugs, paraphernalia and similar items seized.

for the following additional locations have also been scanned.

> xxxx xxxxxxxxx xxxx, xxxxxxxxx, Maryland
> xxxx xxxxxxx xxxxx, xxxx xxxxxxxxx, Maryland
> xxxx xxxxxx xxxxx, xxxxxxxx, Maryland
> xxxx xxxxxxx xxxx S.E. xxxxx, Washington D.C.

d. Search scene photos.  As set forth in Attachment A to the government's transmittal letter of March 14, 2006 search scene photographs for eight locations were produced to Mr. Balarezo**.** The government intends to make one copy of them available in one of the two methods outlined above for videos and photos.

e. Search Warrant and affidavit in support of search warrants for nine vehicles. Supplied to Mr. Zucker on December 6, 2005. Nonetheless, the government has scanned that material for defense counsel**.**

f. Search warrant and affidavit in support of search warrant for a number of cell phones and information obtained from the search. Scanned for counsel.

5. Remaining Rule 16(a)(1)(E) Discovery

The government believes that most Rule 16(a)(1)(E) discovery of materials presently available  has now been produced. Records of subscriber information and some financial information are still being organized but will be made available in the near future. The government understands its continuing obligation to produce discovery as additional materials become available. For future discovery the government intends to use one of the two methods described for videos and photos.

C. **Rule 16(a)(1)(A) & (B)**

With the exception of the wire intercept there is very little material pursuant to Rules 16(a)(1)(A) and (B). Copies have already been provided to counsel for the individual defendants involved. None of this material appears to provide a basis for severance motions, nonetheless, the government has scanned these statement for counsel.

D. **Rule 16(a)(1)(D) and Rule 404(b)**

Criminal records for most of the charged defendants are outlined in the Title III affidavit and counsel have of course received the pretrial services records check. The NCIC checks for the defendants will be mailed to counsel by Monday, April 17, 2006. The government is obtaining certified copies of the prior convictions of the defendants and will provide them to counsel as soon as they are received. The government at that time will provide notice to counsel if it intends to seek the admission of any of these convictions and/or the facts surrounding these convictions pursuant to Federal Rule of Evidence 404(b). Any other evidence whose admission is sought pursuant to Rule 404(b) will be provided when received by the government. However, the government reserves the right to provide later notice of Rule 404(b) material if the government believes that disclosure of such information will pose a security risk to any witness. As to any such witness, the government will disclose all *Jencks* material and Rule 404(b) evidence at the same time.

E. **Rule 16(a)(1)(F)**

The government will produce any test results as soon as they are received. At the moment the United States anticipates this will involve chemical analysis of seized drugs, fingerprint analysis, and testing of seized firearms.

F. **Rule 16(a)(1)(G)**

Expert reports and opinions will be provided when received . This will consist chiefly of the reports described in E above. The government also intends to call a witness or witnesses expert in the area of drug trafficking including the operations of a drug trafficking organization, distribution, street values and coded language. A summary of this testimony pursuant to Rule

16(a)(1)(G) will be provided as soon as available for all tests and no later than two months before trial for the drug expert(s).

### G. ***Brady*, *Jencks*, and *Giglio* Material**

*Jencks* material s defined in 18 U.S.C.§ 3500, along with related *Giglio* such as witness plea agreements, criminal convictions and prior inconsistent statements, will ordinarily be provided no later than one week prior to the testimony of a witness. However, the government reserves the right to make later disclosure of this material if the government believes that disclosure will pose a security risk to a witness. *Brady* material not otherwise included in the Rule 16, *Jencks* or *Giglio* material referred to above will be provided if and when discovered.

### H. **Transcripts of Recorded Calls or Conversations**

The government anticipates that there will be a number of recorded conversations played at the trial in this matter. The United States will provide draft transcripts of the conversations to counsel when they are reasonably complete, hopefully at least one month before trial. Such production is conditioned upon counsel agreeing that; 1) these drafts are only to assist in trial preparation and will not be used to impeach or otherwise cross examine witnesses as to differences between the draft and final transcripts and, 2) counsel will not share such drafts with counsel who are not part of this understanding.

The government notes that it may be providing, as a courtesy, material which is not discoverable under Rule 16, *Jencks*, *Giglio* or *Brady*. The fact that certain non-discoverable materials are provided in no way obligates the government to provide all non-discoverable materials, and the fact the certain non-discoverable materials are provided should not be taken as a representation as to the existence or non-existence of any other non-discoverable materials.

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058

_____
John V. Geise
Assistant United States Attorney
D.C. Bar No. 358267
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4126
Washington, D.C.  20530
(202) 616-9156; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by ECF upon counsel for the
defendant, this 14th  day of April, 2006.

_____
John V. Geise

_____

12