UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-386 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANTOINE JONES et. al | : | |
| Defendants. | : | |

**MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CRIM.P. 16(d)(1)**

Comes now the United States of America by its counsel, Kenneth L. Wainstein, United

States Attorney for the District of Columbia,  John V. Geise, Assistant United States Attorney

and, in support of its motion for a protective order, says as follows:

STATEMENT OF FACTS

The government has provided a number of documents to defense counsel pursuant to its

discovery obligations. Small segments have been redacted from several of the items supplied.

The government has, under seal, provided the Court with full copies of the redacted pages and a

brief affidavit of Stephanie E. Yanta, Special Agent with the Federal Bureau of Investigation

Washington Field Office, Washington, D.C., detailing the nature of the information withheld. To

describe the reasons for the individual redactions in detail would defeat the very purpose of

withholding this information. However, all involve ongoing investigations or information that

might lead to the identification of one or more confidential informants. The redactions are from

the following documents:

A.      Maryland ICE search warrant - several deletions throughout the affidavit

B.      8/10/05 search warrant for text messages - Page 26

C.    8/18/05  search warrant for text messages - Page 26

D.    9/2/05 Title III affidavit - Page 50

E.    Title III extension affidavit - Pages 8-9, 28

F.    10/24/05 search warrant affidavit of Detective Norma Horne - page 32

G.    10/24/05 search warrant affidavit of Special Agent Stephanie Yanta - page 33

<u>ARGUMENT</u>

**I.    The court has the authority to restrict discovery**

The court may, at any time and for good cause, deny, restrict or defer discovery or inspection of evidence by either party. The court may permit a party to show good cause by a written statement that it reviews *ex parte*. Fed.R.Crim.P. 16(d)(1). "[A] district court has the right after an *in camera* inspection to withhold evidence which is irrelevant or unexculpatory." <u>United States v. Killian</u>, 639 F.2d 206, 211 (5th Cir.1981). Furthermore, "delay in disclosing ... evidence [is a] justifiable, necessary and proper step to protect [an] investigation.... and the life and safety of ... informants." <u>United States v. Nava-Salazar</u>, 30 F.3d 788, 800-01 (7th Cir.1994).

**II. The court must weigh the government's need for confidentiality against the defendant's right to evidence to be used in his defense**

**A.    Discovery matters are within the discretion of the trial court and may be reviewed only upon a showing that an error was prejudicial to the substantial rights of the defendant.**

In <u>United States v. Pelton</u>, 578 F.2d 701, 707 (8th Cir.1978), the court upheld a defendant's conviction for violating the Mann Act even though recordings of conversations between the defendant and an informant were withheld from the defense under Fed.R.Crim.P. 16(d)(1). After reviewing the tapes, the Court of Appeal agreed with the trial court's finding that

there was nothing exculpatory in the tapes and that the cooperator's safety would be compromised if his or her identity were to be revealed. The trial court thus properly withheld the recordings from the defense.

**B.    The court may reasonably withhold evidence that reveals the existence of ongoing investigations**

In United States v. Nava-Salazar, *supra*, the government asked the court to limit disclosure of some of its evidence against drug defendants under Fed.R.Crim.P. Rule 16(d)(1) on the grounds that it was necessary to protect its ongoing investigation and to allow co-conspirators to be apprehended. The Seventh Circuit held that the government's delay in disclosing the additional evidence was a "justifiable, necessary and proper step to protect its investigation" as well as necessary to protect "the life and safety of a number of persons involved." Id. at 801. Thus, the trial court's grant of the government's *ex parte in camera* motion to restrict discovery was not a due process violation. 30 F.3d at 800-01. See also United States v. Killian, *supra*, 639 F.2d at 210-11 (trial court justified in withholding information that, if disclosed, might have interfered with the government's investigation in unrelated case).

**III. The court may review the materials *in camera* in order to determine whether withholding the portions the government seeks to redact would undermine the defense**

In United States v. Hsu, 155 F.3d 189, 206 (3rd Cir.1998), defendants charged with attempted theft of trade secrets sought to discover documents that purportedly contained those secrets. The government then sought and won a protective order withholding the documents from discovery. On appeal, the court found that when protection of portions of a document is necessary, the trial court may appropriately review the requested documents *in camera* before deciding its materiality to the defense. Id. at 205. Cf. Danovaro, *supra*, 877 F.2d at 588 (*in*

camera inspections of omitted evidence "play a legitimate role in the criminal process"). See also

Killian, supra, 639 F.2d at 210 (upholding district judge's limiting of discovery after an in

camera review. "In camera inspection by a district judge," the court found, "[was] a reasonable

procedure and [] protective of the defendant's rights.")

CONCLUSION

The government has provided to defense counsel minimally redacted copies of search

warrant and wiretap affidavits that contain no exculpatory material and, as redacted, are

sufficient to establish probable cause and that a wiretap was an appropriate investigative

technique. The government's reasons for withholding portions of the affidavits are to protect the

identities of its informants and to prevent the disclosure of certain ongoing investigations. The

government has provided un-redacted copies of the materials to the court for its review.

Therefore, the court should therefore issue a protective order pursuant to Fed.R.Crim.P. 16(d)(1).

Respectfully submitted,

Kenneth L. Wainstein
United States Attorney
D.C. Bar No. 451058

_____

John V. Geise
Assistant United States Attorney
D.C. Bar No. 358267
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Room 4126
Washington, D.C.  20530
(202) 616-9156; Fax: 514-8707