UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| **ANTOINE JONES** | : | |

### DEFENDANT JONES' MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully moves the Honorable Court to direct the government to issue a Bill of Particulars. As grounds for this motion, Mr. Jones states as follows:

### FACTS

In addition to charging Mr. Jones as part of a broad narcotics conspiracy, the Second Superseding Indictment also charges Mr. Jones in Counts 2 and 3 with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base. Count 2 refers to an event on May 11, 2004, and Count 3 refers to an event on May 14, 2005. The government has not provided to the defense any discovery concerning these allegations.

### ARGUMENT

Federal Rule of Criminal Procedure 7(f) provides the Court for a means to direct the government to file a bill of particulars. See Fed. R. Crim. P. 7(f). A bill of particulars is appropriate to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against a retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990). Although, it is not the purpose of a bill of particulars to provide for "whole sale discovery of the

government's evidence" <u>United States v. Torres</u>, 901 F.2d 205, 234 (2d. Cir.), <u>cert. denied</u>, 498 U.S. 906 (1990), the government must present a sufficiently detailed indictment, or provide the information in some other form. <u>See</u> <u>Butler</u>, 822 F.2d at 1193.

In this case, the government has provided extensive discovery focusing almost entirely on the cocaine-distribution conspiracy. However, counsel's review of the discovery thus far indicates that there is nothing concerning the allegations in Counts 2 and 3. The only information provided by the government regarding these counts is the language of the indictment itself, which is but a rote recitation of statutory language and provides Mr. Jones with no notice of what he is expected to confront at trial. Thus, all the evidence disclosed thus far has failed to shed light upon what conduct, if any, by Mr. Jones constitutes the crimes alleged in counts 2 and 3. As a result, Mr. Jones cannot be expected to understand the charges or mount a defense.

Mr. Jones requests a bill of particulars setting forth the following: 1) the identity of the co-conspirator with whom he is alleged to have committed the offenses; 2) the specific locations where the alleged offenses took place; 3) a description of the transactions which provide the basis for the allegations; and 4) a disclosure of any evidence related to the alleged offenses.

**WHEREFORE**, for the reasons stated above, and for all other reasons that might become apparent to the Court, Mr. Jones respectfully moves this Court to issue an Order directing the government to provide a Bill of Particulars with respect to counts Two and Three of the Second Superseding indictment.

Dated: Washington, DC
      July 21, 2006                                        Respectfully submitted,

                                        **LAW OFFICE OF A. EDUARDO BALAREZO**

_____
A. Eduardo Balarezo (Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 783-5407 (fax)

*Attorney for Antoine Jones*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 21st day of July 2006, I caused a true and correct copy of the foregoing Defendant Jones' Motion for a Bill of Particulars and Incorporated Memorandum of Points and authorities in Support Thereof to be delivered to the parties in this case via Electronic Case filing.

_____
A. Eduardo Balarezo