UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| **ANTOINE JONES** | : | |

### DEFENDANT JONES' SUPPLEMENTAL OMNIBUS PRE-TRIAL MOTION

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully submits this Supplemental Omnibus Pre-Trial Motion.[1] In support of this motion, Mr. Jones states as follows:

Jones has been charged in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Fifty Grams or More of Cocaine Base (Count 1); Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base (Count 2); Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting (Count 3); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense (Counts 5 -34). The government's general allegation is that Jones was part of a narcotics conspiracy from at least 2003 until October 24, 2005, which spanned from the District of Columbia, Maryland, Texas, North Carolina and elsewhere. In particular, the government alleges that Jones was the primary supplier of cocaine to members of the organization in the District of Columbia and Maryland.

At the June 12 and June 27, 2006, status hearing, the Court directed the defendants each to file one Omnibus Motion addressing all pre-trial issues. Jones filed his first

---

[1] Counsel informed the government of the nature of this motion prior to its filing. The defense's Omnibus Motion was filed on July 12, 2006.

Omnibus pre-Trial Motion on July 12, 2006. Continued review of discovery material revealed further basis for the filing of this Supplemental Motion.

**SPECIFIC MOTIONS**

**X**

**SECOND MOTION TO SUPPRESS EVIDENCE
OBTAINED FROM MOBILE TRACKING DEVICE**

On September 16, 2005, the government applied for an order authorizing the use of an electronic tracking device on Jones' Jeep Cherokee bearing Maryland tag M667480. The government's basis for seeking such an Order was 18 U.S.C. § 3117 and Fed. R. Crim. P. 41. The Honorable Paul L. Friedman issued the requested Order on September 16, 2005, pursuant to the same authority as well as 18 U.S.C. § 3103(a). Relevant to this Motion, the Order directed that the Order "must be executed no later than ten days from the date of the issuance of this Order." (Order at 2; See Exh. 1). Review of discovery, and discussions with the government, indicate that the tracker was placed on Jones' vehicle after the ten days as directed by the court. Additionally, the tracker was placed on Jones' car in Maryland, outside the jurisdiction of the issuing judge.

Jones moves to suppress any evidence obtained through the mobile tracking device installed on his vehicle on the grounds, that government agents installed it after the Order had expired and outside the issuing judge's jurisdiction.

Cases such as Silverman v. United States, 365 U.S. 505, 509-512 (1961) hold that when the government engages in physical intrusion of a constitutionally protected area in order to obtain information, that intrusion may constitute a violation of the Fourth Amendment even if the same information could have been obtained by other means. In this case, Jones had a constitutionally protected expectation of privacy in his Jeep, requiring a judicial approval for the installation of the tracker. The government's placing of the tracker both after the time allowed

3

for in the Court order and outside the jurisdiction of the issuing judge renders the placement of the tracker illegal and must be suppressed.

### A. The tracker was placed after the ten days allowed by the Order

The Order stated that "this Order may be executed at any hour of the day or night and must be executed no later than ten days from the date of issuance of this Order." (Order at 2; Exh. 1). Discovery discloses, and the government must concede, that the tracker was placed on Jones' Jeep on September 27, 2005. The first reading from the tracker, apparently obtained immediately after installation reads "09/27/05 11:56:04 local; 38°54'16"N 76°50'16"W; 0; MD: 9726 APOLLO DR, Lake Arbor, USA_MD." (See Exh. 2). Thus, the tracker was placed eleven days after the Order was issued, in violation of the ten day requirement. Thus, the government violated the terms of the Order and any evidence obtained as a result of using the tracker must be suppressed.

### B. The tracker was placed outside the issuing court's jurisdiction

Section 3117 of Title 18 of the United States Code, states:

> Mobile tracking devices – (a) In general. If a court is empowered to issue a warrant or other order for the installation of a mobile tracking device, such order may authorize the use of that device within the jurisdiction of the court, and outside that jurisdiction <u>if the device is installed in that jurisdiction.</u> . . .

18 U.S.C. § 3117 (emphasis added). On its face, the statute does not allow a judge to issue an order for the placement of a tracker outside of that court's jurisdiction. Furthermore, use of the tracker can be authorized outside the court's jurisdiction only if it was placed in the court's jurisdiction. See Id.; United States v. Gbemisola, 225 F.3d 753, 757 (D.C. Cir. 2000) (D.C. Circuit was inclined to agree that statute does not empower a court to authorize the installation of

4

a tracking device outside its jurisdiction). Additionally, Federal Rule of Criminal Procedure Rule 41(b)(2) states that:

> a magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed.

Fed. R. Crim. P. 41(b).

Here, the government again must concede that the tracker was placed on Jones' Jeep while it was parked at "9726 APOLLO DR, Lake Arbor, USA_MD." Neither the Order nor 18 U.S.C. § 3117 allowed placement of the tracker in Maryland. Additionally, the government made no showing to the issuing judge that the property (the Jeep) was "located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed." In fact, the government's application and affidavit in support of the Order are silent on this particular issue. (See Exh. 3). Thus, on this basis, any evidence obtained after the placing of the tracker must be suppressed.

The government may argue that Gbemisola dictates that the Court deny Jones' motion. However, Gbemisola is inapposite on the facts of this case. In Gbemisola, federal customs agents inspected certain packages at the Memphis port of entry into the United States and discovered narcotics in the packages. The customs agents sent the packages to a customs office in Virginia and installed electronic tracking devices pursuant to a warrant obtained from a magistrate in the District of Columbia. The defendant argued that evidence obtained through the use of an electronic tracker should have been suppressed because the device was installed outside the jurisdiction of the magistrate who issued the warrant.

5

In Gbemisola, the Court of Appeals held that the government did not need a warrant to authorize its conduct because the no warrant was required for the initial opening of the box , as it arrived at the border via international mail.  See Gbemisola, 225 F.3d at 758; 759.  Additionally, the installation of the tracking device in the packages did not require any additional intrusion because the defendant did not have a reasonable expectation of privacy in the mailed packages.  See United States v. Ramsey, 431 U.S. 606, 619 (1977) (holding that neither warrant nor probable cause is required for search of letters sent through international mail).

Unlike, in Gbemisola, Jones did have a reasonable, although lessened, expectation of privacy in his Jeep and when the government seized his vehicle for the purposes of placing the tracker, there was an intrusion for the purposes of the Fourth Amendment.  See United States v. Karo, 468 U.S. 705, 712-13 (1984) (holding that placement of tracker did not violate Fourth Amendment unless a reasonable expectation of privacy was infringed).  That the police may have been able to view Jones' travels in the Jeep with their own eyes is irrelevant here, because the installation of the tracker was constitutionally defective to begin with.  Additionally, the tracker allowed agents to literally follow Jones' every move even when the agents were not physically within sight of Jones.  But for the illegal tracker, the agents would not have been able to do that.

**WHEREFORE**, for the foregoing reasons. Jones respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
       July 23, 2006

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0999

*Counsel for Antoine Jones*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 23rd day of July 2006, I caused a true and correct copy of the foregoing Defendant Jones' Supplemental Omnibus Pre-Trial Motion to be delivered to the parties in this matter via Electronic Case Filing (ECF).

                   _____
                   A. Eduardo Balarezo