# Application, Affidavit and Order relating to the GPS Device

FILED

SEP 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | MISC. NO. 05-0346 |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR AN ORDER AUTHORIZING THE ) | |
| USE OF AN ELECTRONIC TRACKING ) | UNDER SEAL |
| DEVICE IN A GOLD JEEP GRAND CHEROKEE ) | |
| AUTOMOBILE, MARYLAND REGISTRATION ) | |
| NUMBER M667480, VEHICLE IDENTIFICATION ) | |
| NUMBER 1J4GW48S71C683464 ) | |

## EX PARTE APPLICATION FOR ORDER AUTHORIZING
## USE OF AN ELECTRONIC TRACKING DEVICE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, pursuant to the All Writs Act (28 U.S.C. § 1651(a)),[1] 18 U.S.C. § 3117 (Mobile Tracking Devices), and Federal Rule of Criminal Procedure 41, hereby moves for an Order authorizing the use of an Electronic Tracking Device in a Jeep Grand Cherokee, Gold in color, bearing Maryland registration number M667480 and Vehicle Identification Number 1J4GW48S71C683464 (the "subject vehicle"), for a period of ninety days in an investigation of offenses being committed by Antoine Jones and others, using the above-listed subject vehicle, in violation of 21 U.S.C §§ 841 and 846 and 18 U.S.C §§ 1956 and 1957.

We further request that the Order authorize the temporary appropriation and surreptitious entry into the subject vehicle at any hour of the day or night in order to install the electronic tracking device, remove the electronic tracking device, or to make necessary mechanical adjustments should the device need mechanical adjustments or become inoperable.

We further request that the Order authorize the monitoring agents, in the event that the

---

[1] 28 U.S.C. § 1651(a) provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

subject vehicle travels outside the territorial jurisdiction of the Court, to continue to use the electronic tracking device in any jurisdiction.

We further request that the Order authorize that Special Agents of the Federal Bureau of Investigation, and other law enforcement officers, are not required to leave copies of the Court's Order in any premises or vehicle entered due to the covert nature of this installation and investigation.

We further request that this Application, accompanying Affidavit, and the Court's Order be placed under seal until further order of the Court.

POINTS AND AUTHORITIES

**Use of A Mobile Tracking Device.**

In United States v. Knotts, 460 U.S. 276, 281-82 (1983), the Supreme Court held that warrantless monitoring of an electronic tracking device does not violate the Fourth Amendment if it reveals no information that could not have also been obtained through visual surveillance. Monitoring of a device in a private residence to obtain "a critical fact about the interior of the premises"-- information that could not have been observed through physical observation -- however, requires proper judicial authorization. United States v. Karo, 468 U.S. 705, 715-16 (1984); see also United States v. Jones, 31 F.3d 1304, 1310-11 (4th Cir. 1994). In order to obtain judicial approval, it is sufficient if the applicant "describes the object into which the beeper is to be placed, the circumstances that led the agents to wish to install the beeper, and the length of time for which the surveillance is requested." Karo, 468 U.S. at 718.

**Installation of A Mobile Tracking Device.**

Additional Fourth Amendment interests are implicated if the installation of the tracking device requires government intrusion into an area in which an individual has a reasonable expectation of privacy. Jones, 31 F.3d at 1309-11. Search warrant authority, as enumerated in Federal Rule of Procedure 41(b)(2), extends to installing tracking devices on moveable property. See United States v. Gbemisola, 225 F.3d 753, 757 n.2 (D.C. Cir. 2000) And courts may authorize surreptitious entries by agents for the purpose of installing electronic tracking devices. See United States v. Hufford, 539 F.2d 32, 34 (9th Cir. 1979)

Pursuant to Federal Rule of Criminal Procedure 41(e)(2) we are also requesting authority to install the device at any time of the day or night. Due to the surreptitious nature of this investigation, the agents may not be able to install the device during the daytime.

