UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :   Criminal Case No.: 05-CR386(ESH)

    v.       :

ANTOINE JONES    :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to defendant Jones's Motion for a Bill of Particulars.

**Facts**

The final Superseding Indictment in this case charges defendant Jones with thirty-four counts stemming from his role in a broad narcotics conspiracy. The defendant seeks a bill of particulars regarding the charges of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine base contained in Counts two and three, stating that the government has not provided the defense with any discovery concerning these allegations.

In particular the defendant requests a bill of particulars setting forth the following: 1) the specific locations where the alleged offenses took place; 2) a description of the transactions which provide the basis for the allegations; 3) a disclosure of any evidence related to the alleged offenses; and 4) the identity of the co-conspirators with whom defendant Jones is alleged to have committed the offenses.

Count two of the indictment states, "On or about May 11, 2004, in the District of Columbia, Antoine Jones and a coconspirator not indicted herein who is known to the Grand Jury, possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine base, in the form of crack, a schedule II narcotic drug controlled substance, and the amount of said mixture or substance was 50 grams or more." Superceding Indictment at 21. Count three states, "On or about October 14, 2005, in the District of Columbia, Antoine Jones and a coconspirator not indicted herein, possessed with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance." Second Superceding Indictment at 21.

**A Bill of Particulars is Not a Forum for Discovery**

The essence of the defendant's motion is that the government has not provided any discovery concerning the allegations contained in Counts 2 and 3. However, it is well recognized that the function of a bill of particulars is not to obtain a disclosure of the evidence or witnesses to be offered by the government at trial. See United States v. Brodie, 326 F.Supp.2d 83, 91 (D.D.C. 2004) ("It bears noting that '[i]t is not the function of a bill of particulars to provide detailed disclosures of the government's evidence in advance of trial'...Nor is the purpose of a bill of particulars to provide for 'whole sale discovery of the government's evidence.") (citing Overton v. United States, 403 F.2d 444, 446(5th Cir. 1968) and United States v. Edlin, 118 F. Supp.2d 36 (D.D.C. 2000)); United States v. Ramirez, 54 F. Supp.2d 25, 33 (D.D.C. 1999)("[T]he government is not required to 'deliver [its] entire file to defense counsel, but only to disclose evidence favorable to the accused that if suppressed, would deprive the defendant of a fair trial.'") (quoting United States v. Bagley, 473 U.S. 667, 675 (1985)).  The purpose of a bill of particulars is  to minimize surprise, enable the movant to obtain such ultimate facts as are

needed to prepare his defense, and permit the movant to successfully plead double jeopardy if he should be prosecuted later for the same offense. See United States v. Espy, 989 F. Supp. 17, 34 (D.D.C. 1997); United States v. Butler, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987);

**The Indictment is Sufficient Regarding Locations, Transactions, and Evidence**

The language in the indictment contains the elements of the crimes of Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base and Unlawful Possession with intent to Distribute and Aiding and Abetting, the fact that the offenses occurred in the District of Columbia, the approximate dates on which the offenses occurred, and the nature of the violations.  This is sufficient for the preparation of a defense, and defendant Jones is entitled to no more concerning his request for information related to the specific locations, transactions and evidence alleged by the prosecution. See United States v. Ramirez, 54 F.Supp.2d 25, 30-31 (D.D.C. 1999) (holding "defendant's are not entitled to a bill of particulars in 'run-of-the mill' narcotics charges as to which the defendants are adequately informed by the indictment itself of the date of the conduct and the conduct alleged").

**The Defense Does Not Meet Its Burden to Obtain the Identities of Co-Conspirators**

Defendant's request that the government identify the co-conspirators with whom defendant Jones is alleged to have committed the offenses is governed by Rovario v. United States, 353 U.S. 53 (1957), and is addressed in the Government's Omnibus Motions Response.

**Conclusion**

The indictment, provided to defense counsel, is sufficient to place the defendant on notice of the crimes with which he is charged, to allow preparation of the defense, and to avoid

surprise at trial and the government is under no obligation to disclose the identities of cooperating co-conspirators.

WHEREFORE, the government respectfully requests that the Court deny the defendant's Motion for a Bill of Particulars.

Respectfully submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY


By:_____

JOHN V. GEISE
Assistant United States Attorney
D.C. Bar No. 358-267
555 4th St. N.W. Room 4126
Washington, D.C. 20530
(202) 616-9156


By: _____

RACHEL CALSON LIEBER
Assistant United States Attorney
D.C. Bar No. 456-491
555 4th St. N.W. Room 4820
Washington, D.C. 20530
(202) 353-8055