UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

**DEFENDANT JONES' MOTION TO DISMISS INDICTMENT**

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 6(g), hereby respectfully moves the Court to dismiss the Third Superseding Indictment filed in this case. In support of this motion, Mr. Jones states as follows:

**FACTS**

Jones has been charged in the Third Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Fifty Grams or More of Cocaine Base (Count 1); Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base (Count 2); Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting (Count 3); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense (Counts 5 -34). The government's general allegation is that Jones was part of a narcotics conspiracy from at least 2003 until October 24, 2005, which spanned from the District of Columbia, Maryland, Texas, North Carolina and elsewhere. In particular, the government alleges that Jones was the primary supplier of cocaine to members of the organization in the District of Columbia and Maryland.

The Grand Jury that returned the Third Superseding Indictment was impaneled on September 30, 2004. It returned the First Indictment on September 25, 2005. The First

Superseding indictment was returned that same day. The Grand Jury returned a Second Superseding Indictment on March 16, 2005. Finally, the Third Superseding Indictment was returned on June 27, 2005.[1]

## ARGUMENT

Rule 6(g) of the Federal Rules of Criminal Procedure states that

> A grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service. An extension may be granted for no more than 6 months, except as otherwise provided by statute.

Fed. R. Crim. P. 6(g). By statute a special grand jury serves for a term of eighteen months "unless an order for its discharge is entered earlier by the court." 18 U.S.C. § 3331(a). If, at the end of such term or any extension thereof, the district court determines the business of the grand jury has not been completed, the court may enter an order extending such term for an additional period of six months. No special grand jury term so extended shall exceed thirty-six months, except as provided in 18 U.S.C. § 3333(e).

In *United States v. Macklin*, 523 F.2d 193, 195-196 (2d Cir. 1975), the Second Circuit held that an indictment handed down by an expired grand jury was invalid, and that the convicting court lacked jurisdiction to accept defendant's plea of guilt. In *United States v. Bolton*, 893 F.2d 894, 895, 899 (7th Cir. 1990), the Seventh Circuit dismissed an indictment issued by a special grand jury after finding that its term had not been extended properly. *See also United States v. Fein*, 504 F.2d 1170, 1180 (2d Cir. 1974) (affirming dismissal of an indictment because the term of the grand jury that returned it had not been extended properly).

Here, the grand jury was impaneled on September 30, 2004, and its 18 month term expired on March 30, 2006. On the face of the indictment filed with the Court, the Third

---

[1] The substantive differences between the Second and Third Superseding Indictments is that the Third added counts 5 – 34 (Use of a Communication Facility to Facilitate a Drug Trafficking Offense) and a Forfeiture Allegation.

Superseding Indictment was returned on June 27, 2006, approximately three months after the grand jury expiration. At no time has the government provided any evidence that the term of the grand jury was extended, nor why any extension was in the public interest. At the very least, the grand jury's ministerial records, including dates of grand jury empanelment and extension must be disclosed to determine whether the grand jury was properly in existence when it returned the superseding indictment. *See In re Grand Jury Investigation*, 903 F.2d 180 (3rd Cir. 1990) (observing that disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room, does not violate the freedom and integrity of the deliberative process of the grand jurors, and accords with the general right of access to court record).

**WHEREFORE**, for the foregoing reasons Jones respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
September 28, 2006                                    Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**


By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Counsel for Antoine Jones*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September 2006, I caused a true and correct copy of the foregoing Defendant Jones' Motion to Dismiss Indictment to be delivered to the parties in this matter via Electronic Case Filing (ECF).

_____
A. Eduardo Balarezo