UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 05-CR-386(1) (ESH) |
| : | |
| ANTOINE JONES : | |

**DEFENDANT JONES' REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 6(g), hereby respectfully moves the Court to dismiss the Third Superseding Indictment filed in this case. In support of this motion, Jones states as follows:

**FACTS**

Jones has previously filed a Motion to Dismiss alleging that the Third Superseding Indictment was returned after the term of the grand jury has expired. The specific details are set forth in Defendant's Motion to Dismiss Indictment (Document # 192) and will not be repeated herein.

The government opposes Jones' motion on the grounds that "[s]hortly before the grand jury expired, the United States Attorney's Office petitioned Chief Judge Thomas F. Hogan for permission to extend Grand Jury 04-1 until September 30, 2006.[1] The *Jones* investigation was erroneously omitted from that written request." The government further states that On February 27, 2006, Chief Judge ordered the grand jury extended. Presumably, the grand jury continued to investigate the *Jones* case after this extension even though Chief Judge Hogan never

---

[1] In its filing listed as Document # 195, the government incorrectly stated the date as September 30, 2004. It corrected that mistake in a subsequent filing (Document # 196) to reflect the correct date of September 30, 2006.

authorized the grand jury to hear evidence in the *Jones* case. It was not until after almost four months had passed, that on June 21, 2006, the government finally realized its error and requested to add the *Jones* case to the extension order. Apparently the Chief Judge granted the governments request to extend the grand jury for the *Jones* case through September 30, 2006. Although the government does not specifically state it, it is presumed that the Chief Judge's extension order was *nunc pro tunc* to March 30, 2006, the original expiration date.

"[T]he judicial power to correct errors must be sharply restricted and based upon clear recollections excluding any considerations arising after the event." *See Wax v. Motley*, 510 F.2d 318, 321 (2nd Cir. 1975). *See, e.g., United States v. Smith,* 669 F. Supp. 177, 180 (N.D. Ill. 1987), *aff'd,* 869 F.2d 348 (7th Cir.1989) (A nunc pro tunc order "cannot act as a substitute for an extension order never entered."); *see also United States v. Gillespie,* 666 F. Supp. 1137, 1139 (N.D. Ill.1987) (*nunc pro tunc* "orders are only a means for regularizing, as a matter of record, court orders that were *in fact* entered in the past but that, due to some clerical oversight, did not find their way onto the docket or other appropriate court record.") (emphasis in original).

Here, although the grand jury's term was extended, the *Jones* case never included in the extension and entered in the record. Further, that the *Jones* case was not included in the original extension order was not the result of a "clerical oversight" but rather the government's own negligence. "To make a *nunc pro tunc* order effectual for [purpose of a *supersedeas*], it must appear that the delay was the act of the court and not of the parties, and that injustice will not be done." *Sage v. Central R. Co. of Iowa*, 93 U.S. 412, 418 (1876).

**WHEREFORE**, for the foregoing reasons Jones respectfully requests that his Motion to Dismiss the Indictment be **GRANTED**.

Dated: Washington, DC
      October 5, 2006                     Respectfully submitted,

                                           **LAW OFFICE OF A. EDUARDO BALAREZO**


                                      By: _____
                                          A. Eduardo Balarezo (Bar # 462659)
                                          400 Fifth Street, NW
                                          Suite 300
                                          Washington, DC  20001
                                          (202) 639-0999

                                          *Counsel for Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October 2006, I caused a true and correct copy of the foregoing Defendant Jones' Reply to Government's Opposition to Defendant's Motion to Dismiss Indictment to be delivered to the parties in this matter via Electronic Case Filing (ECF).

_____
A. Eduardo Balarezo