UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1)(ESH) |
| | : | |
| ANTOINE JONES | | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REPLY TO GOVERNMENT'S
OPPOSITION TO HIS MOTION TO DISMISS INDICTMENT**

The government, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully continues to oppose the defendant's motion to dismiss the indictment. In support of this opposition, the government relies on the following points and authorities, which we offer in response to the latest arguments the defendant makes in his October 5, 2006, reply to our opposition to his motion to dismiss the indictment. We incorporate by reference and rely upon the facts presented in our opposition filed October 5, 2006.

**ARGUMENT**

As the 18-month term of Grand Jury 04-1 was drawing to a close, the United States Attorney's Office alerted the Chief Judge that there were a number of investigations that were ongoing, and requested that the grand jury be extended for an additional six months, to September 30, 2006. Prior to the grand jury's expiration, the Chief Judge granted the government's request, finding that such an extension was in the public interest. This process fully complied with the requirements of Rule 6(g) of the Federal Rule of Criminal Procedure. Indeed, the defendant does not challenge this extension.

Instead, the defendant seems to challenge the fact that his case was not among those contemplated by the Chief Judge in his February 27, 2006, Order extended Grand Jury 04-1 for an additional six months. This argument fails for several reasons. First, Rule 6(g) by its plain

language does not contemplate a "limited extension" of the grand jury. It says simply that "the grand jury's service" may be extended for no more than six months, if the Court determines such an extension to be in the "public interest." The Rule does not require a parsing of which investigations may be continued and which may not. That the government requested out of an abundance of caution, and the Chief Judge granted, this later request to "add" the Jones case, does not change tenets of this governing rule. The grand jury was lawfully extended by order of the Chief Judge, and thus the June 27, 2006, superseding indictment of Jones was lawful.[1]

Further, the whole purpose of this extension provision is to "make it possible for a grand jury to have sufficient extra time to wind up an investigation when, for example, such extension becomes necessary because of the unusual nature of the case or unforseen developments." Fed. R. Crim. P. 6(g), Advisory Committee Notes to 1983 Amendments. To interpret the rule to prevent a lawfully extended grand jury from continuing to investigate a case in which they have already invested a substantial period of time would lead to the very result that the 1983 amendment to the Rule, allowing such extensions, was designed to prevent: "wastage of a significant amount of time and resources by the necessity of presenting the case once again to a successor grand jury simply because the matter could not be concluded before the term of the first grand jury expired." Id.[2]

---

[1] No evidence was presented to Grand Jury 04-1 after February 30, 2006, until the Chief Judge issued his June 21, 2006 Order authorizing the Jones case for continued presentment.

[2] It bears mention that Rule 6(g) was amended to allow such extensions in the public interest *in respose to* one of the very cases that the defendant cites, United States v. Fein, 504 F.2d 1170 (2d Cir. 1974), in which the Court upheld the dismissal of an indictment returned nine days after the expiration of the 18-month period, but during an attempted extension. Defendant's *nunc pro tunc* argument, and cases cited in support thereof, are similarly inapposite,

Finally, as the 1944 Amendments to Rule 6(g) make plain, a lawfully extended grand jury may consider even wholly new matters. See Advisory Committee Notes to 1944 Amendments ("[t]he elimination of the requirement that at an extended period, the grand jury may continue only investigations previously commenced, will obviate such a controversy as was presented in United States v. Johnson, 319 U.S. 503"); see also United States v. Guzman, 1991 WL 1704, 1706 (N.D.Ill 1991). To allow a grand jury to consider wholly new matters, but not the completion of existing matters that were not specifically authorized by the Chief Judge at the time of the grand jury's extension – the defendant's claimed infraction here – would produce an absurd result clearly not contemplated by the Rule.

WHEREFORE, the United States respectfully requests that the Defendant's Motion to Dismiss the Indictment be DENIED.

Respectfully submitted,

_____
Jeffrey Taylor
United States Attorney
DC Bar No. 498-610


_____
Rachel Carlson Lieber
Assistant United States Attorney
DC Bar No. 456-491
555 4th Street, N.W., Room 4820
Washington, DC 20530
(202) 353-8055
Rachel.lieber@usdoj.gov

---

as they do not address situations where the extension of a grand jury was concededly valid.