UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

## DEFENDANT JONES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF I.C.E. INVESTIGATION

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully moves this Honorable Court for an Order barring the government from introducing evidence relating to an investigation by the Immigration and Customs Enforcement Agency ("ICE") at the trial of this case. In support of this motion, undersigned counsel states as follows:

### FACTS

Jones has been charged in the Third Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Fifty Grams or More of Cocaine Base (Count 1); Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base (Count 2); Unlawful Possession with Intent to Distribute Cocaine and Aiding and Abetting (Count 3); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense (Counts 5 -34). The government's general allegation is that Jones was part of a narcotics conspiracy from at least 2003 until October 24, 2005, which spanned from the District of Columbia, Maryland, Texas, North Carolina and elsewhere. In particular, the government alleges that Jones was the primary supplier of cocaine to members of the organization in the District of Columbia and Maryland.

In February 2004, ICE began an investigation into alleged narcotics trafficking by several Hispanic individuals in Maryland. From this investigation, the government allegedly learned that some Hispanic males at some point were present at 9719 Summit Circle, Largo, MD and that Jones leased that apartment. A stakeout of the apartment led to the viewing of a black Cadillac registered to Jones pick up one of the males and drive him to BWI – Jones himself was never seen. The government also learned that some Hispanic males at some point were present at 8550 Myrtle Avenue, Bowie, MD that was leased by Lawrence Maynard. Finally, the investigation also revealed that Jones leased a warehouse at 400 Hampton Park, Capital Heights, MD. From a review of the discovery provided, the government never made any arrests in relation to that investigation and never seized any cash or drugs. In fact, government agents were able to enter 8550 Myrtle Avenue, 400 Hampton Park and obtained information from a maintenance man at 9719 Summit Circle, all without any seizures of any evidence of illegal activity by Mr. Jones.

## ARGUMENT

I. **EVIDENCE FROM THE ICE INVESTIGATION IS NOT RELEVANT**

"Relevant Evidence" means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.

In this case, all the government has is suspicions. The government can present no admissible evidence that the Hispanic males and Jones and Maynard were involved in rug-trafficking in relation to the locations or activities at Summit Circle, Myrtle Avenue or Hampton Park. That Jones and Maynard may have associated with Hispanic males by itself is innocuous

conduct that does not lend itself to criminal activity. Without more, any evidence obtained from the ICE investigation is simply not relevant and should be excluded.

### II.  EVEN IF RELEVANT, EVIDENCE FROM THE ICE INVESTIGATION IS HIGHT PREJUDICIAL

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Again, if evidence of the ICE investigation is presented to the jury, it would invite the jury to speculate as to whether Jones was involved in criminal activity and, coupled with other evidence to be presented, will mislead the jury.  Additionally, presentation of such evidence would be unfairly prejudicial because it would amount to propensity evidence even though there is no actual evidence of other bad acts by Jones as they relate to the ICE investigation.

**WHEREFORE**, for all the foregoing reasons, and any others that may appear to the Court, Jones respectfully requests that his motion be Granted.

Dated: Washington, DC
October 14, 2006                                  Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October 2006, I caused a true and correct copy of the foregoing Defendant's Motion in Limine to Exclude Evidence of I.C.E. Investigation to be delivered to the parties in this matter via Electronic Case Filing.

_____
A. Eduardo Balarezo