UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,   )
)
)
)
v.   )   Criminal No. 05-0386 (ESH)
)
ANTOINE JONES, *et al.*,   )
)
Defendants.   )
)

## MEMORANDUM OPINION AND ORDER

Based on their alleged participation in a narcotics distribution conspiracy, defendants have been charged with violating 21 U.S.C. §§ 841, 843, 846, 853 and 18 U.S.C. §§ 2 and 924. Defendant Antoine Jones has filed a motion to dismiss the "Third Superseding Indictment," and the government has filed an opposition. Having considered the parties' arguments, the Court will deny defendant's motion.

### BACKGROUND

The grand jury that returned the Third Superseding Indictment was impaneled on September 30, 2004. The grand jury returned both its initial Indictment and its First Superseding Indictment on October 25, 2005. A Second Superseding Indictment was returned on March 16, 2006. Finally, the Third Superseding Indictment was returned on June 27, 2006.

### ANALYSIS

Defendant moves to dismiss the Third Superseding Indictment on the ground that it was filed more than eighteen months after the date on which the grand jury was impaneled.

As the parties agree, the term of a grand jury expires automatically after eighteen months. Fed. R. Crim. P. 6(g). An indictment returned by a grand jury whose term has expired is invalid.

*E.g.*, *United States v. Macklin*, 523 F.2d 193, 195 (2d Cir. 1975). However, when it is in the public interest for a grand jury's term to extend beyond eighteen months, a court may extend the grand jury's service for up to six months. Fed. R. Crim. P. 6(g).

Here, the grand jury returned the Third Superseding Indictment almost three months after its original term of service was set to expire. Defendant is therefore correct that, unless the government procured an extension of the grand jury's term before the term expired, the Third Superseding Indictment is invalid. The government has submitted evidence, however, that on February 27, 2006, Chief Judge Thomas F. Hogan of this Court extended the grand jury's term until September 30, 2006. Accordingly, the Third Superseding Indictment was returned well within the grand jury's extended term of service, and it therefore is valid. *See United States v. Eiland*, 2005 WL 3211808, at *5 (D.D.C. Oct. 26, 2005) (relying on the government's representation that it had obtained a six-month extension of the grand jury's original term to uphold an indictment returned within the extension period).

Defendant attempts to dissuade the Court from this conclusion by emphasizing that, when the government asked Chief Judge Hogan for an extension of the grand jury's term, it failed to list *Jones* as a case warranting the grand jury's continued service. Not until June 21, 2006, months after the scheduled end of the grand jury's original term, did Chief Judge Hogan issue an order adding *Jones* to the list of investigations that could continue during the grand jury's extended term.

Defendant cites no authority, and this Court has found none, supporting an argument that an indictment returned during a grand jury's lawfully extended term is invalid unless the court's initial extension order expressly identified the defendant's case as a reason for ordering the

extension. To the contrary, as the government correctly argues, the plain language Rule 6(g) supports that a court-ordered extension of a grand jury's term is not limited to particular investigations: rather than requiring the government to identify ongoing investigations when seeking an extension, the rule provides that a grand jury's term may be extended for up to six months whenever the court deems such an extension "in the public interest." Fed. R. Crim. P. 6(g).

Consistent with the plain language of Rule 6(g), the Advisory Committee notes suggest the extension of a grand jury's term is not case-specific. A note to the 1983 amendments, for example, states that the purpose of allowing the six-month extension of a grand jury's term is to "make it possible for [the] grand jury to have sufficient extra time to wind up an investigation when, for example, such extension becomes necessary because of the unusual nature of the case *or unforseen developments*." Fed. R. Crim. P. 6(g) advisory committee's note to 1983 amendments (Rule 6(g)) (emphasis added). Interpreting Rule 6(g) to prevent a lawfully extended grand jury from continuing to investigate a case in which it has already invested a substantial period of time would lead to the very result that the 1983 amendments were designed to prevent: the "wastage of a significant amount of time and resources by the necessity of presenting the case once again to a successor grand jury simply because the matter could not be concluded before the term of the first grand jury expired." *Id.* In addition, as the Advisory Committee notes to the 1944 adoption of Rule 6 make plain, a lawfully extended grand jury may consider wholly new matters. Fed. R. Crim. P. 6 advisory committee's notes to 1944 adoption (Rule 6(g)) (discussing "the elimination of the requirement that [during] an extended period the grand jury may continue only investigations previously commenced"). Allowing a grand jury to consider wholly new

3

matters during its extended term, but not to complete the investigation of existing matters unless specifically authorized to do so, would produce a peculiar result not contemplated by the rule.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Indictment [#192] is hereby **DENIED**.

*/s/ Ellen S Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

October 11, 2006