Furthermore, a simple buyer-seller relationship alone does not make out a conspiracy. A buyer-seller relationship, however, may be sufficient if it's coupled with other evidence indicating a common purpose, such as an ongoing or continuing relationship, multiple sales, sales on credit or fronting, an awareness that the drugs purchased by the buyer are to be resold, or knowledge of a broader illegal venture. There can be no conspiracy if the only person the defendant conspires with is a government agent. Additionally, where the quantity involved is sufficiently large, an inference may be drawn that an implicit agreement exists for one defendant to supply another defendant with narcotics for resale on an ongoing basis.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant. You must, of course, first determine whether the government has proved beyond a reasonable doubt that the conspiracy existed.

What you must determine is whether the single conspiracy as charged in Count One existed between two or more conspirators. If you find that no such conspiracy existed, you must acquit the defendants of this charge. If, however, you find that the government has proven beyond a reasonable doubt that the defendants were involved at any point during the period charged in the indictment in an integrated, ongoing, common effort to distribute controlled substances, then you may find them guilty of the single conspiracy charged in Count One.

In making this determination, you should consider whether the conspirators share a common goal, such as to possess and distribute narcotics for profit; to enrich the members of the conspiracy; to create, maintain and control a market place for the distribution of controlled substances; to enforce discipline among members of the conspiracy; to collect monies owed to members of the conspiracy; to protect the conspiracy and its members from detection, apprehension and prosecution by law enforcement; to prevent and retaliate against acts of violence perpetrated against members of the conspiracy; and to promote and enhance the reputation and standing of the conspiracy and its members. You may also consider the extent to which members of the conspiracy depended on one another to accomplish the goal of narcotics distribution, the overlap of participants in the various operations of the conspiracy, and the quality, frequency, and duration of each conspirator's transactions.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel or activities, or both, so long as you find that two or more persons continued to act for the entire duration of the conspiracy for the purposes charged in the indictment. The fact that the members of a conspiracy are not always the same does not necessarily imply that separate conspiracies exist. *If you find that a single conspiracy existed, you will be obliged to consider the agency relationship among coconspirators. This is a concept you will encounter throughout much of your deliberations, as later instructions will demonstrate. Briefly stated, however, a member of a conspiracy who commits another crime during the existence or life of the conspiracy, and who commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy, may be found by you to be acting as the agent of the other members of the conspiracy if the other crime is reasonably foreseeable and in furtherance of the*

*conspiracy. The illegal actions of this person in committing this other crime may be attributed to others who are then members of the conspiracy. Therefore, a defendant may be found guilty of this other crime even though he did not participate directly in the acts constituting that offense or was not present at its commission. In this connection, I refer you to the court's instruction Number 38 on vicarious liability.*

You also may consider even non-criminal acts and the statements of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all.

Drug Quantity

Finally, as I told you earlier, the government is required to prove beyond a reasonable doubt, with respect to any defendant found guilty of Count One, a threshold amount, if any, of controlled substances involved in the conspiracy and the amount, if any is so alleged, of controlled substances for which each defendant is responsible. On these issues, you will have to record your findings. First, with respect to each defendant you must unanimously agree which, if any, one or more of the specified controlled substances -- that is, PCP (phencylclidine), cocaine base, also known as crack; and ecstacy, also known as MDA or MDMA -- was involved in the conspiracy.

Second, with respect to any defendant for whom you return a guilty verdict on Count One, you must make a determination as to the quantity, if any, of the controlled substance for