# JURY INSTRUCTION NO. 21

## UNTRUTHFUL TESTIMONY AT TRIAL

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

# JURY INSTRUCTION NO. 16

# BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof. Each and every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the guilt of each and every defendant on each and every offense charged in the indictment beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty. If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find that defendant guilty.

# JURY INSTRUCTION NO. 8

## COMMUNICATIONS AMONG DEFENDANTS' COUNSEL
## AND DUTY OF DEFENSE COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel. Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not take any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, it's natural for defense counsel to cooperate and consult with one another. These circumstances do not mean that you should regard the defendants as one person or entity. Each defendant is entitled to your separate consideration. It is the duty of an attorney representing a defendant in a criminal case to investigate the facts of the charges against his or her client to the fullest extent possible. Such investigation properly includes locating, interviewing and taking statements from potential witnesses, either for or against the defendant.

## DEFENDANTS' THEORIES OF THE CASE

(None submitted at this time. Do not read.)

## ALL DEFENDANTS

As to all Defendants, I charge you that you should consider their theory of the case with respect to each count in the indictment. If the defendant's theory of the case causes you to have a reasonable doubt as to any or all counts charged against that defendant, then you must return a verdict of not guilty on that count or counts. If, however, having considered all the evidence in the case and the instructions on the law, you are satisfied that the guilt of the defendant has been proven beyond a reasonable doubt with respect to any count or counts, then it is your duty to return a verdict of guilty with respect to that count or counts.

## FEDERAL SENTENCING GUIDELINES

The Federal Sentencing Guidelines provide detailed rules which the court may apply in sentencing in federal criminal cases. In order to aid your understanding the testimony of certain witnesses and the specific provisions of their plea agreements, I will instruct you now as to some of the provisions which govern sentencing in federal criminal cases:

Federal sentencing guidelines are advisory to the court only and may be considered by the court in imposing an appropriate sentence. If the government files a motion seeking a sentencing departure pursuant to section 5K1.1 of the Guidelines on behalf of a cooperating witness, and if the judge grants such a motion, the sentencing judge may, but is not required, to select a lower guideline range to apply at sentence the defendant without regard to Guideline provisions which would otherwise be applicable.

Similarly, if the Government files a sentencing departure motion pursuant to the provisions of 18 U.S.C. §3553(e), supporting the substantial assistance to law enforcement provided by a cooperating defendant/witness, and the court grants such a motion, then the sentencing judge may impose a sentence below any statutory mandatory minimum sentence otherwise applicable.

## MEDIA REPORTS

I instructed you earlier during this trial that you are to ignore any reports in the newspaper or on radio or television concerning this case. While you deliberate, there may be reports in the newspaper or on radio or television relating to this case. Again, as I instructed you earlier, please make sure you do not read, listen to, or watch any of the reports. You must decide this case solely on the evidence presented in this courtroom. You must consider only evidence that meets certain standards in reaching your verdict. For example, a witness may testify about events he himself has seen or heard, but, except as I have held to be admissible as an exception to the hearsay rule, he generally may not testify about matters that others have told him about. Also, witnesses must be sworn to tell the truth and must be subject to cross-examination. News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case and to which the other side is unable to respond. Therefore, you must completely disregard any press, television, or radio reports that you may read, see, or hear. Such reports are not evidence and you should not be influenced in any manner whatever by such publicity.

## JURY INSTRUCTION NO. 31

### IMPERMISSIBLE TO INFER PARTICIPATION
### FROM MERE PRESENCE OR ASSOCIATION

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed. Likewise, you may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a family member of, or lived with other people who were guilty of wrongdoing.

# JURY INSTRUCTION NO. 19

## NUMBER OF WITNESSES [2.13]

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe. It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

# JURY INSTRUCTION NO. 20

## EVALUATION OF PRIOR CONSISTENT
## AND INCONSISTENT STATEMENTS [1.10-1.11]

The testimony of a witness may be discredited or impeached by showing that the witness has previously made statements that are inconsistent with his present testimony. Such prior statements have been admitted into, and may be considered by you, as evidence. Should you find the prior statements to be inconsistent -- and whether the statements are inconsistent is a matter for you to judge -- you may consider such statements in connection with your evaluation of the truth of the witness's present testimony in court. Prior statements that omit details covered at trial are inconsistent if it would have been "natural" for the witness to include them in the earlier statement.

Where the testimony of a witness at trial is inconsistent with a prior statement of the witness, and that prior statement was given under oath subject to the penalty of perjury at another trial or at a hearing, deposition, or other proceeding, you may consider the prior statement both in evaluating the credibility of the witness at trial, and as evidence of any fact contained in the prior statement. Should you find the prior statement to be inconsistent with the witness' testimony, you may consider the statement in determining what credence is to be given to the witness's present testimony in court. Should you find the prior statement to be truthful, you may consider it as evidence in this case.

The testimony of a witness may be rehabilitated or supported by showing that the witness has previously made statements that are consistent with his present testimony. The prior statements are admitted into evidence both for your consideration in evaluating the credibility of the witness and as evidence in this case. If you find the prior statements to be consistent, you may consider such statements both in evaluating the credence to be given to the witness' present testimony in court and

as evidence in this case.

# JURY INSTRUCTION NO. 4

**CONSIDER EACH COUNT AND EACH DEFENDANT SEPARATELY [2.52]**

    A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense and the evidence pertaining to it should be considered and decided separately. The fact that you may find one or more of the accused guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged, except as I may otherwise instruct you.

# JURY INSTRUCTION NO. 96

## SUMMARY CHARTS AND EXHIBITS

Charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are based upon testimony and evidence and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

# JURY INSTRUCTION NO. 10

## EVIDENCE OF ACTS NOT CHARGED IN INDICTMENT

You have heard testimony of criminal acts purportedly committed by one or more of the defendants with which they are not formally charged in the indictment. That evidence was admitted for various collateral purposes, such as to show the relationship between the defendants and others involved in their activities, or to show motive, opportunity, intent, preparation, planning, knowledge, identity or absence of mistake or accident with respect to those crimes with which a defendant is actually charged here.

You are instructed that if you find that a defendant did engage in criminal activity not charged to him here, you are not to draw an inference from such a finding that the defendant is a person of bad character and that he must therefore be guilty of the crimes with which he is charged.

In other words, the fact that a defendant broke the law on other occasions is not by itself evidence that he committed any offense for which he is now on trial.