UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 05-CR-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

**MOTION TO EXCLUDE EVIDENCE RELATED TO PRIOR ACQUITTED CONDUCT AND TO STRIKE OVERT ACTS FROM THE INDICTMENT**

Defendant Antoine Jones ("Jones"), by and through undersigned counsel, respectfully moves this Honorable Court pursuant to the Fifth Amendment of the United States Constitution and the doctrine of collateral estoppel, to exclude evidence and strike overt acts in the superseding indictment that relate to conduct for which a prior jury acquitted Jones. In support of this motion Jones states as follows:

**FACTS**

1. Beginning October 6, 2006, Jones was tried on a thirty-four count superseding indictment alleging a wide ranging narcotics conspiracy involving Jones and others. Specific to this motion, the jury acquitted Jones on counts 6, 7, 9, 11, 12, 13, 16, 17, 19, 22, 23, 26, 28, 31, 32, 33 and 34, all alleging violations of 21 U.S.C. § 843(b) (Use of a Communication Facility). The Court declared a mistrial as to the remaining charges against Jones.

2. On March 21, 2007, the government filed a superseding indictment charging Jones and six other co-defendants with participating in a narcotics conspiracy. In its litany of overt acts, the government includes many of the acts for which Jones was acquitted at trial. Specifically:

    a.    new overt act 39 (acquitted count 6)

  b.  new over act 70 (acquitted count 11)

  c.  new overt act 71 (acquitted count 12)

  d.  new overt act 83 (acquitted count 16)

  e.  new overt act 84 (acquitted count 17)

  f.  new overt act 102 (acquitted count 22)

  g.  new overt act 103 (acquitted count 23)

  h.  new overt act 114 (acquitted count 26)

  i.  new overt act 133 (acquitted count 31)

  j.  new overt act 134 (acquitted count 32)

  k.  new overt act 139 (acquitted count 34)

Simply put, the government is seeking to introduce evidence at trial of alleged offenses that a prior jury soundly rejected and acquitted Jones.

## ARGUMENT

  3. "'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in *United States v. Oppenheimer*, 242 U.S. 85 (1916)." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Thus, the government is barred from retrying the defendant under the doctrine of collateral estoppel as a component of the double jeopardy clause of the Fifth Amendment. "If a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge . . .

must be reviewable before that subsequent exposure occurs."[1] *Abney v. United States*, 431 U.S. 651, 661 (1977); *see also Hall v United States*, 150 U.S. 76 (1893).

    4.    Only issues that the previous jury *did not determine* can be relitigated. Under *Ashe*, the range of possibilities for what the previous jury must have determined is restricted to facts that were in dispute in the first trial. If a fact was not disputed at the first trial, it is impermissible to speculate that the jury's decision was based such an undisputed fact. *See Ashe*, 397 U.S. at 444 n.9 ("If a later court is permitted to state that the jury may have disbelieved substantial and uncontradicted evidence of the prosecution on a point the defendant did not contest, the possible multiplicity of prosecutions is staggering. . . . In fact, such a restrictive definition of 'determined' amounts simply to a rejection of collateral estoppel.").

    5.    The law in this Circuit is expressed in *United States v. Lukens*, 114 F.3d 1220 (D.C. Cir. 1997), which dealt with a prosecution of a congressman for bribery. In that case, Lukens was charged with conspiracy to accept bribes (count 1); accepting bribes (counts 2 through 5). A jury acquitted Lukens of counts 3, 4 and 5 and could not reach a verdict on counts 1 and 2. The government retried Lukens on counts 1 and 2 and introduced evidence relating to the acquitted counts as overt acts in furtherance of the conspiracy. Lukens argued that when the first jury acquitted him of Counts 3 through 5 it "actually decided" that he had not conspired to accept bribes in June, August, and September 1990 and that the government should have been collaterally estopped from using evidence of those payments at Lukens's second trial. *Id*. at 1221.

---

[1] "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Abney v. United States*, 431 U.S. 651, 661 (1977) quoting *Green v. United States*, 355 U.S. 184, 187-188 (1957). "The common law not only prohibited a second punishment for the same offence, *but it went further and [forbade] a second trial for the same offence*, whether the accused had suffered punishment or not, and whether in the former trial he had been acquitted or convicted." *Abney*, 431 U.S. at 662 quoting *Ex parte Lange*, 18 Wall. 163, 169 (1874)

  6. The Court in *Lukens* stated

> Lukens has not "demonstrate[d] that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding."
>
> The jury in the first trial acquitted Lukens of the bribery charges in Counts 3-5. That jury therefore "actually decided" only that as to these payments the government was not able to prove all of the elements of the bribery charge beyond a reasonable doubt. We cannot say for certain which part of the charge the jury believed the government did not adequately prove. Looking at the evidence that was presented in the case, however, it is clear that the jury did not base its finding on a belief that the payments were never made. Lukens admitted that the payments were made, but claimed that they were loans rather than bribes.

*Lukens*, 114 F.3d at 1221-22 (citations and quotations omitted). The Court of Appeals affirmed the subsequent conviction and held that a prior jury's acquittal on certain charges did not collaterally estop the government from using evidence of those charges as overt acts in the retrial.

  7. In this case the prior acquitted counts charged the use of a communications facility in the commission of a narcotics offense. In particular, 21 U.S.C. § 843(b) states:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or causing or in facilitating the commission of any act or acts constituting a felony under any provision of this subchapter . . . .

21 U.S.C. § 843(b). Thus, the elements of the offense are that: a) the defendant used a telephone or a cellular telephone; 2) the use of the telephone or cellular telephone was accomplished as part of the commission of or the causing or facilitating of the commission of the conspirators' conspiracy to distribute and possess with the intent to distribute a controlled substance; and 3) the defendant used the telephone or cellular telephone knowingly and intentionally. The government sought to prove a violation of 21 U.S.C. § 843(b) states by playing the relevant intercepted calls and through informant

4

testimony.

8.   Considering that the calls alleged to be violations were intercepted pursuant to a Title III wiretap and showed Jones making or receiving these calls, there is no doubt that the first and third elements were proven. What the jury obviously did not find to be proven beyond a reasonable doubt was the second element – that the communication was facility was used as part of the commission of or the causing or facilitating of the commission of the conspirators' conspiracy to distribute and possess with the intent to distribute a controlled substance.

9.   In the instant superseding indictment, the government seeks to use evidence of the acquitted conduct as evidence of Jones' involvement in a narcotics conspiracy. The prior jury has already determined that the acquitted conduct was not carried out as part of the commission of the conspiracy. Accordingly, the government must be estopped from relitigating whether Jones used a communication facility in furtherance of a narcotics conspiracy.

10.   *Sanabria v. United States*, 437 U.S. 54 (1978) and *Burks v. United States*, 437 U.S. 1 (1978) require that Jones' acquittals of the "communication facility" counts preclude their subsequent use as overt acts of a related conspiracy charge. "This is because the acquittals involve ultimate issues that have already been conclusively determined adversely to the Government." *United States v. James*, 109 F. 3d 597, 601 (1997).

**WHEREFORE**, for the foregoing reasons and for such other grounds that may be advanced at an evidentiary hearing on this motion, Mr. Jones requests that this motion be **GRANTED**.

Dated: Washington, DC
      July 25, 2007                                   Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By:        /S/
_____

A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Antoine Jones*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July 2007, I caused a true and correct copy of the foregoing Defendant's Motion to Exclude Evidence Related to Acquitted Conduct and to Strike Overt Acts from the Indictment to be delivered to the parties in this matter via Electronic Case Filing.

/S/
_____
A. Eduardo Balarezo