## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 05-386(1) (ESH)** |
| | : | |
| **ANTOINE JONES** | : | |

### DEFENDANT JONES' MOTION FOR MODIFICATION
### OF PRETRIAL DETENTION ORDER AND INCORPORATED
### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Antoine Jones ("Jones"), by and though undersigned counsel, hereby moves this Court, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 3145(b), to vacate the pretrial detention order issued November 17, 2005, by Magistrate Judge Deborah A. Robinson and to release Mr. Jones on his personal recognizance, or alternatively, into the third-part custody of the Intensive Supervision Program of the Pre-Trial Services Agency or any other form of conditional release deemed appropriate by the Court.  As grounds for this motion Mr. Jones states as follows:

1.    Defendant Jones has been held without bond since his arrest on October 25, 2005.  Beginning October 6, 2006, Jones was tried on a thirty-four count superseding indictment alleging a wide ranging narcotics conspiracy involving Jones and others.  The jury acquitted Jones on counts seventeen counts.  The Court declared a mistrial as to the remaining charges against Jones.  The jury also acquitted of all counts co-defendants Kevin Holland and Adrian Jackson.  The jury acquitted co-defendant Michael Huggins of all counts except one, which the government subsequently dismissed.

2.    Thus, notwithstanding the government's assertions of the strength of its evidence, a jury of Mr. Jones' peers clearly and overwhelmingly rejected the government's evidence.

3.      In determining whether there were any conditions or combinations of

conditions of release that would reasonably assure the safety of any other person and the

community, the Court must consider various factors pursuant to 18 U.S.C. § 3142, including:

      a.  the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic offense;
      b.  the weight of the evidence;
      c.  the history and characteristics of the person, including
          i.  Character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties
        ii.  Past conduct, history relating to drug or alcohol abuse
      iii.  Criminal history
      iv.  Record concerning appearance at court proceedings
       v.  Whether at the time of the offense or arrest, the person was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state, or local law.

4.      Regarding the first factor, although this case involves narcotics, there is

absolutely no evidence of violence by Mr. Jones.

5.      Regarding the second factor, this case is based mostly on the

government's interpretations of what it calls "coded" telephone allegedly involving Mr. Jones,

and the use of informants and other individuals with motives to testify in favor of the

government and against Mr. Jones.  In fact, the government's thirty-four page proffer, entered

into evidence at Mr. Jones' detention hearing, is replete with baseless assertions prefaced with

"investigators believe" and does nothing but express investigators' opinions of what could just as

easily be innocuous and lawful behavior.  Mr. Jones owned a nightclub that had a largely cash

business on a daily basis and that the government presented no evidence that narcotics were

seized either from Mr. Jones or any of his properties.  The government has at most presented

evidence of suspicious activity but has failed to present any credible evidence connecting Mr.

Jones to narcotics.

6.      Regarding the third factor, history and characteristics of the accused, Mr. Jones' criminal history is relatively minimal, and his family and community ties are significant. This Court should also consider that Mr. Jones is a lifelong resident of the District of Columbia; is married; has children; own a business and his own home prior to his arrest; and has paid his taxes.

7.      With respect to the issues of past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, whether at the time of the offense or arrest, the person was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under federal, state, or local law, there is absolutely no evidence that Mr. Jones has any drug or alcohol problem. Furthermore, although it is true that Mr. Jones has prior narcotics-related convictions, Mr. Jones has completed all requirements imposed by those convictions.[1]

8.      Apart from the narcotics related charge that he now faces, there is absolutely no evidence that Mr. Jones is or ever has been a danger to the community or will not return to court when required.

9.      Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations.  In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses.  Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. C. § 3142(j).  To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable

---

[1] The Probation Office filed a Notice of Violation in on of Mr. Jones' prior probation cases as a result of his arrest in this case.

group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this <u>limited group</u> . . . that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, <u>reprinted in</u> U.S. Code Cong. & Ad. News 3189 (emphasis supplied). Mr. Jones is not within that limited group. It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the individuals awaiting trial.

10. The legislative history of the Act also stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." *Id.* at 7, 12, *reprinted in*, 1984 U.S. CODE CONG. & AD. NEWS 3189. Mr. Jones is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. See United States v. Orta, 760 F.2d 887 (8th Cir. 1985). See also 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the least restrictive further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis supplied).

11. Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of § 3142 continues to favor release over pretrial detention. See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D.Kan. 1985). In Mr. Jones's case, his continued

detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. See <u>U.S. v. Xulam,</u> 84 F.3d 441 (D.C. Cir. 1996).  Mr. Jones has been incarcerated for twenty-three months and is still presumed innocent.

**WHEREFORE** for the foregoing reasons, and any others that may appear at a full hearing on this matter, and any others this Court deems just and proper, Mr. Jones, respectfully requests that he be released on personal recognizance or, alternatively, into the Intensive Supervision Program of the Pretrial Services Agency or released to the third party custody of the Department of Corrections.

Dated:  Washington, DC
        September 6, 2007                    Respectfully submitted,

                                    **LAW OFFICE OF A. EDUARDO BALAREZO**


                                        /s/
                            By: _____
                                A. Eduardo Balarezo (Bar # 462659)
                                400 Fifth Street, NW
                                Suite 300
                                Washington, DC  20001
                                (202) 639-0999

                                *Attorney for Defendant Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of September 2007, I caused a true and correct copy of the foregoing  Jones' Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/

_____

A. Eduardo Balarezo