UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-386(1) (ESH) |
| : | |
| ANTOINE JONES : | |

**DEFENDANT'S *PRO SE* MOTION FOR RECUSAL**

Defendant Antoine Jones, proceeding pro se, hereby moves this Court, pursuant to the 28 U.S.C. § 455, to recuse herself from this case. As grounds for this motion Mr. Jones states as follows:

1. Beginning October 6, 2006, Jones was tried on a thirty-four count superseding indictment alleging a wide ranging narcotics conspiracy involving Jones and others. The jury acquitted Jones on seventeen counts. The Court declared a mistrial as to the remaining charges against Jones. The jury also acquitted of all counts co-defendants Kevin Holland and Adrian Jackson. The jury acquitted co-defendant Michael Huggins of all counts except one, which the government subsequently dismissed.

2. This matter is pending re-trial before the Court on November 5, 2007.

3. Jones has filed numerous substantive legal motions. The Court has summarily denied all of Jones' motions with the exception of his Motion to Suppress Evidence Obtained from GPS Tracking device, which it denied in part. (*See* Document 172 at 28).

4. Throughout the initial pre-trial phase, the Court made numerous comments in open court about the strength of the government's case and that Jones should accept the government's plea offer because of the strength of the government's case. The Court also denied Jones' multiple attempts to secure complete discovery from the government. Finally, the Court has even denied Jones hearings on any of his motions.

    5. Pursuant to 28 U.S.C. § 455:

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

 **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    6. Section 455, by providing for recusal when a judge's impartiality "may reasonably be questioned" mandates an objective rather than a subjective inquiry. *See United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981). Additionally, the Supreme Court has held that opinions formed during a judicial proceeding may in certain instances give rise to a duty to recuse. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). The Court's actions subjectively demonstrate its bias against Jones. Whenever a judge's impartiality may reasonably be questioned or where a judge has a personal bias or prejudice, recusal is required under 28 U.S.C. § 455.

3

**WHEREFORE** for the foregoing reasons, and any others that may appear at a full hearing on this matter, and any others this Court deems just and proper, Jones, respectfully requests that this Motion be Granted.

Dated: Washington, DC
      September 6, 2007                      Respectfully submitted,

                                           **Antoine Jones, *Pro Se* Defendant**