UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 05-386 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANTOINE JONES, | : | |
| also known as "Toine," | | |
| LAWRENCE MAYNARD, and | : | |
| KIRK CARTER | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S MEMORANDUM CONCERNING ADMISSIBILITY OF PRIOR TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 104(a)

The United States of America, by and through its counsel, Jeffrey A. Taylor, the United States Attorney for the District of Columbia, Rachel C. Lieber and John V. Geise, Assistant United States Attorneys, in anticipation of the motions hearing in the above captioned matter scheduled for November 6, 2007, says as follows.

One of the motions about which the Court intends to take evidence concerns a traffic stop in North Carolina that occurred on April 5, 2005. (Memorandum Opinion of 9/5/07 at n.2 (DKT 384)). The main witness on this issue will be Officer Frederick Whitehead. Officer Whitehead has already testified extensively concerning this event in the first trial in this case. (Transcript of 11/1/06 3-57, attached at Tab A). In the interest of efficiency at the motions hearing the government intends to rely in part on that testimony. Officer Whitehead will be called as a witness, the government may have a few questions for him in addition to his prior testimony, and he will then be available for cross-examination.

This approach is fully consistent with the Federal Rules of Evidence and the governing

case law. To the extent the prior testimony is hearsay, hearsay is appropriately considered when the Court is making preliminary determinations concerning the admissibility of evidence. Fed. R. Evid. 104(a) (in determining admissibility of evidence court "is not bound by the rules of evidence except those with respect to privileges"); Fed. R. Evid. 1101(d)(1) (evidentiary rules, other than those concerning privilege, do not apply to the "determination of questions of fact preliminary to admissibility of evidence...."). And this is equally so in resolving questions of suppression which, after all, are a variant of a preliminary determination of the admissibility of evidence. United States v. Matlock, 415 U.S. 164, 172-73, 175 (1974) (hearsay admissible in determination as to whether there was voluntary consent to a search). Indeed, the court of appeals for this circuit has specifically approved the reliance on prior testimony in resolving questions of consent. United States v. Haldeman, 559 F.2d 31, 329-30 (D.C. Cir. 1977) (testimony of presidential aide in prior hearing concerning 18 ½ minute gap in tape recording properly relied on in later hearing concerning consent of President Nixon to recording of conversations in the Oval Office).

        Respectfully submitted,

        Jeffrey A. Taylor,
        United States Attorney


        By:_____
          John V. Geise
          Assistant United States Attorney
          D.C. Bar No. 358267
          555 4th Street, NW, Room 8445
          Washington, DC 20530
          (202) 514-7121
          John.geise@usdo.gov