## JURY INSTRUCTION

## FORFEITURE

Ladies and Gentleman of the Jury, at this stage of this proceeding, there is one additional duty that you must perform as jurors. This duty is to deliberate and consider a special verdict on the forfeiture of property that the government seeks from defendant Antoine Jones.

The property at issue is a sum of money, the amount to be found by you, as the total that defendant Jones used to commit or facilitate the drug conspiracy offense of which you have found him guilty. The special verdict requires you to answer questions about the dollar amount used to commit or facilitate the conspiracy.

In this regard, I instruct you that your previous verdict that defendant Jones is guilty of conspiracy to unlawfully possess with the intent to distribute and/or to distribute cocaine and cocaine base, Schedule II controlled substances, as charged in the Indictment, is binding on this part of the proceeding, and you must not discuss or seek to determine anew your verdict as to that charge.

I further instruct you that what happens to property of the defendant or any third party after your special verdict is exclusively a matter for the Court to decide. In answering the special verdict questions, you should not consider what might happen to any property or to the interest of any third party.

You will be given a copy of the special verdict questions with a space for your answers. The questions in this case concern how much money defendant Jones and his co-conspirators used or intended to use during the course of the cocaine and cocaine base distribution conspiracy to commit or facilitate that offense. During the guilt phase of this trial you heard evidence of a number of drug transactions involving defendant Jones and the money that he or one of his co-

conspirators received or exchanged in those transactions. You found defendant Jones guilty beyond a reasonable doubt of engaging in the conspiracy.

Now, the first question on your Special Verdict Form specifically asks you to determine a dollar amount of the money used or intended to be used in any manner or part to commit or to facilitate the commission of the conspiracy. If you find that the stated dollar amount of $1,000,000 was used or intended to be used, you should check the "yes" answer for this question and ignore the next question. If you find that another amount was used, you should mark "no" as the answer to the first question, and enter the amount you find in the blank space under the second question.

The special verdict questions deal with forfeiture under the drug laws. The forfeiture statute requires that any person who is convicted of such violations forfeit "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." In other words, under the statute, all money used to facilitate a violation of the drug laws is subject to forfeiture, whether there was a profit involved or not.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. There must be more than an incidental connection between the property and the offense for you to find that the property facilitated, or was intended to facilitate, the commission of the offense. However, the property need not be indispensable to the commission of the offense, nor does the property need to have been used exclusively for the commission of the offense or as the exclusive means of committing the offense. Property used to facilitate an offense can take virtually any form.

For example, if person X pays $5,000 for a quantity of drugs and the drugs are seized before they can be sold, there is no financial gain at all to X. However, X would still be liable for

a $5,000 forfeiture even though X made no money at all from the drugs and the $5,000 involved is no longer in X's hands but rather in the hands of X's supplier.

Now that I have explained to you the questions you must consider, I want to explain to you the burden of proof in this phase of the trial. All of my previous instructions regarding the credibility of witnesses and your duty to deliberate apply with respect to your consideration of the special verdict questions. You should consider all of my previous instructions when deliberating about these questions <u>except</u> that the burden of proof is different in this phase of your deliberations. For you to answer a question with "yes," the government must prove that the money is subject to forfeiture by a preponderance of the evidence. This is a different and lower burden of proof than you were required to apply on the question of defendant Jones's guilt or innocence.

To establish "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with opposing evidence, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. You do not need to be convinced beyond a reasonable doubt, just whether the answer to each question is more likely "yes" than "no."

While deliberating, you are to consider the evidence offered by the parties before your previous deliberations. The parties will now have the opportunity to offer brief additional argument concerning forfeiture but, as I am sure you recall from my prior instructions, the argument of the parties is not evidence.

# JURY INSTRUCTION

# SPECIAL VERDICT FORM

A Special Verdict Form has been prepared. If on the first question you answer "no," then you must proceed to the second question and fill in a dollar amount in the blank space provided. That amount may be from zero dollars ($0.00) to any amount that you believe was reasonably foreseeable by defendant Jones, whether he used it directly or indirectly, during the entire course of the conspiracy.

Your answer to each question must be unanimous; that is, you must all agree that the answer is either "yes" or "no," and, if you answer "no" to the first question, you must unanimously agree on a dollar amount in your answer to the second question. After you are finished, the foreperson must then sign and date the Special Verdict Form.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DOCKET NO. 05-0386 (ESH)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>SPECIAL VERDICT FORM</u> |
| | ) | |
| ANTOINE JONES | ) | |

We, the Jury, return the following Special Verdict.

  (1) We find that $<u>     1,000,000     </u> was used and was intended to be used to commit and facilitate the commission of the conspiracy of which the defendant has been convicted, and therefore all right, title, and interest of the defendant in this amount is forfeited to the United States.

  **YES**<u>     </u>      **NO**<u>     </u>

**ANSWER THE FOLLOWING QUESTION ONLY IF THE PRECEDING ANSWER IS "NO"**

  (2) We find that **$**<u>                  </u> was used and was intended to be used to commit and facilitate the commission of the conspiracy of which the defendant has been convicted, and therefore all right, title, and interest of the defendant in this amount is forfeited to the United States.

So Say We All, this <u>     </u> day of <u>     </u>, 200<u>  </u>.

<u>                                   </u><br>
FOREPERSON