UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 05-386 (ESH) |
| v. | : | |
| ANTOINE JONES,<br>also known as "Toine," and<br>LAWRENCE MAYNARD | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MAYNARD'S SUPPLEMENT TO
HIS MOTION TO SUPPRESS EVIDENCE OF DURHAM, NORTH CAROLINA,
TRAFFIC STOP**

The United States of America, by and through its counsel, Jeffrey A. Taylor, the United States Attorney for the District of Columbia, Rachel C. Lieber and John V. Geise, Assistant United States Attorneys, in response to defendant Maynard's supplemental motion says as follows:

Defendant Maynard has filed a supplemental memorandum concerning the seizure of a significant quantity of cash from a vehicle driven by him on April 5, 2005. Although Maynard's memorandum was filed beyond the time the Court set for any reply filings on the pending motions and the government has addressed this search in both its motions response filed prior to the first trial in this case, Document 151 at 56-63, and in the response filed to Maynard's motion in this round of briefing, Document 380 at 36-38, some short additional discussion is appropriate.

1. Reasonable suspicion and the extension of a routine traffic stop

Maynard concedes in his supplemental motion that the scope of a routine traffic stop may be extended if an officer can articulate reasonable suspicion of other illegal activity sufficient to justify further inquiry (Supp. Motion at 4). However, he contends that excessive nervousness and inconsistent statements of the occupants of a vehicle cannot play a role in forming such reasonable suspicion (Supp. Motion at 5-6). On its face that would seem to be an odd rule since, for example, if one occupant assures an officer that the group is heading to Atlanta to see some woman for personal reasons, while another is just as adamant they are traveling to North Carolina to pick up a business associate and then immediately returning north, the logical inference is that an attempt is being made to conceal the real destination and purpose of the trip. And the case law sensibly supports the use of inconsistent answers and odd behavior in forming a reasonable suspicion of possible criminal activity. United States v. Muriel, 418 F.3d 720, 726 (7th Cir. 2005) ("by virtue of the inconsistent stories received from the occupants [of the vehicle], [officer had] reasonable suspicion to inquire further"); United States v. Valdez, 147 Fed..Appx. 591, 595-96 (6th Cir. 2005) ( nervousness of driver of vehicle and inconsistent answers between driver and passenger provided a reasonable articulable suspicion to extend a traffic stop); United States v. Bennett, 2007 WL 1165654, *4 (N.D. Ind. 2007) (nervousness of driver coupled with inconsistent stories of driver and passenger regarding their trip supplied reasonable suspicion for further inquiry beyond scope of initial traffic related stop); United States v. Tkachenko, 2005 WL 2133713 (D. Kan. 2005) (excessive nervousness of vehicle driver and inconsistent statements about travel plans appropriate factors in forming reasonable suspicion). [1]

---

[1] The cases cited by Maynard are not really to the contrary since they involve statements of driver and passenger that were not significantly inconsistent. United States v. Perkins, 348 F.3d 965, 971 (11th Cir. 2003) (finding no significant inconsistency between statements of

2. Probable Cause and Canine Alerts

Maynard spends considerable time arguing whether in this Circuit a dog alert alone can establish probable cause (Supp. Motion at 14-15). Here, the Court need not reach the issue of the existence of probable cause at all because, as discussed in the United States' earlier pleadings, Maynard provided a valid consent to the search of the van. And, even as to probable cause, the question is not ultimately whether the dog alert alone was adequate. Rather, the question would be whether, given all the factors know to the officer, was there probable cause for the search; which there certainly was here. Still, the case law in this Circuit, as well as that in number of jurisdictions, suggests that a dog alert alone, given sufficient evidence of the animal's reliability, can provide probable cause. See Document 151 at 61-61 (surveying the case law in number of jurisdictions). [2]

---

passenger and driver); United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995) (no significant discrepancy between statement of driver and passenger).

[2] Focusing on this Circuit specifically in United States v. Fulero, 498 F.2d 748, 749 (D.C. Cir. 1974) a search warrant was issued for several trunks being shipped by Greyhound bus. The chief evidence in support of the warrant was that a trained dog, whose reliability was attested to, had alerted on the packages three consecutive times. The Court held that on that basis there was "ample probable cause" for the warrant. In United States v. Tartaglia, 864 F.2d 837, 842 (D.C. Cir. 1989) the Court observed that an alert by a well validated drug dog, in conjunction with some background about the occupant of a compartment on a train, supported a finding of probable cause.

The cases cited by Maynard are not to the contrary. In United States v. $639,558 in U.S. Currency, 955 F.2d 712, 718 the court never reached the question of the existence of probable cause because in concluded that the search at issue required a warrant, which had not been obtained, and thus the seized evidence had to be suppressed regardless of whether probable cause was present. In United States v. Trayer, 898 F.2d 805, 808-9 (D.C. Cir. 1990) the court held that there was probable cause for the search based on a number of factors and thus did not have to resolve whether the dog alert alone was sufficient. Finally, in Lopez v. United States, 2006 WL 2788999, *15 (D.D.C. 2006) the court in significant part discounted the value of a dog alert because there was no evidence available concerning the circumstances of the alert.

**CONCLUSION**

For the reasons discussed in the United States' earlier pleadings and in this memorandum Maynard's motion to suppress should be denied.

        Respectfully submitted,

        Jeffrey A. Taylor,
        United States Attorney

        By:_____
        John V. Geise
        Assistant United States Attorney
        D.C. Bar No. 358267
        555 4th Street, NW, Room 8445
        Washington, DC 20530
        (202) 514-7121
        John.geise@usdo.gov