UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-386(1) (ESH) |
| | : | |
| ANTOINE JONES | : | |

**<u>DEFENDANT'S REPLY TO GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE USE OF EVIDENCE SEIZED FROM A SEARCH OF HIS JAIL CELL</u>**

Defendant Antoine Jones ("Jones"), by and though undersigned counsel, and pursuant to the Fourth Amendment to United States Constitution and applicable case law, hereby respectfully submits his reply to the Government's Memorandum in Support of its Opposition to Defendant's Motion to Preclude Use of Evidence Seized From a Search of His Jail Cell.  Jones states as follows:

1. The government seeks to convince the Court to allow it to introduce a letter from Beverly Johnson seized during a search of Jones' cell.  The government's theory regarding the letter is that "Jones was trying to figure out who the mystery witnesses were against him, and he was seeking Ms. Johnsons' help in locating these potential witnesses and determining whether they were, in fact, cooperating against him."  Gov. Supp. Memo. At 3.

2. The government's theory of relevance is fanciful at best.  First, the government claims that "all three documents are relevant in that they support the claims of government witnesses Donald Hunter and Kevin Ray, when they testify that they were customers of Jones." (Gov. Memo. At 2).  The government further muses "[w]hy . . . would the defendant be making such a list of potential witnesses, if these folks had nothing damaging to say about him?"  (*Id.*).  Well, an obvious answer would that counsel asked Jones to make a list of possible witnesses (good or bad) or cooperators from which counsel could begin investigating this case;

not, as the government surmises, because of a guilty conscience. Specifically with respect to the Beverly Johnson letter, Mr. Jones submits that any action he took to uncover witnesses was at the direction of counsel during the investigation of this case and in preparation for trial. Additionally, the contents of the letter are being offered for the truth of the matter asserted and constitute rank hearsay. *See* Fed. R. Evid. 801

    3.  If the government succeeds in obtaining the admission of these documents, Jones certainly should be allowed to call counsel as a witness to tell the jury that the list was made at counsel's direction and for no other reason. Counsel's testimony would be a direct rebuttal to the government's assertions of consciousness of guilt. To the extent that counsel's testimony is necessary for Jones' defense, counsel moves to withdraw so as to not violate his professional obligations. *See* D.C. Rule of Professional Conduct 3.7.[1]

    4.  Furthermore, nothing in the government's supplemental response addresses the complete lack of probable cause in the four corners on the affidavit in support of the search warrant for the jail cell.

---

[1] Rule 3.7 states:
**Rule 3.7 – Lawyer as Witness**
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) Disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

**WHEREFORE** for the foregoing reason, and any others that may appear to the Court, Mr. Jones respectfully requests that his Motion to Suppress be **GRANTED** and that the government's request to admit evidence seized from Jones' cell be **DENIED**.

Dated: Washington, DC
      November 5, 2007

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: ____/s/_____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW; Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November 2007, I caused a true and correct copy of the foregoing Defendant Reply to Government's Supplemental Memorandum in Support of its Opposition to Defendant's Motion to Preclude Use of Evidence Seized from a Search of his Jail Cell to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo