v

ANTOINE JONES

Criminal Case No. CR-05-386ESH

**Motion to Dismiss Indictment, <u>or Alternative For an Evidentiary Hearing</u>, pursuant to the Due Process Clause of the Brady, Jencks and Rule 16**

**FILED**

NOV   5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Antoine Jones hereby submits the motion *pro se*. Defendant respectfully moves this court to dismiss the indictment in its entirety. Defendant Jones submits that United States Attorneys Rachel Lieber and John Geise engaged in a pattern of deceit and unlawful conduct throughout this criminal investigation, during detention hearings, grand jury proceedings, pre-trial and trial proceedings. Attorneys Lieber and Geise knowingly elicited and presented false and misleading testimonies and arguments to the courts, grand jury and trial jury. Attorneys Lieber and Geise **withheld exculpatory and impeachment discovery from the defense** that the government is Constitutionally obligated to disclose to the defense.

This clear violation of the District of Columbia "Rules of Professional Conduct" and "Outrageous prosecutorial misconduct" represents such a corrupt distortion of the truth-seeking function of the criminal trial as to constitute outrageous Governmental misconduct and violation of the Fifth Amendment (see United States v. Russell, 411U.S. 423, 431 (1973), United States v. Barbera-Moreno, 951f.2D 1089, 1091 (9th Cir 1991). The only just remedy is dismissal of the entire indictment. At the very least, an evidentiary hearing to redress the violation of Defendant Jones' Constitutional Right to a fair trial (see Mooney v. Holohan, 294 US 103 (1935),  Napue v. Illinois, 360 U.S. 264

1

(1959), Brady v. Maryland, 373 U.S. 83 (1963). Giglio V. United States  405 U.S.150

(1972), United States v. Bagley, 473 U.S. 677 (1985), Strickler v. Greene 527 U.S.263

(1999), Banks v. Dretke 540 U.S. 668 (2004), Criminal Procedure Rule 16, and Jencks

Act.

Defendant Jones is in a complex case. Defendant has been incarcerated 24

months. Since date of arrest, October 24, 2005, Defendant has been through an extensive

5-month trial. Under the **Brady**, the **Jencks Act**, and **Rule 16**, Defendant Jones has

made numerous requests to the government to provide case Discovery. Defense attorney

A. Eduardo Balarezo has submitted motions and made oral requests for the government

to provide Discovery information to the defense. Defendant Jones has filed *pro se*

motions requesting Discovery from the government; and defendant has requested

discovery in open court. As of this date, the government continues to ignore the requests

for discovery and continues to withhold this information from the defense.

Again, this is a clear **Constitutional violation**, and clear **ethical violation, and

acts of professional and prosecutorial misconduct.** The government has engaged in

unfair biased investigative practices, foul play, and breaking the law. Attorneys Lieber

and Geise knowingly presented false information, false statements on reports and

affidavits, and failed to fulfill their obligation under the Brady Criminal Rule 16

Procedure. The government further overstepped their bounds by violating court orders,

(GPS and Pen Register application and order of August 1, 2005).

The government knowingly conspired, encouraged and allowed perjured

testimonies and false statements to be presented in investigative reports, affidavits, grand

jury and court proceedings, and at trial.    In light of these revelations. Defendant is requesting the court to dismiss the entire indictment.

The standard for judging the consequences of prosecutorial misconduct during grand jury proceedings is essentially the same as the standard applicable to trial, as in the United States v. Mechanik, 475 U.S.66 (1986).

United States v. John H. Williams, states [101] footnote 12, "although the court's opinion barely mentions the fact that the grand jury was intended to serve the invaluable function of standing between the accuser and the accused, I must assume that in a proper case it will acknowledge, as even the Solicitor General does, that unrestrained prosecutorial misconduct in grand jury proceedings" could so subvert the integrity of the grand jury process as to justify judicial intervention.  Franks v. Delaware, 438 U.S. 154, 164-171 (1978) [discussing analogous considerations in holding that a search warrant affidavit may be challenged when supported by deliberately false police statements].

