UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States

v.                                              Case No. CR-05-0386 ESH

Antoine Jones, et al

**Defendant's *pro se* Motion to Dismiss Indictment for Outrageous Government Misconduct**

Defendant, Antoine Jones, comes before this Court, *pro se* to request the Court accept this Motion to Dismiss Indictment for Outrageous Government Misconduct. Defendant respectfully moves this court to dismiss this indictment. Defendant alleges that the Assistant U.S. Attorney, Rachel Lieber and John Geise engaged in a pattern of deceitful and unlawful conduct throughout the criminal investigation, Grand Jury proceedings, pre-trial proceedings, and throughout the trial of this case. Ms. Lieber and Mr. Geise knowingly elicited and presented false and misleading testimonies during pre-trial detention hearings, Grand Jury proceedings and at trial. Ms. Lieber and Mr. Geise made numerous false and misleading arguments to the Courts and the jury. Both prosecutors made deceptive and false statements in their closing arguments, and they withheld from the defense exculpatory and impeaching discovery which the government is Constitutionally obligated to disclose. Ms. Lieber, Mr. Geise, along with the FBI agents, MPD detectives, and ICE agents all committed perjury and violated numerous District of Columbia Rules of Professional Conduct. These acts of Prosecutor Misconduct represent such a corrupt distortion of the truth seeking function of the criminal trial as to constitute outrageous government misconduct, and a violation of the due process clause of the 5th Amendment. *See United States v. Russell*, 411 U.S. 423, 431-32 (1973); *United States v. Kammerer-Saleh*, 987 F.2d 242 F. Supp. 1265 (1995). The only Just Remedy is dismissal of the indictment, at the very least, an evidentiary hearing.

A hearing must be ordered to redress the violation of Defendant Jones' Constitutional Rights to a fair trial (*See Mooney v. Holohan*, 294 U.S. 103, (1935); *Napue v. Illinois*, 360 U.S.

RECEIVED
NOV - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

373 (1959); *Brady v. Maryland*, 873 U.S. 83 (1963); *Coghn v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985); *Strickler v. Greene*, 527 U.S. 263 (1999); *Banks v. Dretke*, 540 U.S. 668 (2004).

Statement of Facts – Affidavit

To further argue, show and prove these facts and evidence, Defendant Jones is requesting an evidentiary hearing in this Motion.

Perjury (18§1623 False Declaration before Grand Jury or Court)

1. On January 26, 2006 Assistant U.S. Attorney John Geise and Detective Norma Horne, MPD, together conspired, mislead and deceived the Grand Jury. Detective Horne testified under oath that 40 grams of crack was seized from the Allendale Road house. Both Mr. Geise and Ms. Horne were aware that the amount of drugs seized was 3.8 grams of crack cocaine.

2. Detective Norma Horne perjured herself when she testified in trial and during the Grand Jury proceedings that there was a gun found inside Club Levels. There is no truthful evidence or testimony that there was ever a gun in the office or anywhere else in the club.

3. Detective Horne perjured herself in the January 26, 2006 Grand Jury proceedings. Ms. Horne testified that agents seized 40 grams of crack cocaine (Allendale Road house) – actual amount seized 3.8 grams.

4. Detective Horne perjured herself in the January 26, 2006 Grand Jury proceeding. Ms. Horne testified "we searched it over, it turned out to be 3 kilos of crack cocaine". Actual weight was closer to 500 grams.

5. During the January 26, 2006 Grand Jury proceedings, Detective Horne additionally perjured herself to testify that "I was told to me that he directed agents and pointed out the money in the keep".

6. Detective Horne testified at the June 27, 2006 proceedings that Donald Hunter and Anthony Givens were arrested in possession of drugs which was purchased from Defendant Jones. Prior to trial, both government witnesses Hunter and

Givens presented untruthful testimonies riddled with excruciatingly outrageous fabrications that both testimonies were impeached. The government ultimately dismissed both counts against Defendant Jones.

7. Mr. Geise also violated ethics of conduct and committed perjury during the pre-trial detention hearing of Mr. Adrian Jackson. Mr. Geise repeatedly attempted to deceive Magistrate Judge Robinson by stating the weight of the drugs seized is "actually 41 grams" knowing it was less than 4 grams (actual weight 3.8 grams).

