UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States

v.                                            Case No. CR-05-0386 ESH

Antoine Jones, et al

Defendant's pro se Supplemental Motion for Recusal

Defendant Antoine Jones, comes before this court pro se to request the Courts accept this Supplemental Motion for Recusal. The reasons for this Supplemental Motion are stated herein. Defendant further submitted a Reply to Government's Answer to Reconsideration Motion for Recusal.

On August 10, 2006, Honorable Judge Huvelle made a court ruling on Defendant Jones motion to suppress "Evidence" observed from the GPS tracking device, which was denied in part. (See Document #_____) The court memorandum opinion cited *United States v. Karo*, 468 U.S. 705, 728 (1984) stating that as it involved a beeper device secreted in a vehicle the court distinguished between monitoring in public spaces versus "private location." In doing so it noticed that 4th amendment question that is addressed from the device while on the public road was narrow [...] Information that was obtained from the tracker whereabouts outside the privacy of their home [...] *see also US v. [...]* Accordingly, as the observations in this case only involved evidence obtained from GPS [...] the evidence observed from the GPS tracker when the defendants Jeep Cherokee was parked in the rear driveway of the Morris Street property must not be suppressed. (The fruit of the poisonous tree doctrine)

Defendant also add the court's decision on Defendant Jones pro se Motion to Reconsideration of the Motion to Suppress "Evidence" obtained from GPS tracking device. The courts stand firm on granting Jones' Motion to Suppress Evidence obtained from the GPS tracker [...] is the "fruit of and supports a claim on the "fruit of the poisonous tree doctrine." Yet, Pittman [...] Chrysler showed this and prior more

FILED
NOV 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Let this be filed
EFH
11/5

RECEIVED
NOV - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

against the defense, by showing partiality with the government when the courts allowed the government to disobey the courts ruling, decision and opinion. With numerous objections by defense attorney Mr. Balarezo, the court still allowed prosecutor Rachel Lieber to bring into evidence, in front of the jury, this illegally obtained evidence (refer to November 6, 2006 1:15 pm testimony of Detective Joseph Sopata, and Special Agent Steven S Augle, pages 54-page 121). The courts also allowed the government to send this "fruit of the poisonous tree" illegal information back with the jury during the deliberations.

Honorable Judge Huvelle is an experienced attorney and now an experienced trial judge. The courts understand the case law on "fruit of the poisonous tree doctrine", and when the courts make a ruling, it's "law" in that case. The courts role is to stand neutral and to administer the law, not to side with the government and allow the government to overrule the court's decision, opinion or especially the court's ruling.

The courts allowed prosecutor Rachel Lieber to poison venue and prejudice defense effort, and further denied me the right to a fair trial when prosecutor was allowed to put on record and enter as evidence illegally obtained "fruit of the poisonous tree". The court allowed prosecutor Rachel Lieber to further prejudice the defendant by sending the illegally obtained information back to the jury during deliberations.

This bias and prejudice action from the courts, specifically the Honorable Judge Huvelle, denies Defendant Jones the right to a fair trial and warrants an "acquittal" along with the other three defendants who were on trial and whose verdict ended with an "Aquittal".
Signed,
Antoine Jones

Antoine Jones  10-17-2007