UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | **Criminal No. 05-386 (ESH)** |
| ) | |
| ANTOINE JONES, *et al.*, ) | |
| Defendants. ) | |

FILED
NOV 0 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

Before the Court are a series of *pro se* motions filed by defendant Antoine Jones, in which he requests reconsideration of several of this Court's prior rulings in this case.[1] Because defendant's motions simply reiterate arguments that this Court has previously rejected, they will be denied.

I.  **Motion for Recusal**

On October 1, 2007, and again on November 2, 2007, defendant moved *pro se* for this Court to reconsider its prior denial of his motion for recusal. In these motions, defendant again argues that the Court's bias is evidenced by its adverse rulings on some of his suppression and discovery motions. As the Court explained in its previous ruling, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . ." [and] "[a]lmost invariably are

---

[1] On October 1, 2007, defendant moved the Court to reconsider its denial of his motion to recuse. On October 3, 2007, defendant filed a reconsideration motion alleging that the government has engaged in prosecutorial misconduct. On October 17, 2007, defendant moved for a dismissal of the indictment based on prosecutorial misconduct and requested, in the alternative, that the Court conduct a *Franks* hearing. Finally, on November 2, 2007, defendant filed a supplemental motion for recusal; a supplemental prosecutorial misconduct motion; and a motion to dismiss the indictment based on outrageous governmental misconduct.

[not] proper grounds . . . for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because defendant has failed to support his new motions with evidence warranting recusal, and for the reasons given by the Court in open court on September 7, 2007, defendant's renewed motions for recusal will be denied.

## II.     Prosecutorial Misconduct

Defendant has also filed four motions that repeat his claims of prosecutorial misconduct. He has again moved the Court to dismiss the indictment against him based on "outrageous government conduct" or, in the alternative, to conduct a *Franks* hearing to explore his allegations. This Court has considered and rejected these arguments both in its memorandum opinion of October 2006, prior to the first trial in this matter, *see United States v. Jones*, 451 F.Supp.2d 71, 78, 86-87 (D.D.C. 2006), and then again in its opinion of September 2007. *See United States v. Jones*, -- F.Supp.2d -- , 2007 WL 2506400, at *2-3 (D.D.C. Sept. 5, 2007).[2] These new motions add no new facts or analysis, but simply reiterate the "ad hominem attacks against governmental counsel and their investigating agents" that defendant raised in his earlier motions. *Id.* at *3.

Furthermore, even if defendant's allegations were true (which they are not), they simply do not rise to the level that would warrant dismissal of the claims against him on due process grounds. *See Rochin v. California*, 342 U.S. 165, 172 (1952). "The requisite level of outrageousness . . . is not established merely upon a showing of obnoxious behavior or even flagrant misconduct on the part of the police; [it] is not transgressed absent 'coercion, violence or brutality to the person.'" *United States v. Kelly*, 707 F.2d 1460, 1476 (D.C. Cir. 1983) (citing

---

[2] Defendant relied largely upon the same allegations of misconduct to support his suppression motions and his prosecutorial misconduct motions.

*Irvine v. California*, 347 U.S. 128, 132-33 (1954)) (rejecting defendant's government misconduct and due process claims based on coercion where the facts "did not involve the infliction of pain or physical or psychological coercion"). Defendant's motions based on governmental misconduct will therefore be denied.

### III. Conclusion

Accordingly, defendant's *pro se* motions [Dkt. # 405, 406, 407, 409, 410, 411] are DENIED.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Dated:   November 5, 2007