UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES

v.                                    CASE NO. CR-05-0386 (ESH)

ANTOINE JONES

LAWRENCE MAYNARD

DEFENDANT'S PRO SE SUPPLEMENTAL MOTION
FOR RECUSAL.

DEFENDANTS LAWRENCE MAYNARD AND ANTOINE

JONES COME BEFORE THIS COURT, PRO SE TO RE-

QUEST THE COURT TO ACCEPT AND PUT ON RE-

CORD THIS SUPPLEMENTAL MOTION FOR RECUSAL.

THE REASON FOR THIS SUPPLEMENTAL MOTION

ARE STATED HEREIN.

28 USC 144 AND 28 USC 455, BIAS, PREJUDICE AND IMPARTIALITY.

DURING THE TRIAL OF ANTOINE JONES AND LAWRENCE MAYNARD, THE COURTS HAVE BLATENLY SHOWN BIA AND PREJUDICE TOWARDS THE DEFENDANTS AND PARTIALITY AND FAVORITISM TO THE GOVERNMENT, DENYING THE DEFENDANTS THE RIGHTS TO A FAIR TRIAL.

### AFFIDAVIT OF FACTS

ON NOVEMBER 15, 2007, DURING THE DEFENDANTS SUPPRESSION HEARING, YOUR HONORABLE JUDGE HUVELLE THREATENED THE DEFENDANTS BY UNPROFESSIONALLY STATING IN OPEN COURT ON

RECORD, <u>THE DEFENDANT'S LAST TRIAL WAS DECLARED A MISTRIAL</u>. <u>THIS WILL NEVER HAPPEN AGAIN IN HER COURT ROOM</u>. THE COURT WAS MORE CONCERNED ABOUT HOW MUCH THIS TRIAL WILL COST, MORE THAN GIVING JUSTICE AND ABIDING BY OUR CONSTITUTIONAL RIGHTS.

DEFENDANTS ALSO ADD THE COURTS DECISION TO SHUT DOWN THE DEFENDANTS DEFENSE, DENYING THE DEFENDANTS THE RIGHT TO A COMPLETE DEFENSE, AND THE COURTS ALSO DENIED THE DEFENDANTS ACCESS TO USE THE KEY WITNESSES THAT WOULD PROVE THE DEFENDANTS INNOCENCE, THE THEORY AND DEFENSE OF BEING "<u>FRAME UP</u>" BY THE

GOVERNMENT, OUTRAGES CONDUCT BY THE GOVERNMENT AND MANUFACTURING EVIDENCE AGAINST THE DEFENDANTS. CRANE V KENTUCKY 476 US. 683, 690 CLEARLY STATES "DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OR IN THE COMPULSORY PROCESS OR CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT, THE CONSTITUTION GUARANTEES CRIMINAL DEFENDANTS "A MEANINGFUL OPPORTUNITY TO PRESENT A COMPLETE DEFENSE". THE COURTS RULING (WITHOUT A PROPER HEARING) VIOLATES A CRIMINAL DEFENDANTS RIGHTS TO HAVE "A MEANINGFUL OPPORTUNITY TO PRESENT A COMPLETE DEFENSE. THIS IS A TRADITIONAL AND FUNDAMENTAL STANDARD OF DUE PROCESS.

THE DEFENDANTS CLAIMS ARE THE GOVERNMENTS OUTRAGEOUS MISCONDUCT, MANUFACTURING OF EVIDENCE, IMPROPER INVESTIGATION, RECKLESS DISREGARDS TO THE TRUTH ON ALL OF THE AFFIDAVITS, PERJURY TO THE COURTS, TIES RIGHT INTO THIS CASE (OF THE DEFENDANTS BEING FRAME UP) AND THE COURTS CANNOT ALLOW THE GOVERNMENT TO EXCLUDE WHAT THEY CLAIM GOT THE BALL ROLLING. THE DEFENDANTS ON CROSS EXAMINATION HAVE THE RIGHT TO DETERMINE WHAT WITNESSES WILL FLUSH OUT THE FACTS AND THE TRUTH OF THE DEFENSES THEORY OF BEING "SET UP" AND "FRAME UP" BY THE GOVERNMENT. THE SIXTH AMENDMENT PROVIDES THAT THE ACCUSED

shall enjoy the right to have compulsory process for obtaining witnesses in his favor. Because this right is an essential attribute of the adversary system itself. There are few rights which are fundamental than that of an accused to present witnesses in his own defense. According to Joseph Story, this provision was included in the Bill of Rights.

The bottom line, the right to compel a witness's presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact. The right to offer is thus grounds in 6th Amendment. Taylor v

Illinois 484, US 400, 408, 409 (1988) The Constitution felt it necessary specifically to provide that defendants in criminal cases should be provided the means of obtaining witnesses so their own evidence, as well as the prosecution's might be evaluated by the jury. The right to offer the testimony of witnesses, and to compel their attendance if necessary, is in plain terms the right to present a complete defense. The right to present the defendant's complete version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront

the prosecution's witnesses for the purpose of challenging their testimony and their case. He has the right to present his own witnesses to establish a defense. This right is a fundamental element of rooted due process law. Exclusion of this kind of exculpatory evidence and exculpatory story deprives the defendants of the basic right to have the prosecution's case encounter and survive the crucible of meaningful adversarial testing. United States v. Cronic U.S. 648, 656 (1984) Washington v. Texas supra at 22-23, Crane v. Kentucky 476 US 683, 690, 476 US 683; 690-691 (1986)

IN THE EXERCISING OF THIS RIGHT, THE ACCUSED,

AS IS REQUIRED OF THE STATE MUST COMPLY WITH

ESTABLISHED RULES OF PROCEDURE AND EVIDENCE

DESIGNED TO ASSURE BOTH FAIRNESS AND RELIABILITY

IN THE ASCERTAINMENT OF GUILT AND INNOCENCE.

