

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

January 18, 2006

**FILED**

FEB 2   2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Christopher Davis, Esq.
514 10ᵗʰ Street, N.W., 9ᵗʰ Floor
Washington, D.C. 20004

> Re: United States v. Anthony Koonce
> Criminal Number 05-244 (RMU)

Dear Mr. Davis:

This letter confirms the agreement between your client, Anthony Koonce, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Anthony Koonce's Obligations, Acknowledgments and Waivers</u>:

1. Your client, Anthony Koonce, agrees to admit guilt and enter a plea of guilty to one count of Possession with Intent to Distribute Heroin, and one count of Possession with Intent to Distribute Cocaine Base, both in violation of 21 U.S.C. § 841(a), in a criminal information, which I will forward to you under separate cover. Your client understands that pursuant to 21 U.S.C. § 841(b), the charges carry a maximum sentence of 20 years incarceration, a fine of not more that $1,000,000, and a term of supervised release of at least 3 years. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of

Rev. 1/18/05 daj

supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2.    Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 5 but less than 20 grams of cocaine base, and at least 10 but less than 20 grams of heroin, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

3. Your client and the government agree that the issue of your client's release status pending sentencing is within the sole discretion of the Court.

4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

6. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

8. This Office will file the above-mentioned criminal information with the United States District Court for the District of Columbia for the purpose of your client's plea of guilty to the charge(s) contained therein, and will dismiss the indictment currently pending against your client at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact. In addition, at sentencing, the government will dismiss the enhancement papers filed pursuant to 21 U.S.C. § 851.

9. The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. The parties agree that your client is free to argue for a downward departure from the applicable Guideline range, and the government is free to oppose any such departure. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

## General Conditions

10. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

11. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12.   There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

John V. Geise
Rachel Carlson Lieber
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Chris Davis, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 02/02/06

Anthony Koonce
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2-2-06

Christopher Davis, Esquire
Attorney for the Defendant

Rev. 1/18/05 daj

5

## FACTUAL PROFFER

The parties agree that the following facts are true and accurate:

On or about March 23, 2005, in the District of Columbia, members of the Metropolitan Police Department's Third Police District's Vice Unit, were investigating drug complaints in the Kelly Miller Housing Project, where individuals are commonly seen in the hallways and stairwells, smoking crack cocaine. As they walked out of the apartment building located at 420 W Street, N.W., defendant Koonce attempted to enter the building. Defendant Koonce made eye contact with the officers, who were in police uniform, and then jumped back, and started walking quickly out of the building. One officer asked: "hey, where are you going?" at which point, Koonce began running away at a high rate of speed.

The officers started chasing Koonce down the 400 block of W St; at some point in that block, Koonce tripped on the sidewalk and fell to the ground. One of the officers rolled him over to help him up from the ground. As he helped Koonce to his feet, Koonce's jacket pocket bulged open, and therein was a large chunk of suspected crack cocaine, wrapped in plastic. The officers seized the suspected crack cocaine from his pocket, and in the process, pulled out a second clear plastic bag containing tan powder, suspected to be heroin. They placed him under arrest; a search incident revealed a clear ziplock full of greed weed, suspected marijuana. Field tests confirmed the identity of these various drugs. The chunk of crack cocaine weighed 18 grams with packaging, and the heroin 11 grams. Also recovered from Koonce was $1,154.


_____           2-2-06
Anthony Koonce                      Date


_____           2-2-06
Christopher Davis, Esq.             Date
Counsel for ~~John Adams~~


_____           2/2/06
Rachel Carlson Lieber              Date
Assistant United States Attorney
Assistant United States Attorney