UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 05-386(1) (ESH) |
| | : | |
| **ANTOINE JONES** | : | |

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
### RELATED TO SEARCH OF 400 HAMPTON PARK BOULEVARD WAREHOUSE

Defendant Antoine Jones ("Jones"), by and though undersigned counsel, and pursuant to the Fourth Amendment to United States Constitution and applicable case law, hereby respectfully moves to suppress evidence relating to the search of the 400 Hampton Park Boulevard warehouse by federal agents. In support of this Motion, Jones states as follows:

### FACTS

In February 2004, ICE began an investigation into alleged narcotics trafficking by several Hispanic individuals in Maryland. From this investigation, the government allegedly learned Antoine Jones had rented a warehouse located at 400 Hampton Park Boulevard, Capitol Heights, Maryland, purportedly for the purposes of conducting narcotics related activity.

ICE Agent Katarina Korousos testified at trial that she and other agents entered the warehouse late on the evening of April 30, 2004, after having obtained the key from the landlord (Andrew Schaeffer) and purportedly after Jones vacated the premises. Korousos further testified that upon entering the premises, she observed inflatable mattresses and wrapping, purportedly typical to a cocaine distribution operation.

Defense witness Gregory Wills testified that he installed a "peg board" inside the warehouse for Jones sometime *prior* to Jones vacating the premises. (Tr. Dec 20, 2007, morning session, at 17:11 – 20:21). Defense witness Scott Peacock testified that when he moved into the

premises approximately a month after Jones left, the "peg board" was still installed on the wall of the warehouse. (Tr. Dec. 18, 2007, afternoon session, at 102:14-15).

Photographs introduced into evidence by the government (Gov. Exh. ICE 12), purportedly taken during the ICE search of April 30, 2004, *after* Jones vacated the premises, clearly show that the "peg board" is not located on the wall where Wills testified he installed it prior to Jones' departure and where Peacock testified it was when he moved in. The clear implication is that the photographs were taken by the ICE agents sometime prior to the installation of the "peg board" and thus, sometime prior to Jones' vacating the premises. Thus, the ICE agents entered and searched the premises without a warrant.

Because the ICE agents conducted a warrantless search and there were no exceptions to the warrant requirement, any tangible evidence seized or testimony derived from their illegal entry must be suppressed as the fruit of the poisonous tree.

## **ARGUMENT**

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized ..." U.S. Const. amend. IV. The Supreme Court has consistently held that the Fourth Amendment only prohibits *unreasonable* searches and seizures. *See Maryland v. Buie,* 494 U.S. 325 (1990); *Skinner v. Railway Labor Executives' Assn.,* 489 U.S. 602 (1989).

In evaluating the reasonableness of a challenged governmental action, it is necessary to balance the intrusion on the individual's Fourth Amendment interests against its

promotion of legitimate governmental interests. *United States v. Villamonte-Marquez,* 462 U.S. 579 (1983); *Delaware v. Prouse,* 440 U.S. 648, 654 (1979). A search of a house, apartment, or office is generally unreasonable without a warrant issued on probable cause.  The Court has consistently expressed a preference for the use of search warrants. *See United States v. Ventresca,* 380 U.S. 102 (1965). "Resort to the warrant process, the Court has declared, is to be preferred because it 'interposes an orderly procedure' involving 'judicial impartiality' whereby 'a neutral and detached magistrate' can make 'informed and deliberate determinations' on the issue of probable cause." 1 LaFave, Search & Seizure, § 3.1(b), 548-49 (1987) (citations omitted).

   In this case, the testimony from Karousos, Wills and Peacock, along with the photographic evidence, support the argument that the ICE agents entered Jones' warehouse prior to Jones' vacating the premises.  In fact, Schaeffer testified that Carouses tried to gain access to the warehouse prior to Jones' departure:

> 14 Q. Without telling me what you said or what she said, just
> 13 tell us how exactly that came about? How did you give her
> 14 access to the warehouse?
> 15 A. She had contacted me, she wanted some information about
> 16 the tenant. I told her that she would have to subpoena the
> 17 information which she did. <u>Then she asked to gain access and I
> 18 told her that it was not possible until the space was vacant</u>.

(Tr. Nov. 19, 2007, afternoon session, at 28:14-18).  Considering that the ICE investigation exhibited a pattern of warrantless entries into private locations (*i.e.,* Summit Circle apartment 3B and 8550 Myrtle Avenue), it is not inconceivable that the ICE agents entered the 400 Hampton Park prior to Jones' departure – in fact, it is clear that they were seeking entry into the warehouse at that time.

**WHEREFORE** for the foregoing reasons, and any others that may appear to the Court, Mr. Jones respectfully requests that this Motion be **GRANTED** and that the Court strike any testimony derived from the search of the warehouse located at 400 Hampton Park Boulevard.

Dated: Washington, DC
January 1, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____/s/_____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Antoine Jones*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of January 2008, I caused a true and correct copy of the foregoing Defendant Jones' Motion to Suppress Evidence Related to Search of 400 Hampton Park Boulevard to be delivered to the parties in this matter via Electronic Case Filing (ECF).

________________________________
A. Eduardo Balarezo