PROSECUTORIAL MISCONDUCT AND OUTRAGEOUS

CONDUCT   PRO SE MOTION


DEFENDANT JONES IS REQUESTING A HEARING ON

THIS MATTER OF OUTRAGEOUS CONDUCT, PROSECUTORIAL

MISCONDUCT, CONSTITUTIONAL VIOLATION OF MS.

DEBORAH ONEAL AND DEFENDANT JONES, RULE 17

VIOLATION AND GRAND JURY PROCEDURES VIOLATION,

OR REQUESTING THE COURTS TO USE SUPERVISORY POWER

TO DISMISS THE INDICTMENT.


OUTRAGEOUS CONDUCT

A DISTRICT COURT MAY DISMISS AN INDICTMENT

ON THE GROUNDS OF OUTRAGEOUS GOVERNMENT CONDUCT

AMOUNTS TO A DUE PROCESS VIOLATION. UNITED STATES

V. BERRERA-MORENO, 951 F.2D 1089 1091 (9TH CIR

1991)

①

IF THE CONDUCT RISES TO THE LEVEL OF A DUE PROCESS VIOLATION, THE COURT MAY NONE THE LESS DISMISS AN INDICTMENT UNDER ITS SUPERVISORY POWERS. THESE POWERS MAYBE EXCERCISED FOR THREE REASONS; "TO REMEDY A CONSTITUTIONAL OR STATUTORY VIOLATION," TO PROTECT JUDICIAL INTEGRITY BY INSURING THAT A CONVICTION REST ON APPROPRIATE CONSIDERATIONS VALIDLY BEFORE A JURY OR "TO DETER FUTURE ILLEGAL CONDUCT."

DISMISSAL IS APPROPRIATE WHEN THE INVESTI-GATORY OR PROSECUTORIAL PROCESS HAS VIOLATED A FEDERAL CONSTITUTIONAL OR STATUTORY RIGHT AND NO LESSER REMEDIAL ACTION IS AVAILABLE. THE DEFENDANT ARGUES THAT THE CUMULATIVE EFFECT OF OUTRAGEOUS CONDUCT, NUMEROUS ALLEGEDED IMPRO-

②

PARTY BEFORE GRAND JURY PROCEEDINGS AND TRIAL PROCEEDINGS REQUIRES DISMISSAL.

(1) REFUSAL TO ALLOW SUBPOENA EXCULPATORY WITNESS'S TESTIMONY, OR GIVE THEIR TESTIMONY TO THE GRAND JURY, CONSTITUTES UNWARRANTED INTERFERENCE WITH THE PROPER FUNCTION OF THE GRAND JURY.

(2) FAILURE TO PRESENT EXCULPATORY WITNESSES TO THE GRAND JURY WHO'VE BEEN INTERROGATED FOR HOURS, BY THE ASST. UNITED STATES ATTORNEY, F.B.E. AND M.P.D. DETECTIVES.

ON THURSDAY, JANUARY 26, 2006, MS. DEBORAH ONEAL WAS MANIPULATED TO BE INTERROGATED BY ASST. UNITED STATES ATTORNEY RACHEL LIEBER, SPECIAL AGENT YANTA, SPECIAL AGENT STEVE KERSHNER AND

(3)

M.P.D. DETECTIVE NORMA HORNE. DEBORAH ONEAL

GOT THERE AROUND 1:05 PM AND WAS TO APPEAR IN

FRONT OF THE GRAND JURY AT 1:30 PM.

MS. RACHEL LEIBER AND THE AGENTS WANTED TO

TALK TO MS. ONEAL BEFORE SHE APPEARED IN FRONT

OF THE GRAND JURY, SHE AGREED. NOT ONCE DID

THE GOVERNMENT ASK DID SHE WANTED AN ATTORNEY

PRESENT IN THIS PRIVATE INTERROGATION, AND NOT

ONCE DID THEY READ MS ONEAL HER MIRANDA

RIGHTS.

THIS DECEPTION, INTIMIDATING, OBSTRUCTION OF

JUSTICE, AND MANIPULATION VIOLATION THE ETHICAL

CODE OF PROFESSIONAL CONDUCT FROM A UNITED

STATES ATTORNEY.

