*William Christian v. United States 9/28/78*

A subpoena may be resisted where the grand jury acts without authority, where the subpoena seeks information unrelated to the grand jury's investigation, or where the subpoena endeavors to gather evidence primarily for another purpose. In re Grand Jury Proceedings (Schofield), 486 F.2d 85 (1973), aff'd after remand, 507 F.2d 963 (3d Cir. 1975); see also United States v. Moultrie, D.C.App., 340 A.2d 828, 832 n.2 (1975). The court may exercise its supervisory powers over criminal proceedings if it appears the government is acting in bad faith or in a manner which constitutes a purposeful abuse of the grand jury system. See In re Melvin, 546 F.2d 1, 5 (1976), aff'd after remand, 550 F.2d 674 (1st Cir. 1977); Durbin v. United States, 94 U.S.App.D.C. 415, 221 F.2d 520 (1954) (dictum).