UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES

CRIMINAL NO 05386 (1)(ESH)

V

ANTOINE JONES

MOTION FOR RECONSIDERATION

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
RELATED TO SEARCH OF 400 HAMPTON PARK
BOULEVARD WAREHOUSE

DEFENDANT ANTOINE JONES HEREBY RESPECTFULLY MOVE

TO SUPPRESS EVIDENCE RELATING TO THE SEARCH OF

THE HAMPTON PARK BOULEVARD WAREHOUSE BY FEDERAL

AGENTS, DUE TO THE VIOLATION OF FEDERAL CRIMINAL

PROCEDURE RULE 41 AND THE FOURTH AMENDMENT OF

THE UNITED STATES CONSTITUTION.

①

DEFENDANT JONES IS REQUESTING THE COURTS TO USE
SUPERVISORY POWER TO DISMISS THE INDICTMENT
ON THIS CASE DUE TO PERJURY IN THE GRAND JURY
LAST TRIAL AND THIS TRIAL.

DEFENDANT JONES ALLEDGE THIS INTRODUCTION OF
PERJURY PREJUDICE THE DEFENDANT IN THE GRAND
JURY THE LAST TRIAL AND THIS TRIAL.

A. MOTION FOR RECONSIDERATION

WHILE THE FEDERAL RULES OF CRIMINAL PROCEDURE
DO NOT CONTAIN A PROVISION SPECIFICALLY ALLOWING
MOTION FOR RECONSIDERATION, NUMEROUS CIRCUITS
COURTS HAVE HELD THAT MOTIONS FOR RECONSIDERA-
TION MAYBE FILED IN CRIMINAL CASES. SEE
UNITED STATES V. MARTIN 226 F3D 1042, 1047 N.7

②

(9TH CIR 2000) (POST-JUDGEMENT MOTION FOR RECON-SIDERATION MAY BE FILED IN CRIMINAL CASES AND GOVERNED BY FED. CIV. P. 59(E)); UNITED STATES V. FLORELL, 337 F. 3D 282, 286 (3D CIR 2003) (MOTION FOR RECONSIDERATION ALLOWED IN CRIMINAL CASE AND GOVERNED BY FED. CIV. P. 59(E) OR FED. R. CIV. P. 60(B); UNITED STATES V. CLARK, 984 F. 2D 31, 33-34 (2D CIR 1993) (MOTION FOR RECONSIDERATION FILED IN CRIMINAL CASE WITHIN 10 DAYS OF SUBJECT ORDER IS TREATED UNDER FED. R. CIV. P. 59(E))

THE PURPOSE OF A MOTION UNDER RULE 59(E) IS TO CORRECT MANIFEST ERRORS OF LAW OR FACT OR TO PRESENT NEWLY DISCOVERED EVIDENCE. HARSCO CORP V. ZLOTNICK, 779 F. 2D 906, 909 (3D CIR 1985) SEE ALSO 389 ORANGE STREET PARTNERS V. ARNOLD, 179

③

F. 3D, 656, 665 (9TH CIR 1999) RELIEF UNDER

RULE 59 (E) SHOULD NOT BE GRANTED... UNLESS

THE DISTRICT COURT IS PRESENTED WITH NEWLY

DISCOVERED EVIDENCE, COMMITTED CLEAR ERROR, OR

IF THERE IS AN INTERVENING CHANGE IN THE CONTROLLING

LAW.

THESE CIVIL PROCEDURE PRECEPTS ALSO GOVERN A MOTION

FOR RECONSIDERATION MADE IN A CRIMINAL CASE.

UNITED STATES V. LEE, 82 F. SUPP 2 D 389, 390-91 N 4

(E.D. PA 2000); UNITED STATES V. PALM BEACH CRUISES

S.A. 204 B.R. 634, 639 N.1 (S.D. FLA. 1990)

DEFENDANT JONES ATTORNEY MR. BALAREZO CLEARLY

POINTED OUT THE NEWLY DISCOVERED FACTS AND EVIDENCE

THAT THERE WAS A "PEGBOARD" INSIDE THE WAREHOUSE

④

BEFORE MARCH 30, 2004, DEFENSE WITNESS GREGORY

WELLS TESTIFIED THAT HE INSTALLED A "PEG BOARD"

INSIDE THE WAREHOUSE SOMETIME LATE FEB 2004,

AND THE TESTIMONY OF DEFENSE WITNESS SCOTT

PEACOCK, HE TESTIFIED THAT HE WAS SHOCKED AND

APPRECIATIVE WHEN HE MOVED INTO THE PREMISES

APPROXIMATELY A MONTH AFTER JONES LEFT, THE

"PEG BOARD" THAT GREG WELLS PUT UP WAS STILL

ON THE WALL.