The affidavit of Special Agent Stephanie Yanta of the Federal Bureau of Investigation demonstrates probable cause to believe that the subject vehicle is being used by Antoine Jones to commit further violations of 21 U.S.C §§ 841 and 846 and 18 U.S.C. 1956 and 1957, within and outside the District of Columbia. Consequently, in light of the above authorities, and Fed. R. Crim. P. 41(b)(2), the Court may authorize agents to temporarily appropriate the subject vehicle so that they can surreptitiously enter the subject vehicle to install the device, maintain the device, and remove the device at the conclusion of the investigation. Additionally, 18 U.S.C. § 3117 enables the Court to authorize monitoring of the tracking device both within and outside the District of Columbia.

**Postponement of the Notice Requirement under Fed. R. Crim. P. 41(d).**

Federal Rule of Criminal Procedure 41(c) states that the agent taking property under a warrant must provide a copy of the warrant to the person in charge of the premises or leave a copy at the place from which the property was taken. However, under 18 U.S.C § 3103(a) such notice may be delayed. See also United Stated v. Villegas, 899 F.2d 1324, 1336 (2d Cir. 1990) (holding prior to adoption of § 3103 that "covert entries without contemporaneous notice may be authorized.") There are two reasons why delayed notice is reasonable here: First, the search warrant is not fully executed at installation, and will not be executed until the device is removed and the authorization period has expired. Second, leaving a copy of the warrant at the place searched (i.e. the subject vehicle) would alert Jones to the presence of the device, completely defeating the purpose of the installation and seriously jeopardizing the ongoing investigation.

**Filing Under Seal.**

We ask that this Application, accompanying Affidavit, and the Court's Order be placed under seal. Inasmuch as this request is part of an ongoing covert investigation, disclosure would not only render this request for authority to place tracking devices moot, it would also endanger the other ongoing aspects of this investigation. Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of this Application, the accompanying Affidavit and Order.

WHEREFORE, we request that this Court authorize the placement and monitoring of an electronic tracking device in the subject vehicle.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *[signature]* 9/16/05

John V. Geise
Assistant United States Attorney
D.C. Bar No. 358-267
555 4th Street, N.W., Room 4126
Washington, D.C. 20530
(202) 616-9156

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA            MISC. NO.
FOR AN ORDER AUTHORIZING THE
USE OF AN ELECTRONIC TRACKING            UNDER SEAL
DEVICE IN A 2001 GOLD JEEP CHEROKEE
VEHICLE IDENTIFICATION
NUMBER 1J4GW48S71C683464,
MARYLAND TAG M667480

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING USE OF ELECTRONIC TRACKING DEVICE

I, Stephanie E. Yanta, Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office, Washington, D.C., (hereinafter affiant) being duly sworn, depose and state as follows:

1. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the FBI since March 1998. I am currently assigned to the Safe Streets Task Force, which is tasked with the investigation of violent narcotics traffickers in the District of Columbia and elsewhere. I have previously participated in investigations that led to the arrest and conviction of narcotics dealers. Since 1998, I received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, white collar crimes, search warrant applications, and various other crimes. In the course of my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, and the

organization of drug conspiracies. In the course of conducting these investigations, your affiant has been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short-term and long-term undercover operations, including reverse undercover drug operations; consensual monitoring and recording of both telephonic and non--telephonic communications; analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance; and preparing and executing search warrants which have led to substantial seizures of narcotics, firearms and other contraband.

3. During the past several months I have been involved in the investigation of Antoine JONES. Antoine JONES, a/k/a Antonio JONES, a/k/a/ "TOINE" is a black male, born on February 25, 1960. He is described as 6'2" tall and approximately 220 pounds, with a Social Security Number of 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. JONES resides at 10870 Moore Street, Waldorf, Maryland, with a second address of 12221 Brandywine Road, Brandywine, Maryland. Based upon an investigation by the FBI and Metropolitan Police Department, Washington, D.C., the collecting information from confidential sources as well as the use of other investigative techniques, you affiant believes that JONES is engaging in trafficking substantial quantities of cocaine throughout the greater in the District of Columbia Metropolitan area.