Before the grand jury the prosecutor has the dual role of pressing for an indictment and being the grand jury adviser, "United States v. Calandra, 414, U.S. 338, 343 (1974). I would like to also add, it's a violation to the defense's fifth and sixth Amendments when the government knowingly present misinformation to the grand jury.

Statement of Facts

Rule 16, Brady Material, Jencks Acts

ICE Investigation – Defendant Jones was arrested on October 24, 2005. Defense has requested from the government the following discovery as it relates to this case. Defense has requested and still awaits a copy of faxed photo of Javier coming through the

airport – February 6, 2004. Defense has requested and still awaits Agent K. Gikas grand jury transcript or redacted pages 32-33. Defense has requested and still awaits ICE Investigation, five reports. Defense has requested and still awaits copy of GPS Application and Order. Defense requested and still awaits copy of Javier cell phone 957-793-0310 Application and Order. Defense requested and still awaits copy of Javier 957-793-0310 cell site data. Defense requested and still awaits data and information on the "tricker fish" device used by ICE Agents for surveillance on Javier in the Myrtle Avenue, Bowie, MD house. Defense has requested and still awaits wiretap phone calls during the ICE investigation. Defense has requested and still awaits consensual T-3 on C1 cellular calls. Defense has requested and still awaits the names of each of the ICE Agents who entered Summit Circle Apartment. Defense requested and still awaits the name of the Summit Circle Apartment Resident Manager who gave permission to the ICE Agents to enter the apartment rented by Mr. Jones. Defense requested and still awaits the names of each of the ICE Agents who entered the warehouse on Hampton Boulevard. Defense requested and still awaits the names of each of the ICE Agents involved in the traffic stop of Antoine Jones, Jr. in the black Cadillac on February 7, 2004. Defense requested and still awaits information provided by Probation Officer to ICE Agents regarding possible new warehouse address in Fredericksburg, Virginia. Defense requested and still awaits information on traffic stop of Javier on February 28, 2004 (warning ticket issued). Defense requested and still awaits names of all confidential source(s) in relation to the ICE investigation. Defense requested and still awaits name(s) of targets in surveillance of Knights Inn – Laurel, Maryland. Defense has requested and still awaits all radio run calls, North Carolina traffic stop, and ICE Investigations: Summit Circle, February 6 and

4

7; Myrtle Avenue, Bowie, MD. February 27 and 28; Hampton Blvd warehouse, April 30,

2004; Levels Nightclub October 24, 2005; Moore Street, Waldorf, October 24, 2005;

Brandywine Road, Brandywine, October 24, 2005; traffic stop of Antoine Jones Jr. on

Route 301 Maryland on February 7, 2004 and all other radio run calls related to this case.

Defense requested and still awaits cell site data of Defendant Jones' cell phone; cell site

data of Defendant Maynard's cell phone; cell site data of government witness Bermea's

cell phone.  Defense has requested and still awaits all witness testimonies from the Grand

Jury proceedings as well as record of any requests for extension of Grand Jury lifespan

and associated Court Orders.  Defense requested and still awaits all information from the

ABRA related to this case.  Defense requested and still awaits the name of the FBI

technician who placed the GPS device on the Jeep Cherokee on September 27, 2005 and

the name of the FBI technician who replaced the battery in the GPS device on the Jeep

Cherokee on October 19, 2005.  Defense requested and still awaits all witnesses voucher

payments paid to government witnesses.  Defense hereby requests Donald Hunter's 302

and Mr. Bermea 302.  Defense hereby requests information on government's agreement

with Anthony Givens release.  Defense requested and still awaits a copy of all written

communications from Rachel Lieber regarding Lieber's request to place Defendant Jones

in Total Separation, start date November 29, 2005.  Defense requested and still awaits jail

calls the government has subpoenaed, and dates of jail calls.  Defense hereby notes and

requests there are some significant dates on Levels Nightclub video missing from the

discovery which was turned over to the defense – defense hereby requests the missing

video segments.  Defendant Jones reminds the court that defendant has yet to receive

significant amounts of discovery from both his home (Moore Street, Waldorf) and from