8. On November 27, 2006 court session, Mr. John Geise presented the court with a tainted GPS data which was shown to contradict the actual GPS data presented by the Defense (Mr. Balarezo) at trial.

9. FBI Agent Stephanie Yanta perjured herself during the October 27, 2005 Grand Jury proceedings. Agent Yanta knew the amount of crack cocaine seized was 909 grams, however, she testified the agents seized 3 kilos of crack cocaine.

10. ICE Agent Katerina Grkas perjured herself when she testified that the ICE agents entered the Hampton Blvd warehouse on April 30, 2004. Defense has evidence and witnesses to contradict this testimony.

11. Agent Grkas perjured herself by testifying that Mr. Kelly, the Realtor, let the agents into the Myrtle Avenue Baltimore house on February 28, 2004. Defense has evidence and witnesses to contradict this testimony.

12. Agent Grkas perjured herself when she testified before the Grand Jury on March 14, 2006, that Defendant Jones had "little to no legitimate income". Agent Grkas was fully aware that Mr. Jones was the owner of a nightclub in the District of Columbia, Club Levels.

13. Agent Grkas perjured herself in the March 14, 2006 Grand Jury proceedings when she testified "He has a brand new house, fairly new cars, just for basic house, car expenses, was close to $10,000 a month". The truth of the matter is the monthly expenses were closer to $4,000. At the time, Mr. Jones was responsible for one mortgage and two car payments.

14. Agent Grkas perjured herself during the March 14, 2006 Grand Jury proceedings by stating that Mr. Jones "and Mr. Jones" on probation having just got out of

prison okay." This is a false statement. Defendant Jones did not just get out of prison in 2004. Defendant Jones was released to the halfway house in 2004.

15. On December 5, 2006, Assistant U.S. Attorney Rachel Lieber boldly lied to the court during the trial. Ms. Lieber violated the Code of Professional Conduct, "Honesty," when she stated to the court that Mr. Gregory Hawkins Sr. was not a target or man the government was looking for. (Refer to "persons likely to be intercepted by FBI Target List") Gregory Hawkins, born 1949, lives on Piscataway Drive.

16. Defendant calls the courts attention to the trial transcript of December 5, 2006 and the FBI Target List in the September 2, 2005 Affidavit. Wallace Ward is listed as a target and as someone trying to contact Mr. Jones and Mr. Jones trying to contact Mr. Ward. Defense Attorney, Mr. Balarezo petitioned the courts to admit a copy of the Death Certificate of Wallace Ward into evidence. Ms. Lieber deceived the courts by saying that Agent Yanta stated "the phone listed to Wallace Ward sent messages to Mr. Jones' phone." She didn't say the messages were sent by Wallace Ward. Agent Yanta included Wallace Ward and his background criminal history in the Affidavit and unvieled Wallace Ward on the FBI Target List. The court denied Mr. Balarezo's request to admit the death certificate into evidence.

17. Detective Steven Kirchner perjured himself when he testified that on October 19, 2005 the FBI technician replaced the dead battery on the GPS device while the Jeep was at the Gold's Gym parking lot. Evidence and witnesses contradict this testimony.

18. Rachel Lieber lied, deceived the court and fabricated a story to support her committing Mr. Jones to Segregation status at the jail and stripping him of visitors, telephone, and mail privileges. Evidence and facts show this was Ms. Lieber's plot to get a tactical advantage, spy on Mr. Jones' defense, and to separate Mr. Jones from his family and friends and to prohibit him from continuing to operate the club or to contact witnesses for the defense.

There are many more instances of outrageous conduct, such that Defendant Jones can go on and on with these cataclysmic actions of professional misconduct by the government attorneys, agents and detectives. With these violations of the Rules of Professional Conduct, perjury and foul play at the very least, the government should dismiss this case to save embarrassment, shame and further humiliation. The court's refusal to grant defendant an evidentiary hearing further hinders defendant's ability to produce facts and evidence highlighting the government's emaciated case. Defendant is requesting the courts to use its Supervisory Power to dismiss this indictment or to give justice and allow the defendants an evidentiary hearing to prove these claims and accusations.

Signed

Antoine Jones

*[signature]* 10-17-2007