ALTHOUGH PERHAPS NO RULE OF EVIDENCE HAS BEEN

MORE RESPECTED OR MORE FREQUENTLY APPLIED

IN JURY TRIAL THAN THAT APPLICABLE TO THE EXCLUSION

OF HEARSAY, EXCEPTIONS TAILOR TO ALLOW THE INTRODUCTION

OF EVIDENCE WHICH IN FACT IS LIKELY TO BE TRUSTWORTHY

HAVE LONG EXISTED.

## THE ROLE OF THE JURY

IT IS THE FUNCTION OF THE JURY TO MAKE CREDIBILITY

DETERMINATION. IN MY JUDGEMENT EVIDENCE THAT TENDS TO ESTABLISH EITHER A CONSCIOUSNESS OF GUILT OR A CONSCIOUSNESS OF INNOCENCE MAY BE OF ASSISTANCE TO THE JURY IN MAKING SUCH DETERMINATION. THIS WAS THE OPINION OF DEAN WIGMORE.

LET THE ACCUSED WHOLE CONDUCT COME IN, WHETHER IT TELLS FOR CONSCIOUSNESS OF GUILT OR FOR CONSCIOUSNESS OF INNOCENCE, LET US TAKE IT FOR WHAT IT'S WORTH, REMEMBERING THAT IN EITHER CASE IT IS OPEN TO VARYING EXPLANATIONS AND IS NOT TO BE EMPHASIZED.

LET US NOT DEPRIVE AN INNOCENT PERSON, FALSELY ACCUSED, OF THE INFERENCE WHICH COMMON SENSE DRAWS FROM CONSCIOUSNESS OF INNOCENCE AND ITS NATURAL MANIFESTATIONS.

<u>JURY INSTRUCTION AND RULES OF LAW</u>

THE COURTS WILL GIVE THE JURY INSTRUCTIONS THAT THE DEFENDANT IS ENTITLED TO THE PRESUMPTION OF INNOCENCE, THOUGH ACCUSED BEGINS A TRIAL WITH A CLEAN SLATE

THIS PRESUMPTION ATTENDS A DEFENDANT THROUGHOUT THE TRIAL. DURING THE BENCH CONFERENCES THE COURTS HAS MADE NUMEROUS NEGATIVE ACCUSATIONS THAT THE DEFENDANTS ARE GUILTY, WITHOUT THE VERDICT FROM A TWELVE PERSON JURY OR THE DEFENDANT PLEADING GUILTY. THIS IS A CLEAR CASE OF BIAS AND PREJUDICE AND VIOLATING <u>"28 USC 144"</u> AND <u>"28 USC 455"</u> IN THE JURY INSTRUCTIONS THE COURTS WILL

instruct the jury that they must consider and decide this case "FAIRLY, CALMLY AND IMPARTIALLY."

The fact that the prosecution is brought in the name of the United States of America entitle the prosecution to no greater consideration than that accorded to any other party to this litigation.

If all parties stand equal before the law and are entitled to the same treatment under the law.

The courts does not hesitate to find the defendants guilty of the charges, getting emotional by threatening the defendants and their attorneys, and shut down the defendant's defense witness list.

## CONCLUSION

Dating back to the last trial of United

STATES V. ANTOINE JONES, THE COURT SHOWED BIAS WHEN SHE INSTRUCTED THE GOVERNMENT TO TAKE AGENT YANTA OFF THE WITNESS STAND SO THE DEFENSE COULDN'T FLUSH OUT THE TRUTH AND TRUE FACTS ON THE MATTER OF THE DEFENDANT BEING "SET UP" AND "FRAME UP".

THE DEFENSE IS REQUESTING HONORABLE JUDGE HUVELLE TO RECUSE HERSELF PURSUIT TO 28 USC 144 AND 28 USC 455 BIAS AND PREJUDICE.

THE DEFENDANTS ALSO LIKE TO CONCLUDE THAT THE COURTS HAVE RULED ON INCOMPLETE EVIDENCE (REDACTED VERSION OF THE SEPT. 12, 2005 WIRETAP AFFIDAVITS) NOT KNOWING OR REVIEWING ALL SUFFICIENT FACTS,

THAT WOULD HAVE SUPPORTED THE DEFENDANT'S MOTIONS TO SUPPRESS THE ILLEGAL WIRETAP AND THE DEFENSE'S THEORY OF BEING "SET UP" BY THE GOVERNMENT AND "FRAMEUP" BY THE GOVERNMENT.

WITHOUT THESE KEY WITNESSES, THE DEFENSE CANNOT TELL THEIR EXCULPATORY STORY, THEIR COMPLETE VERSION OF FACTS AND KEY ELEMENTS WOULD BE IGNORED AND NEVER BROUGHT UP. THE BIAS ACTIONS AND PREJUDICE RULINGS HAS CAUSED THE DEFENDANTS TO BE HANDICAP OR WORSE DEFENSELESS BY THE PERJURING GOVERNMENT.

RESPECTFULLY SUBMITTED

*Lawrence Maynard*
LAWRENCE MAYNARD
DECEMBER 10, 2007

*Antoine Jones*
ANTOINE JONES