MS. LEIBER ON OCASSION DURING THIS INTERROGATION

④

THREATENED MS ONEAL WITH THE CONSEQUENCE OF
PERJURY, YET NOT ONCE PUT MS. ONEAL UNDER OATH.
THIS WAS ALMOST A TWO HOUR PRIVATE INTERVIEW
AND AFTER THE GOVERNMENT COMPLETED THE PRIVATE
INTERVIEW, VIOLATING THE LAW AND PROCEDURES OF
RULE 17. MS. WEBER COMPLETED THE INTERROGATION
BY TELLING MS. ONEAL THIS IS HER LUCKY DAY, AND
THEY WEREN'T GOING TO WASTE THE GOVERNMENTS, THE
GRAND JURY'S OR MS. ONEAL'S TIME. SHE ENDED THE
INTERVIEW WITH THREATS OF PERJURY IF SHE THOUGHT
MS. ONEAL WAS NOT TELLING THE TRUTH.

THIS WHOLE ORDEAL WAS AN IMPROPER USE OF
A GRAND JURY SUBPOENA. IT WAS USED ONLY TO
CONDUCT THERE OWN PRIVATE INVESTIGATION.
"DURBIN V. UNITED STATES 221 F2D 520 (D.C. CIR 1954)

⑤

THE U.S. ATTORNEY ADMITTED THAT BECAUSE HE WAS
NOT SATISFIED WITH A WITNESSES STATEMENTS, HE
DID NOT TAKE THE WITNESS BEFORE THE GRAND JURY
I.P. AT 522.

UNITED STATE V. MC CLENTON CITE AS 748, F 2D 12 78
1989, ADMITTED THAT ANYONE WHO RECEIVES A GRAND
JURY SUBPOENA AND WANTED TO TESTIFY WAS TAKEN BEFORE
THE GRAND JURY. JUST FOR MS. ONEAL TO TAKE TIME
OFF FROM HER JOB, IT SHOWS SHE WAS WILLING TO
TESTIFY IN FRONT OF THE GRAND JURY, NOT IN FRONT
OF THE GOVERNMENT BEING HARRASSED AND INTERROGATED.
THE "A.B.A." OR THE "COURT" DOES NOT CONDONE
THIS OUTRAGEOUS BEHAVIOR FROM THE UNITED STATES
OFFICE OR THE FBI AGENTS. THEY CAUTION GOVERNMENT
AGENCIES TO ADHERE TO THE ETHICAL STANDARDS THAT A

⑥

A CITIZEN WOULD EXPECT FROM OFFICERS OF THE

LAW.

THE UNITED STATES ATTORNEY OFFICE IS RESPONSIBLE FOR

THE CONDUCT AND BEHAVIOR OF ITS ATTORNEYS AND

IT'S AGENTS, AS AGENTS ARE THE ARM OF THE

PROSECUTORS (QUOTING UNITED STATES V. MURREN,

624 F2D 660, 565 (2ND CIR 1975)

## RULE 17 - SUBPOENA

A SUBPOENA MUST STATE THE COURT'S NAME AND

THE TITLE OF THE PROCEEDING INCLUDE THE SEAL OF

THE COURT, AND IT COMMANDS THE WITNESS TO ATTEND

A HEARING OR TRIAL, MAY BE SERVED AT ANY PLACE

WITHIN THE UNITED STATES.

AFTER CONSIDERING THE CONVENIENCE OF THE WIT-

NESS AND THE PARTIES, AS THE COURT MAY ORDER

⑦

AND THE SUBPOENA MAY REQUIRE THE WITNESS TO

APPEAR ANYWHERE THE COURT DESIGNATES.