[THE PEGBOARD THAT GREGORY WELL PUT ON THE WALL

WAS PERMENANTLY INSTALLED SOMETIME LATE FEB 2004]

NO MATTER HOW CLOSE OR HOW FAR AWAY YOU CAN

SEE THE PEG BOARD PUTRUDING FROM THE WALL,

IT HAD SOME 2×4 HOLDING IT UP AND WAS

BETWEEN THE WALL AND THE PEG BOARD TO CAUSE

⑤

IT TO PROTRUDE OUT FROM THE WALL, CAUSING IT

TO BE CONSTANTLY NOTICEABLE.


## ARGUEMENT

HERE WE HAVE THREE WITNESSES THAT SUPPORT THE

DEFENSE MOTION TO SUPPRESS.

GREGORY WELLS TESTIFIED UNDER OATH HE BUILT

A PERMENANT LARGE PEG BOARD ON THE WALL

IN THE PHOTOS, SOMETIME LATE FEB 2004.


SCOTT PEACOCK TESTIFIED THAT HE MOVED IN THE

MONTH JUNE 1,2004 AND THE PEG BOARD WAS STILL

PRESENT ON THE WALL IN THE PHOTOS, AND THE

HANDYMAN LEFT IT.


MR SCHAFFER TESTIFIED THE AGENTS WANTED TO GAIN

ACCESS BEFORE APRIL 30 2004 THE DEPARTURE OF MR JONES.

⑥

MR. SCHAFFER ALSO TESTIFIED THAT DEFENDANT JONES

AND HIMSELF WENT ON A WALK THRU BEFORE HE GAVE

MR JONES HIS SECURITY DEPOSIT BACK. HE ALSO TESTIFIED

THAT HE DID NOT REMEMBER ANY OF THE 32 ITEMS BEING

LEFT IN THE WAREHOUSE, ON THE ICE INVESTIGATION PHOTOS,

REFER THE COURT TO LAST YEARS TESTIMONY OF MR SCHAFFER

AND THIS YEARS TESTIMONY.

THE DEFENDANT IS REQUESTING THE JUDGE TO BE

NEUTRAL AND EVALUATE THE EVIDENCE AND FACTS PRESENTED,

THE DEFENSE WANTS TO ADD THE COMPLETE PICTURE HERE

BECAUSE THE COURTS HAVE ALREADY STATED, A PICTURE SPEAKS

FOR ITSELF. ALSO KEEP IN MIND, WHAT REASONABLE

MINDED JUROR OR CITIZEN WOULD BELIEVE AFTER

A DEPARTURE WALK THRU WITH THE LENSEE AND THE

LENSOR BEFORE GIVING THE SECURITY DEPOSIT, THESE

⑦

ITEMS WILL BE LEFT AT THE WAREHOUSE PLUS WHEN

SCOTT PEACOCK MOVED INTO THE WAREHOUSE 30 DAYS LATER

NONE OF THESE ITEMS WERE PRESENT. THE KEYS WERE

TURNED IN BY MR JONES ON APRIL 30, 2004 TO MR

SCHAFFER, BESIDES AGENT KOROUSOS, NO ONE ELSE HAD

BEEN IN THE WAREHOUSE IN THOSE 30 DAYS. BEFORE MR.

PEACOCK MOVED IN JUNE 1, 2004

THE ITEMS SUPPOSED TO HAVE BEEN SEEN BY THE ICE

AGENT ON APRIL 30, 2004, DURING THEIR CONSENT

SEARCH, BY MR SCHAFFER. (HE GAVE THEM THE KEYS) AND

THE DEFENSE IS NOT DISAGREEING WITH AGENT KOROUSOS

RECEIVING THE KEYS ON THAT DAY AND GOING INTO THE

WAREHOUS APPROX 11:00 PM APRIL 30, 2004.

THE DEFENSE ARGUMENT AND CHALLENGE, THAT THESE

ITEMS WERE NOT PRESENT OR LEFT ON APRIL 30, 2004.