4. Since September 2, 2005, JONES has been the subject of a Title III wire interception, authorized by this Court on that date. Your affiant has read the First Periodic Report Regarding Wire Interceptions, approved by this Court on September 13, 2005, which summarizes some of the telephone activity, and finds it to be true and accurate, and here adopts it as part of this affidavit herein. Your affiant further adopts as part of this affidavit your affiant's affidavit in support of the wire interceptions, dated September 2, 2005.

WHEREFORE it is respectfully requested that the Court authorize the placing and monitoring of electronic surveillance equipment on the 2001 Gold Jeep Cherokee bearing Maryland tag M667480 and allow the agents entry upon private property to install, service and remove the device from the above described automobile.

*[signature]*
STEPHANIE E. YANTA
Special Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED before me this __16th__ day of September, 2005.

*[signature]*
The Honorable Paul L. Friedman
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> USE OF AN ELECTRONIC TRACKING ) <br> DEVICE IN A GOLD JEEP GRAND CHEROKEE ) <br> AUTOMOBILE, MARYLAND REGISTRATION ) <br> NUMBER M667480, VEHICLE IDENTIFICATION ) <br> NUMBER 1J4GW48S71C683464 ) | MISC. NO. 05-0346 <br><br> UNDER SEAL |

### ORDER AUTHORIZING THE INSTALLATION AND USE OF AN ELECTRONIC TRACKING DEVICE

Upon the Application of the United States of America, and the Affidavit of Special Agent Stephanie Yanta of the Federal Bureau of Investigation, and full consideration having been given to the matter, the Court finds as follows:

a. there is probable cause to believe that Antoine Jones and others have committed and are committing violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 1956 and 1957.

b. there is probable cause to believe that the vehicle described in the Affidavit of Special Agent Yanta, described as a Jeep Grand Cherokee, Gold in color, bearing Maryland registration number M667480 and Vehicle Identification Number 1J4GW48S71C683464 (the "subject vehicle") is being used by Jones to facilitate the distribution of controlled substances and related money laundering, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 1956 and 1957.

c. there is reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation pursuant to 18 U.S.C. §§ 3103(a) and 2705(a)(B)(2).

WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41, and 18 U.S.C. §§ 3117 and 3103(a), it is hereby

**ORDERED** that Special Agents of the Federal Bureau of Investigtion, and other authorized officers, are hereby authorized to do the following:

a. Install and operate an electronic tracking device on the subject vehicle during any part of the day or night. The electronic tracking device may be operated and monitored continuously throughout the period of this Order and may be monitored when the subject vehicle is located in a place where there is a reasonable expectation of privacy.

b. Remove the electronic tracking device upon attainment of the objective of the investigation or upon the expiration of this Order, including any extensions, whichever occurs first.

c. The agents and other authorized law enforcement officers are authorized to temporarily appropriate and surreptitiously enter the subject vehicle for the explicit purposes of installing and removing the electronic tracking device, and to temporarily appropriate and surreptitiously reenter the subject vehicle at any time to make mechanical adjustments which may be necessary.

IT IS FURTHER **ORDERED** that this Order may be executed at any hour of the day or night and must be executed no later than ten days from the date of the issuance of this Order.

IT IS FURTHER **ORDERED** that monitoring agents, in the event that the subject vehicle travels outside the territorial jurisdiction of the Court, are allowed to continue to use the electronic tracking device in any jurisdiction.

IT IS FURTHER **ORDERED** that this authorization to operate the electronic tracking device as a physical surveillance aid must terminate when the objective of the investigation is reached or, in any event, at the end of ninety days from the date of this Order, whichever is earlier.

IT IS FURTHER **ORDERED** that the Special Agents of the Federal Bureau of Investigation, and other authorized officers, are not required to leave a copy of this Order in any premises or vehicle entered due to the covert nature of this installation and investigation.

IT IS FURTHER **ORDERED** that notification of the surreptitious entry is delayed for a period of 90 days or until the objectives of the investigation are reached, whichever occurs first.

IT IS FURTHER **ORDERED** that the Application, Affidavit in support thereof, and this Order shall be placed under seal until further order of this Court.

_____
The Honorable Paul L. Friedman
United States District Judge for the District of Columbia

DATED: Sept 16, 2005
Washington, D.C.

3