Club Levels. Only after making his request during trial did the government make a showing of intent by making available "selective" information available to Defendant. Defendant Jones was able to mark some pieces of information, however, his attorney did not have time to copy the information and therefore, defendant still awaits a copy of the information he flagged. Defendant hereby requests a copy of all debrief interviews, 302's and any information related t Harold Holden and this case. Defendant hereby requests all attempted debrief interviews, investigation and information on Anthony Koonce and this case. Defendant hereby requests all Jencks Act information on CS-1, for impeachment purposes. Defendant Jones hereby requests name of Police Officer Donald tried to "run over" during his get away. Defendant hereby requests information on the involvement Kevin Ray had in killing a government witness with his brother Anthony Ray. Defendant hereby requests all information regarding Kevin Ray stabbing a government informer (John Oliver). Defendant hereby requests all DC MPD police officers questioned and interviewed related to the case.

These cumulative violations of Rules of Professional Conduct, Constitutional Rights violations and Due Process Clause violations have prohibited in the past and continue to prohibit Defendant from any reasonable expectation of a fair trial. Therefore, defendant Jones requests the courts to dismiss this indictment.

### The Courts Supervisory Power

Prejudice to the defendant must be shown before a court can exercise its supervisory powers to dismiss an indictment on the basis of egregious prosecutorial misconduct.

The Banks courts. citing to McNabb v. United States, 318, U.S. 332, 63 S.Ct. 608, 876 Ed. 819, decided that the court's supervisory power can be utilized whenever the administration of Justice is tainted. and, indeed, it is the court's duty to "establish and maintain civilized standards of procedure and evidence. Some of the circuits have found that demonstrable prejudice must exist in order for the court to exercise its supervisory power.

United States v. Taylor 956f Supp. 622, 622 (D.S.C. 02/28/1997), Notes: [398] This court weighed the seriousness of the misconduct against the available remedies, and find that, as in the Banks and Omni cases, the misconduct here is repetitious, cumulative, flagrant, and longstanding. See Banks, 383f. Supp. at 392, Omni, 634f. Supp at 1438, United States v. Hogan 712f. 2D at 761, United States v. Lawson, 502f. Supp 158, 172. Defendant Jones also finds that the government's misconduct "needs not be so unfair or imprudent as to offend 'due process' before exercise of this court's supervisory power is appropriate," McNabb, 318 U.S. at 340, 63 S.Ct. 608. Although this court is of the opinion that the Sixth Amendment Right to a fair trial guaranteed to each of these defendants has been jeopardized because of the government's actions throughout these proceedings.

Conclusion

The prosecutor's job isn't just to win, but to win fairly, staying well within the Rules. As Justice Douglas once warned, "the function of the prosecutor under the Federal Constitution is not to tack as many skins of victims as possible to the wall. His function is to vindicate the Rights of the people as expressed in the law and give those

accused of crime a fair trial." Donnelly v. DeChristoforo 416 US. 637. 648-49, 94S.Ct

1808, 1874, 40LRD 2D 431 (1974) [Douglas, J dissenting].


    Defendant Jones is making the accusation that Assistant US Attorney Rachel

Lieber and Assistant US Attorney John Geise along with others have violated the Model

Rules of Professional Conduct, have committed perjury, violated Rule 16, violated

defendant's Constitutional Rights, engaged in foul play, and have broken the law which

constitutes the charge of prosecutorial misconduct and prejudice to defendant Jones in the

previous trial and in grand jury proceedings.

    Defendant Jones requests that the court please consider this pro-se motion and the

truth of the facts and evidence presented here to this court.  Defendant Jones is asking the

court to dismiss this case on prosecutorial misconduct, government agents' conspiracy,

and withholding discovery by Assistant US Attorney Rachel Lieber and Assistant US

Attorney John Geise.


*Antтом Jones*

*10 - 17 - 2007*