THE COURT (OTHER THAN A MAGISTRATE JUDGE) "MAY

HOLD IN CONTEMPT " A WITNESS WHO, WITHOUT

ADEQUATE EXCUSE, DISOBEYS A SUBPOENA ISSUED

BY A FEDERAL COURT IN THAT DISTRICT. A MAGISTRATE

JUDGE MAY HOLD IN CONTEMPT A WITNESS WHO, WITHOUT

ADEQUATE EXCUSE, DISOBEYS A SUBPOENA ISSUED BY

THAT MAGISTRATE JUDGE AS PROVIDED IN 28 USC

§ 636 (E)

HERE WE HAVE A UNITED STATES ATTORNEY "VIOLATING

RULE 17", "THE GRAND JURY PROCEEDING " THE "WITNESSES

5TH AMENDMENT" THE DEFENDANT'S 5TH AND 6TH

AMENDMENT" THE DEFENDANT HERE CHARGES THE

GOVERNMENT WITH CONTEMPT TO COURT AND

⑧

AND VIOLATION OF DC BAR, DISCIPLINARY RULES OF

PROFESSIONAL CONDUCT (REVISED EFFECTIVE 2007)

("RULE 3.8") SPECIAL RESPONSIBILITIES OF A PROSECUTOR,

I LIKE TO BRING ATTENTION SPECIFICALLY TO 3.8 (G) IN

PRESENTING A CASE TO A GRAND JURY; INTENTIONALLY

INTERFERE WITH THE INDEPENDENCE OF THE GRAND JURY,

PRE-EMPT A FUNCTION OF THE GRAND JURY, ABUSE THE PROCESS

OF THE GRAND JURY, OR FAIL TO BRING THE ATTENTION OF

THE GRAND JURY MATERIAL FACTS TENDING SUBSTANTIALLY

TO NEGATE THE EXISTENCE OF PROBABLE CAUSE.

A PROSECUTOR HAS THE RESPONSIBILITY OF A MINISTER OF

JUSTICE AND NOT SIMPLY OF AN ADVOCATE. THIS RESPON-

SIBILITY CARRIES WITH IT SPECIFIC OBLIGATION TO SEE

THAT THE DEFENDANT AFFORDED PROCEDURAL JUSTICE AND

THAT GUILT IS DECIDED UPON THE BASIS OF SUFFICIENT

⑨

EVIDENCE. MS. RACHEL LIEBER HAS TO FOLLOW THE RULES!

PROSECUTOR ARE OBJECT TO THE SAME OBLIGATIONS IM-

POSED UPON ALL LAWYERS BY THE RULES OF PROFESSIONAL

CONDUCT. MS LIEBER AND PARTIES VIOLATED "RULE 4.4(A)"

RESPECT FOR RIGHT OF THIRD PERSONS. A LAWYER SHALL

NOT USE MEANS THAT HAVE NO SUBSTANTIAL PURPOSE OTHER

THAN TO "EMBARRASS, DELAY OR BURDEN" A THIRD

PERSON OR KNOWINGLY USE METHOD OF OBTAINING

EVIDENCE THAT VIOLATES THE LEGAL RIGHTS OF SUCH A

PERSON. RACHEL LIEBER SHOULD NOT HAVE DISREGARD THE

RIGHTS OF DEBORAH ONEAL. THIS UNWARRANTED INTRUSION

WAS "UNETHICAL" AND A VIOLATION OF DEBORAH ONEAL'S

5TH AMENDMENT PRIVILEDGE, RIGHT TO AN EFFECTIVE

COUNSELING, WASTING HER TIME AND CONTEMPT TO COURT,

A VIOLATION ONCE AGAIN BY THE GOVERNMENT.