⑧

THE DEFENSE ENCLOSED ICE INVESTIGATION PHOTOS 0012
THRU 0027. HERE THE DEFENDANT IS SUPPOSE TO HAVE
LEFT A COUPLE OF LARGE AND SMALL FULL BOXES OF SHRINK
WRAP, BROWN WORK COVERALLS, GREEN JACKET, BLUE SHIRT
(RALPH LAUREN), GLASS DESK TABLE TOP FROM STAPLES, "BOX
OF VALENTINE GIFT BASKETS" WHICH SHOWS IT WAS DURING
THE MONTH OF FEB 2004, NUMEROUS OF NEW FURNITURE
PADS (BANDED IN PLASTIC), NUMEROUS FURNITURE STRAPS,
RUBBER MATTRESS, NEW PACKS OF "D" SIZE BATTERIES (2)
SEVERAL GALLONS OF DRYWALL COMPOUND, AN OVERHEAD
LIGHT FIXTURE, BRAND NEW EXPENSIVE CHAINSAW, RADIO
IN CHAIR STILL PLUGGED IN, BUSINESS CARD FROM LEVELS
ROLODEX WITH BALTIMORE NUMBERS, AND TO COMPLETE
THE ITEMS IN THE PHOTOS, THERE'S NO SHOWING OF
A PEG BOARD DURING THE SEARCH BY ICE AGENTS.

⑦

ON THE WAREHOUSE. THE CUMULATIVE OF EVIDENCE AND TESTIMONY SHOWS AND PROVES THE ICE AGENTS UN- LAWFULLY ENTER INTO THE HAMPTON PARK WAREHOUSE AND USED THE ILLEGALLY OBTAINED INFORMATION IN THE GRAND JURY, LAST TRIAL AND THIS TRIAL, (WORSE AGENT (ALAS - KOROUSOS) PERJURED HERSELF IN THE GRAND JURY, LAST TRIAL AND THIS TRIAL. THE DEFENDANT IS REQUESTING FOR A "TAINT HEARING" ON THIS "4TH AMENDMENT" AND "RULE 41 VIOLATION" TO SEE HOW MUCH PREJUDICE IT CAUSED IN THE GRAND JURY AND TRIALS. IN THE SUMMIT CIRCLE UNLAWFUL ENTRY SHOWS THAT THE ICE AGENTS HAD SOME SERIOUS CREDIBILITY PROBLEMS. IT CLEARLY SHOWS THAT THE TESTIMONY OF AGENT KOROUSOS BEFORE THE GRAND JURY AND TRIALS IS TAINTED AND PREJUDICE. IN RE

(10)

MESAROSH V. UNITED STATES 352 U.S. 1, 1ED 2D 1,
77 S.CT 1 (1956) THE UNITED STATES SUPREME COURT
FOUND THAT "THE DIGNITY OF THE UNITED STATES
GOVERNMENT WILL NOT PERMIT THE CONVICTION OF
ANY PERSON TAINTED TESTIMONY I D AT 9. THE COURT
IN MESAROSH CONCLUDED THAT SINCE THE CONVICTION
WAS TAINTED, THERE COULD BE NO JUST RESULT THAN TO
ACCORD PETITIONERS A NEW TRIAL.

THE UNTAINTED ADMINISTRATION OF JUSTICE IS
CERTAINLY ONE OF THE MOST CHERISHED ASPECTS OF
OUR INSTITUTION. ITS OBSERVANCE IS ONE OF
OUR PROUDEST BOASTS. CONLY THE JURY CAN DETERMINE
WHAT I WOULD DO ON A DIFFERENT BODY OF
EVIDENCE, THE DEFENSE'S ONLY FAIR JUSTICE IS
AN EVIDENTIARY HEARING ON THIS MATTER, THE

⑪

GOVERNMENT HAS NO REBUTTAL OR OPPOSE THE

ALLEGATION OF UNLAWFUL ENTRY, PERJURY, AND INTRO-

DUCING ILLEGALLY OBTAIN EVIDENCE FROM THE HAMPTON

BLVD ILLEGAL SEARCH. (AGENT KORKOSOS TESTIMONY POLLUTED

THE WATER OF JUSTICE)


## SUPERVISORY POWERS

FEDERAL COURTS HAVE DISMISSED INDICTMENTS BECAUSE

OF THE WAY IN WHICH THE PROSECUTION SOUGHT AND

SECURED THE CHARGES FROM THE GRAND JURY. THESE

DISMISSALS HAVE BEEN BASED ON EITHER CONSTITUTIONAL

GROUNDS OR ON COURT INHERENT SUPERVISORY POWERS..,

WHATEVER THE BASIS OF THE DISMISSAL, THE COURTS

GOAL HAS BEEN THE SAME TO PROTECT THE INTEGRITY OF

THE JUDICIAL PROCESS.., PARTICULARY THE FUNCTION

OF THE GRAND JURY, FROM UNFAIR OR IMPROPER

⑫

PROSECUTORIAL MISCONDUCT.