⑩

THERE WAS ALSO "RULE 5.3 (C) (2)" THE LAWYER HAS

DIRECT SUPERVISORY AUTHORITY OVER THE PERSON OR

GOVERNMENT AGENCY IN WHICH THE PERSON IS EMPLOYED,

AND KNOW OF THE CONDUCT AT A TIME WHEN ITS

CONSEQUENCE CAN BE AVOIDED OR MITIGATED BUT FAIL

TO TAKE REASONABLE REMEDIAL ACTIONS. SUCH LAWYERS

HAVE RESPOSIBILITY WITH RESPECT OF LAW ENFORCEMENT

OR INVESTIGATIVE PERSONNEL, WHOSE CONDUCT THEY EFFECTIVELY

DIRECT. HERE WE HAVE A UNITED STATES ATTORNEY ALLOWING

HER INVESTIGATORS (F.B.I. AND M.P.D. DETECTIVE) INTERROGATE

MS ONEAL WITHOUT AN ATTORNEY OR READING HER, HER

MERANDA RIGHTS, OR EXPLAINING HER 5TH AMMENDMENT RIGHTS

TO INCRIMINATE HERSELF. MS LEIBER ALONG WITH THE

OFFICERS "PRESENTED ILLEGALLY OBTAINED JAIL CALLS," USE

PROFESSIONAL COERCION AND INTIMIDATING TACTICS. THIS

⑪

OVERREACHING CONDUCT AND ABOVE THE LAW ATTITUDE

DENIED HER RIGHTS TO HAVE THE SAFEGUARD AGAINST

GOVERNMENTAL OPPRESSION, WHICH IS OUR BASIC LIBERTY.

THIS WAS MANIPULATION OF GRAND JURY'S PROCEDURE

BY OVERZEALOUS PROSECUTORS.

UNITED STATES V. SAMANGO SUPRA, 607 F.2D AT 882

PROSECUTORS SHARE WITH THE COURTS THE DUTY NOT TO

INTERFERE WITH THE GRAND JURY'S FUNCTIONS. UNDER

THE CONSTITUTIONAL SCHEME, THE GRAND JURY IS NOT

AND SHOULD NOT BE CAPTIVE TO ANY OF THE THREE

BRANCHES. U.S. V. CHANEN SUPRA 549 F 2D A 1312.

## CONCLUSION

THE GOVERNMENT SUBPOENA SOME EXCULPATORY WITNESSES

HAD THERE PRIVATE INTERVIEW TO PREPARE FOR AN INDICT-

MENT, BUT NEVER ALLOWED OR PRESENT THESE EXCULPATORY

(15)

WITNESSES TO THE GRAND JURY.

THE COURT MAY EXERCISE ITS SUPERVISORY POWERS

OVER CRIMINAL PROCEEDINGS IF IT APPEARS THE

GOVERNMENT IS ACTING IN BAD FAITH OR IN A MANNER

WHICH CONSTITUTE A PURPOSEFUL ABUSE OF THE GRAND JURY

SYSTEM, SEE IN RE MELVIN 546 F.2D 1.5 (1976) AFFD

AFTER REMAND, 550 F2D 674 (1ST CIR 1977) "DURBIN V.

UNITED STATES" 94 US APP DC. 415. 221 F.2D 520 1954

(DICTUM)

DURBIN STATES, THE UNITED STATES ATTORNEY'S OFFICE IS

NOT A PROPER SUBSTITUTE FOR THE GRAND JURY ROOM

AND USE THE SUBPOENA TO ABUSE GRAND JURY PRO-

CEDURES, POLICIES AND RULE 17.

THE CONSTITUTION OF THE UNITED STATES THE STATURE,

THE TRADITION OF OUR LAW, THE DEEP ROOTED PREFERENCES

OF OUR PEOPLE SPEAK CLEARLY. THEY RECOGNIZE THE    ⑬

PRIMARY AND NEARLY EXCLUSIVE RULE OF THE GRAND

JURY AS THE AGENCY OF COMPULSORY DISCLOSURE. IT WAS

CLEARLY AN IMPROPER USE OF THE DISTRICT COURTS PROCESS

FOR THE UNITED STATES ATTORNEY TO ISSUE A GRAND JURY

SUBPOENA FOR THE PURPOSE OF CONDUCTING HIS OR HER

OWN INQUISITION. NOR IS SUCH USE EXCUSABLE UPON

THE MISTAKEN NOTION THAT A MEMBER OF THE UNITED

STATES ATTORNEY'S OFFICE, HAS THE DUTY TO BE SATISFIED

WITH WHAT THE WITNESS WILL TELL THE GRAND JURY,

AND MAY THEREFORE USE THE SUBPOENA AS AN OPPRESSIVE

TOOL TO ACHIEVE SUCH SATISFACTION.

DURBIN'S CONVICTION WAS REVERSED AND REMANDED

TO THE DISTRICT COURT WITH DIRECTION TO DISMISS THE

INDICTMENT.



RESPECTFULLY SUBMITTED


Antoine Jones
ANTOINE JONES
JANUARY 7, 2008


Lawrence Maynard
LAWRENCE MAYNARD
JANUARY 7, 2008