IN UNITED STATES V. SAMANGO, 607 F2D 877 (9TH CIR 1979) THE COURT AFFIRMED A DISTRICT COURT DISMISSAL OF A SUPERSEDING INDICTMENT.

THE COURT HELD THAT THE MANNER IN WHICH THE PRO- SECUTOR OBTAINED THE INDICTMENT REPRESENTED A SERIOUS THREAT TO THE INTEGRITY OF THE JUDICIAL PROCESS. THEREFORE THE COURTS OF APPEAL VIEWED THE DISTRICT COURTS DISMISSAL OF THE INDICTMENT AS "A PROPER EXERCISE OF ITS SUPERVISORY POWER" ID AT 885. THE COURT CHARACTERIZE THE MISCONDUCT AND INDICTMENT RETURNED BY THIS GRAND JURY AS AN EMBARRASSMENT.

THE PROSECUTION HAS A GOOD FAITH TO THE COURT, THE GRAND JURY, AND THE DEFENDANT. IN THIS REGARD

⑬

IF THE PROSECUTOR HAS IN HIS POSSESSION EVIDENCE

WHICH WOULD CAST DOUBT ON THE CREDIBILITY OF

A WITNESS BEFORE THE GRAND JURY AND A TRIAL.

IT IS HIS OR HER DUTY TO REPORT IT. UNITED

STATES V. BASURTO, 497 F2D 781, 786 (9TH CIR 1974)

BASURTO RELIED ON CASES IN WHICH THE PROSECUTOR'S

MISCONDUCT (PRIMARILY KNOWN PERJURED TESTIMONY

USED AT TRIAL - AN OBVIOUS GROUND FOR UNDOING THE

EFFECT OF THE TAINT BY VACATING THE CONVICTION AND

GRANTING A NEW TRIAL. THE AMERICAN BAR ASSOCIATION

CODE OF PROFESSIONAL CONDUCT PUT IT, THE RESPONSIBILITY

OF A PUBLIC PROSECUTOR DIFFERS FROM THAT OF THE USUAL

ADVOCATE, HIS DUTY IS TO SEEK JUSTICE, NOT MERELY

TO CONVICT. WE BELIEVE THAT THE RULE TO BE DISTILLED

FROM THE AUTHORITIES DISCUSSED MUST BE THAT ONLY

(14)

IN A FLAGRANT CASE, SUCH AS THIS INCIDENT! A
PROSECUTOR IS NOT PRESENTLY OBLIGATED TO SEARCH
FOR AND SUBMIT TO A GRAND JURY EVIDENCE FAVORABLE
TO THE DEFENSE OR NEGATING GUILT. WHEN IT HAS
NOT BEEN REQUESTED BY THE GRAND JURY. ON THE
OTHER HAND, THE PROSECUTOR'S RIGHTS TO EXERCISE
AND SELECTIVELY IN THE PRESENTATION OF EVIDENCE
TO A GRAND JURY DOES NOT ENTITLE HIM TO MISLEAD
IT OR ENGAGE IN FUNDAMENTALLY UNFAIR TACTICS
BEFORE THE GRAND JURY. THE PROSECUTOR, FOR INSTANCE,
MAY NOT OBTAIN AN INDICTMENT ON THE BASIS OF
EVIDENCE KNOWN TO HIM TO BE PERJURIOUS, UNITED
STATES V. BASURTO 497 F2D 781, 785-86 (9TH CIR
1974) WE WOULD ADD WHERE A PROSECUTOR IS AWARE
OF ANY SUBSTANTIAL EVIDENCE NEGATING GUILT HE

(B)

SHOULD IN THE INTEREST OF JUSTICE MAKE IT

KNOWN TO THE GRAND JURY, AT LEAST WHERE IT MIGHT

REASONABLY BE EXPECTED TO LEAD THE JURY NOT TO

INDICT.

SEE N.B.A. PROJECT ON STANDARD FOR CRIMINAL

JUSTICE — THE PROSECUTIONS' FUNCTION § 3.6 PP 90-91

UNITED STATES V. CLAMBRONE 601 F2D 616, 623

(2ND CIR 1979) DISMISSAL OF THE INDICTMENT IS

THE ONLY SANCTION AVAILABLE TO REMEDY PERJURY

AND FLAGRANT PROSECUTORIAL MISCONDUCT. . . .

MOREOVER, FOR "PERJURY" BY A WITNESS TO CONSTITUTE

GROUNDS FOR RELIEF APPELLANT WOULD HAVE TO SHOW

THAT THE GOVERNMENT KNOWINGLY USED THE PERJURED

TESTIMONY. THAT BRINGS US TO OUTRAGEOUS CONDUCT

BY THE GOVERNMENT.

16

## OUTRAGEOUS GOVERNMENT CONDUCT

A DISTRICT COURT MAY DISMISS AN INDICTMENT

ON THE GROUNDS OF OUTRAGEOUS GOVERNMENT MISCONDUCT,

IF THE CONDUCT AMOUNTS TO A DUE PROCESS VIOLATION.

TO VIOLATE DUE PROCESS, GOVERNMENT CONDUCT MUST

BE "SO GROSSLY SHOCKING AND SO OUTRAGEOUS AS TO

VIOLATE THE UNIVERSE SENSE OF JUSTICE. OUTRAGEOUS

GOVERNMENT CONDUCT IS NOT A DEFENSE BUT RATHER

A CLAIM THAT GOVERNMENT CONDUCT IN SECURING

AN INDICTMENT WAS SO SHOCKING TO DUE PROCESS

VALUES THAT THE INDICTMENT MUST BE DISMISSED.

HERE WE HAVE I.C.E. AGENTS VIOLATING THE DEFENDANT'S

FOURTH AMENDMENT BY UNLAWFULLY ENTERING INTO

THE WAREHOUSE, USING THE ILLEGALLY OBTAINED INFOR

MATION PRESENTING IT TO THE GRAND JURY, AND

AGENT KOROUSOS PERJURED HERSELF BY TESTIFYING TO

(17)

THIS WRONG INFORMATION AND PERJURY DATE OF

THE C.C. ENTRY WHEN THE PHOTOS WERE TAKEN.

DEFENDANT JONES FINAL ARGUMENT IS THAT SINCE

THE NEWLY DISCOVERED EVIDENCE INDICATES THAT

AGENT KOROUSSOS COMMITTED PERJURY THE COURT

SHOULD STEP IN AND USE IT'S SUPERVISORY POWERS

AND DISMISS THIS INDICTMENT.

ABA MODEL CODE OF JUDICIAL CONDUCT
CANON 1

A JUDGE SHALL UPHOLD AND PROMOTE THE IN-

DEPENDENCE, INTEGRITY, AND IMPARTIALITY OF THE

JUDICIARY AND SHALL AVOID IMPROPRIETY AND

APPEARANCE OF IMPROPRIETY.

RULE 1.1 - COMPLIANCE WITH THE LAW - A JUDGE

SHALL COMPLY WITH THE LAW INCLUDING CODE OF

⑱

JUDICIAL CONDUCT.

RULE 1.2 PROMOTING CONFIDENCE IN THE JUDICIARY -
A JUDGE SHALL ACT AT ALL TIMES IN A MANNER THAT
PROMOTES PUBLIC CONFIDENCE IN THE INDEPENDENCE,
INTEGRITY, AND IMPARTIALITY, OF THE JUDICIARY,
AND SHALL AVOID IMPROPRIETY AND THE APPEARANCE
OF IMPROPRIETY.

### CANON 2

RULE 2.2 IMPARTIALITY AND FAIRNESS - A JUDGE
SHALL UPHOLD AND APPLY THE LAW AND AND SHALL
PERFORM ALL DUTIES OF JUDICIAL OFFICE FAIRLY
AND IMPARTIALITY.

THE DEFENSE IS ASKING THE COURT TO BE FAIR
AND IMPARTIAL, "APPLY THE LAW" WITHOUT REGARDS



TO WHETHER THE JUDGE APPROVES OR DISAPPROVES OF

THE LAW IN QUESTION AND MAKE REASONABLE

ACCOMODATIONS TO ENSURE PRO SE LITIGANT THE

OPPORTUNITY TO HAVE THEIR MATTER FAIRLY HEARD.

RESPECTFULLY SUBMITTED

Antoine Jones
ANTOINE JONES
JANUARY 7, 2008

Laurence Maynard
LAURENCE MAYNARD
JANUARY 7, 2008