# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-0386 (ESH) |
| | ) |
| ANTOINE JONES and | ) |
| LAWRENCE MAYNARD, | ) |
| | ) |
| Defendants. | ) |

*Letter this to be filed*

*ESH*

*1/10/08*

**FILED**

JAN 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FINAL JURY INSTRUCTIONS

Jury instructions as given by the court in the above-captioned case.

Date ___1/7/08___

_____
ELLEN S. HUVELLE
United States District Judge

## I.  GENERAL INSTRUCTIONS & DEFINITIONS

### JURY INSTRUCTION NO.  1

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return verdicts as to each defendant's  innocence or guilt of the conspiracy charge.  I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have conscientiously discharged this duty.  I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

**JURY INSTRUCTION NO. 2**

**FUNCTION OF THE COURT [2.01]**

The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## JURY INSTRUCTION NO. 3

## FUNCTION OF THE JURY [2.02]

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses. You should determine the facts without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. You should not take anything I may have said or done as indicating how I think you should decide this case. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

**JURY INSTRUCTION NO. 4**

**NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]**

You are specifically cautioned against permitting the character of the one charged count itself to affect your minds in arriving at your verdict. You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

## JURY INSTRUCTION NO. 5

## INDICTMENT NOT EVIDENCE [2.06]

The Court will now read the indictment to you so that you know what the charge is here. A copy of the indictment will also be given to you during your deliberations. However, you are reminded that the indictment is not evidence. An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not use the indictment for any purpose other than informing yourselves of the charge you are to consider. In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it. [Court reads Indictment.]

## JURY INSTRUCTION NO. 6

### MULTIPLE DEFENDANTS [2.54]

You should consider each instruction that I have given to apply separately and individually to each defendant on trial.  Each defendant is entitled to have his guilt or innocence as to the crime charged determined from his own conduct and from the evidence that applies to him, as if he was being tried alone.  You should give separate consideration and return separate verdicts with respect to each defendant. The guilt or innocence of one defendant of the crime charged should not control or influence your verdict as to the other defendant.   At any time during your deliberations you may return your verdict of guilty or not guilty with respect to either defendant.

**JURY INSTRUCTION NO. 7**

**STATEMENTS AND QUESTIONS BY COUNSEL [2.05]**

The questions put to the witnesses by counsel are likewise not part of the evidence in the case. If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question. The opening statements and closing arguments of counsel are also not evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties.

Finally, anything you may have heard or seen outside this courtroom is not evidence and must be disregarded.

## JURY INSTRUCTION NO. 8

### INADMISSIBLE AND STRICKEN EVIDENCE [2.07]

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been.

If after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations. Likewise, any other matters to which the court has sustained an objection or which the court has ordered you to disregard are not evidence and you must not consider them.

**JURY INSTRUCTION NO. 9**

**EVIDENCE IN THE CASE [1.04 and 2.04]**

I have instructed you on what you must not consider as evidence. Now I will instruct you as to the evidence that you are to consider. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts stipulated to by the parties. The government and the defendants have stipulated, that is agreed to certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

-10-

## JURY INSTRUCTION NO. 10

## JURY'S RECOLLECTION CONTROLS [2.03]

If any reference by the court or by counsel to matters of evidence does not coincide with

your own recollection of the evidence, I instruct you that it is your recollection that should

control during your deliberations.

## JURY INSTRUCTION NO. 11

### NOTETAKING [1.02]

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. The clerk will give the notebooks to me and I will destroy your notebooks immediately after the trial. No one, including myself, will ever look at your notes.

## JURY INSTRUCTION NO. 12

### DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses. That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## JURY INSTRUCTION NO. 13

### BURDEN OF PROOF [2.08]

Now I must instruct you on the burden of proof. Every defendant in a criminal case is
presumed to be innocent. This presumption of innocence remains with each defendant
throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden
is on the government to prove the guilt of each defendant on the offense charged in the
indictment beyond a reasonable doubt. This burden of proof never shifts to the defendant
throughout the trial. The law does not require a defendant to prove his innocence or to produce
any evidence. If you find that the government has proven beyond a reasonable doubt every
element of an offense with which a defendant is charged, it is your duty to find him guilty of that
offense. On the other hand, if you find the government has failed to prove any element of an
offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.
Again, let me remind you as I said before, you must consider the offense charged separately as to
each defendant.

### JURY INSTRUCTION NO. 14

### REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable. In criminal cases, such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

-15-

## JURY INSTRUCTION NO. 15

### CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against a defendant

beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who

have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to

determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter

that may have a bearing on the subject. You may consider the demeanor and the behavior of the

witness on the witness stand; the witness' manner of testifying; whether the witness impresses

you as a truthful person; whether the witness impresses you as having an accurate memory and

recollection; whether the witness has any motive for not telling the truth; whether the witness had

a full opportunity to observe the matters about which he or she has testified; whether the witness

has any interest in the outcome of this case, or friendship or hostility toward other people

concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony

of different witnesses, may or may not cause you to discredit such testimony. Two or more

persons witnessing an incident or transaction may see or hear it differently; an innocent mis-

recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect

of the inconsistency or discrepancy, always consider whether it pertains to a matter of important

-16-

or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

If you believe any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION NO. 16

### RIGHT OF DEFENDANT NOT TO TESTIFY [2.27]

Every defendant in a criminal case has an absolute right not to testify. Mr. Jones and Mr. Maynard have chosen to exercise their right to remain silent. You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

## JURY INSTRUCTION NO. 17

### NUMBER OF WITNESSES [2.13]

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe.  It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

## JURY INSTRUCTION NO. 18

## EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS [1.10]

You have heard evidence that certain witnesses made statements on earlier occasions and that those statements may be inconsistent with their testimony here at trial. These earlier statements were brought to your attention to help you in evaluating the witnesses' believability here in court. In other words, if on an earlier occasion a witness made a statement that is inconsistent with his or her testimony in court, you may consider the inconsistency in judging the credibility of the witness. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

You have also heard evidence that certain witnesses made an earlier statement under oath, subject to the penalty of perjury at a prior trial and that this statement may be inconsistent with his or her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is inconsistent with the witness' present testimony in court, you may consider this inconsistency in judging the credibility of the witness. In addition, you may consider this earlier statement as proof that what was said in the earlier statement was true.

**JURY INSTRUCTION NO. 19**

**RETRIAL OF A CASE [1.06]**

As I told you in my instructions at the beginning of the trial although this case has been tried

before, that is of no concern to you and should not enter into or influence your deliberations in any

way.  The law requires you to render your verdict based only on the evidence presented in this trial.

## JURY INSTRUCTION NO. 20

### ACCOMPLICE TESTIMONY [2.22]

Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his degree of participation. The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it's fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 21

### TESTIMONY REGARDING PLEAS ENTERED INTO BY WITNESSES

You have heard testimony from certain government witnesses who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness pled guilty to similar charges. That witness's decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you as evidence against or unfavorable to the defendants on trial here. You may not infer that because these witnesses pled guilty to a crime charged in the indictment in this case that the crimes charged in the indictment have been proven.

## JURY INSTRUCTION NO. 22

### WITNESS WITH A PLEA AGREEMENT [2.22A]

You have heard evidence that Roel Bermea, Donald Hunter, and Demetrius Johnson entered into plea agreements with the government pursuant to which they agreed to testify truthfully in this case and the government agreed to dismiss one or more charges against them, decline prosecution of one or more charges against them, and/or bring their cooperation to the attention of the sentencing court on the remaining charge(s).

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such witnesses and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from any other witness. A witness who realizes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony may have a motive to lie. The testimony of a witness who has entered into a plea agreement should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.

-24-

## JURY INSTRUCTION NO. 23

### FEDERAL SENTENCING GUIDELINES

The Federal Sentencing Guidelines provide detailed rules which the court may apply in sentencing in federal criminal cases. In order to aid your understanding the testimony of certain witnesses and the specific provisions of their plea agreements, I will instruct you now as to some of the provisions which govern sentencing in federal criminal cases:

Federal sentencing guidelines are advisory to the court only and may be considered by the court in imposing an appropriate sentence. If the government files a motion seeking a sentencing departure pursuant to section 5K1.1 of the Guidelines on behalf of a cooperating witness, and if the judge grants such a motion, the sentencing judge may, but is not required, to select a lower guideline range and sentence the defendant without regard to Guideline provisions which would otherwise be applicable. The court may also sentence outside the guideline range, either higher or lower, without a motion by the government, but it cannot sentence below the mandatory minimum without a departure motion filed under 18 U.S.C. § 3553(e).

If the Government also files a sentencing departure motion pursuant to the provisions of 18 U.S.C. § 3553(e), supporting the substantial assistance to law enforcement provided by a cooperating witness, and the court grants such a motion, then the sentencing judge may impose a sentence below any statutory minimum sentence otherwise applicable. But the court is free to ignore such a motion and may, if it chooses, sentence a defendant at or above the minimum mandatory sentence.

-25-

**JURY INSTRUCTION NO. 24**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction in connection with your evaluation of the credence to be given the witness's present testimony in court.

### JURY INSTRUCTION NO. 25

### EXPERT TESTIMONY [1.08]

The rules of evidence ordinarily do not permit witnesses to testify to their opinions or conclusions.  They are limited to relating facts of which they have firsthand knowledge.  An exception to those rules is made for witnesses who qualify as experts.  An expert witness in a particular field is permitted to give his or her opinion in evidence.  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and they also may state their reasons for their opinion.

You are not bound by the opinion of an expert.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part.  In other words, you should consider the witness's testimony in connection with the other evidence in the case and give it such weight, as, in your judgment, it is fairly entitled to receive.

**JURY INSTRUCTION NO. 26**

**LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]**

A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because that witness is a law enforcement officer.

## JURY INSTRUCTION NO. 27

### EVIDENCE ADMITTED FOR LIMITED PURPOSES [2.50]

During the trial certain evidence regarding Mr. Jones's prior convictions was admitted only for a limited purpose and you may consider such evidence only for that limited purpose. You must not consider it otherwise in your deliberations.

In particular the Government has introduced a stipulation concerning prior convictions of Antoine Jones in cases unrelated to the matter before you today. This stipulation is unrelated to Lawrence Maynard and cannot be used against Defendant Maynard in your consideration of his case. Secondly, you may not use this evidence to infer that because of his character a defendant carried out the acts charged in this case. However, you may consider it only to the extent you believe that it bears on the question of Defendant Jones's knowledge and intent. You may not consider this evidence for any other purpose. Defendant Jones has not been charged with any offense relating to these prior convictions and you may not consider this evidence to conclude that he has a bad character, or a criminal personality. The law does not allow you to convict a defendant simply because you believe he may have done bad things not specifically charged as crimes in this case. Defendant Jones is on trial for the crime charged in the indictment only, and you may use the evidence of acts not charged only for the limited purpose of assessing whether the government has proven beyond a reasonable doubt that he knowingly and intentionally committed the offense charged in the indictment.

-29-

## JURY INSTRUCTION NO. 28

### COMMUNICATIONS AMONG DEFENDANTS' COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel. Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not reach any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, it's natural for defense counsel to cooperate and consult with one another. These circumstances do not mean that you should regard the defendants as one person or entity. Each defendant is entitled to your separate consideration.

**JURY INSTRUCTION NO. 29**

**WIRETAPS OR WIRE INTERCEPTIONS [3.10]**

During the course of this trial, you have heard certain recorded conversations which were obtained through the use of wire interceptions, commonly referred to as "wire taps." The term "intercept" means to obtain the contents of any wire or oral communication by using an intercepting device. The wire interceptions, or wiretaps, in this case were court-ordered, that is, they were approved by a judge, and the government's use of these interceptions was lawful. You will have the recorded conversations available during deliberations and you may listen to them if you wish. At the time you retire to deliberate I will arrange for you to be instructed about how to operate the equipment for playing these conversations.

## JURY INSTRUCTION NO. 30

## TRANSCRIPTS OF TAPE RECORDINGS [2.30]

Conversations recorded pursuant to the wire intercept have been received in evidence as "WT-Final-CD" and played for you. Transcripts of many of these tape recorded conversations were furnished for your convenience and guidance as you listened to the recording to clarify portions of the recording which are difficult to hear, and to help you identify speakers. However, the recordings are the evidence in the case; the transcripts although they were available for your use during trial and will be available for your use during deliberations are not themselves evidence they are merely an aid. The transcripts have been provided to you in a binder. If you perceive any variation between the transcripts and the recordings, you must be guided solely by the recordings and not by the transcripts. If you cannot determine from the recording that particular words were spoken, you must disregard the transcripts so far as those words are concerned. WT-Final-CD represents all those recordings that were played for you in court by either the government or the defense. However, the binder of transcripts does not include all the calls that were played for you by the parties. There were a few calls that were played for which no transcript was prepared, and thus there will be calls included on WT-Final-CD for which you will find no corresponding transcript in the binder.

## JURY INSTRUCTION NO. 31

### REDACTED DOCUMENTS [2.70]

During the course of this trial, a number of exhibits have been received in evidence. Sometimes only part of a document relevant to your deliberations is received in evidence. Where this has occurred, I have required the irrelevant parts to be blacked out or deleted. Only the relevant parts have been received in evidence and will be made available to you. Thus, as you examine the exhibits you should consider only the relevant portions that have been received in evidence. You should not guess or speculate about anything that has been taken out.

## JURY INSTRUCTION NO. 32

### SUMMARY CHARTS AND EXHIBITS

The Wiretap Timeline (Miscellaneous 1) has been prepared by the government, was admitted into evidence, and was shown to you during the trial for the purpose of explaining facts that are contained in books, records, or other documents. You may consider this summary as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

## JURY INSTRUCTION NO. 33

### PROOF OF STATE OF MIND [3.02]

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by a defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate a defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

-35-

## JURY INSTRUCTION NO. 34

### "ON OR ABOUT" PROOF OF [3.07]

You will note that the indictment charges that some offenses were committed "on or about" a particular date.  The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## JURY INSTRUCTION NO. 35

### "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

### JURY INSTRUCTION NO. 36

### "POSSESSION" – DEFINED [3.08]

A term that you will encounter frequently in these instructions is "possession." You should understand that "possession" does not mean "ownership." One can possess something without owning it. The law recognizes two kinds of possession: actual possession and constructive possession. A person has actual possession of something if he has direct physical control over it. A person has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

The law also recognizes that possession may be sole or joint. If one person alone has either actual or constructive possession of an item, that possession is sole. If two or more persons share either actual or constructive possession of an item, possession is joint. In any event, whenever you are required to find that a defendant possessed something, a finding of any kind of possession -- actual or constructive, sole or joint -- is sufficient. I instruct you, however, that mere presence in the vicinity of a piece of property or simple knowledge of its physical location does not constitute possession.

You may find that the requirements for possession of property are satisfied only if you find that the government has proven beyond a reasonable doubt that the defendant had actual or constructive possession of the property, either alone or jointly with others.

## JURY INSTRUCTION NO. 37

### PRELIMINARY FACTS

The law requires that the jury make findings of certain preliminary facts that must precede a finding of the ultimate fact of either defendant's guilt of the charged crime. Some of those preliminary facts must be made a matter of record on the verdict form. Others need not be recorded, but all of you must, nevertheless, be convinced beyond a reasonable doubt that they have been proved by the evidence in order to return a verdict of guilt. Otherwise, your verdict must be not guilty. In other words, your findings with respect to preliminary facts, although not recorded, must be unanimous.

The facts that you must find, but need not record, are known as elements. They refer to the component parts of a particular substantive crime. With respect to the narcotics conspiracy charged in Count 1, if you find that such a conspiracy existed, and that a defendant knowingly and willingly participated in it, you will also have to make and record findings as to whether the quantities of cocaine powder, also known as cocaine hydrochloride, and cocaine base, also known as crack, involved met or exceeded the amounts charged. These findings must be based on proof beyond a reasonable doubt.

**JURY INSTRUCTION NO. 38**

**DEFENDANTS' THEORY OF THE CASE**

As to the defendants, I charge you that you should consider their theory of the case with respect to the conspiracy charged in the indictment. Specifically, the defendants deny that they were involved in the drug conspiracy charged in this case or in any other drug conspiracy.

## JURY INSTRUCTION NO. 39

### IMPERMISSIBLE TO INFER PARTICIPATION
### FROM MERE PRESENCE OR ASSOCIATION

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed. Likewise, you may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a friend or family member of, or lived with other people who were guilty of wrongdoing.

## II. CRIME CHARGED IN INDICTMENT

## JURY INSTRUCTION NO. 40

## COUNT 1 - CONSPIRACY TO DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE HYDROCHLORIDE AND FIFTY (50) GRAMS OR MORE OF COCAINE BASE, ALSO KNOWN AS CRACK COCAINE, 21. U.S.C. § 846

Both defendants are charged in Count 1 of the indictment with participating in a conspiracy to violate the narcotics laws. Count 1 charges, in pertinent part, that from sometime in 2003 and continuing until October 24, 2005, within the District of Columbia and elsewhere, the defendants did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown, to unlawfully, knowingly, and intentionally possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of a controlled substance in violation of Title 21, Sections 841 and 846 of the United States Code. The court has previously defined possession in Jury Instruction No. 36. The word "distribute" means to transfer or attempt to transfer to another person. It is not necessary that the defendant received or expected to receive anything of value in return.

Specifically, the defendants are charged with conspiring to unlawfully, knowingly, and intentionally distribute and to possess with intent to distribute mixtures and substances of the following controlled substances: cocaine, also known as cocaine powder or cocaine hydrochloride and cocaine base, also known as crack cocaine. The conspiracy charged in Count 1 of the indictment is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. A conspiracy to commit a crime is itself a crime. This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime,

-42-

even if the crime itself was never completed.

Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed. A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a kind of partnership in crime.

For you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

<u>First Element</u>

First, the government must prove that beginning sometime between 2003 and October 24, 2005, an agreement existed between at least two people to commit a federal crime, namely to knowingly and intentionally distribute, or to possess with the intent to distribute a controlled substance. The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. The agreement may be very informal, and the existence of such an agreement may have to be inferred from the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show a conspiracy. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of conspiracy. So, the first thing that must be shown is the existence of an agreement.

It is not essential that the government prove that the conspiracy began or ended on the

-43-

specific dates set forth in the indictment, or that the conspiracy was in existence for any particular length of time, or that all the parties named in the indictment were part of the conspiracy, or that the conspiracy involved both cocaine and cocaine base. The government is required to prove beyond a reasonable doubt, however, that the charged conspiracy to distribute controlled substances existed in fact for some time within the period set forth in the indictment, sometime in 2003 until October 24, 2005.

<u>Second Element</u>

The second element of the offense is that a particular defendant knowingly and willfully participated in the conspiracy and did so with the specific intent to distribute, or to possess with the intent to distribute a controlled substance. The government must show a defendant's membership in the conspiracy. The defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, nor the means by which its purposes were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that the government prove beyond a reasonable doubt that the defendant was aware of the common purpose to possess with intent to distribute and distribute a controlled substance, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy.

An act is done willfully if it is done knowingly, intentionally, and deliberately. In other words, before you may find that a defendant has become a member of a conspiracy, the evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly participated in the unlawful plan with the intent to advance or further some objective or purpose of the conspiracy. To participate knowingly means to do so voluntarily and intentionally, and with the specific intent

to do something that is against the law, and not because of mistake, inadvertence, or accident. Although one may become a member of a conspiracy without full knowledge of all the details, a person who has no knowledge of or intent to join the conspiracy, but just happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not thereby himself become a conspirator. Also, merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning. Different persons may become members of the conspiracy at different times. One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy. And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant. You must, of course, first determine whether the government has proved beyond a reasonable doubt that a conspiracy existed.

You also may consider the acts and the statements of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all.

Drug Quantity

Finally, if you return a guilty verdict on Count 1, you must then make a determination as to the quantity of cocaine also known as cocaine powder, and cocaine base, also known as crack, for which a defendant is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing or including cocaine, also known as cocaine powder, exceeded a specified quantity, expressed in grams, that you have found a defendant possessed with intent to distribute or distributed, or could have reasonably foreseen the possession with intent or distribution of by any member of the conspiracy.

Specifically, the verdict form asks you to decide whether the amount of cocaine, also known as cocaine powder, was:

1.     Five kilograms (5000 grams) or more of mixtures and substances containing a detectable amount of cocaine, also known as cocaine powder. If you are unable to find unanimously that the amount of cocaine exceeded five kilograms, then you should consider whether the drug quantity was:

2.     More than five hundred (500) grams but less than five kilograms (5000 grams) of mixtures and substances containing a detectable amount of cocaine, also known as cocaine powder. If you are unable to find unanimously that the quantity of cocaine exceeded five hundred (500) grams but was less than five kilograms (5000 grams), then you should consider whether the drug quantity was:

3.     Less than five hundred (500) grams of mixtures and substances containing a detectable amount of cocaine, also known as cocaine powder.

-46-

The verdict form also asks you to decide whether the amount of cocaine base, also known as crack, was:

1.      Fifty grams (50) or more of mixtures and substances containing a detectable amount of cocaine base, also known as crack. If you are unable to find unanimously that the amount of cocaine base exceeded 50 grams or more, then you should consider whether the drug quantity was:

2.      More than five (5) grams but less than fifty grams (50 grams) of mixtures and substances containing a detectable amount of cocaine base, also known as crack. If you are unable to find unanimously that the quantity of cocaine base exceeded five grams (5) grams but was less than fifty grams (50 grams) , then you should consider whether the drug quantity was:

3.      Less than five grams (5) grams of mixtures and substances containing a detectable amount of cocaine base.

Your decision whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.

In making the determination of drug quantities attributable to a defendant, you are instructed that a defendant is only responsible for those drugs that he agreed would be distributed or possessed with intent to distribute, and those drug amounts distributed or possessed with intent to distribute by other co-conspirators which the defendant reasonably could have foreseen would be distributed or possessed in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his co-conspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count amounts of cocaine, also known as cocaine powder, possessed and sold by the defendant, and amounts of cocaine that the defendant could reasonably foresee would be possessed and sold by all of his co-conspirators during the course

-47-

of the conspiracy. In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized or physically produced the cocaine in order for it to be included in your calculations.

### III. JURY DELIBERATIONS

### JURY INSTRUCTION NO. 41

### ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the court in the event there is any matter about which you wish to communicate with the court.

### JURY INSTRUCTION NO. 42

### UNANIMITY [2.72]

The verdicts must represent the considered judgment of each juror. In order to return verdicts, it is necessary that each juror agree to the verdicts. Your verdicts must be unanimous. There is no requirement that you consider the charge against each defendant in any particular order, so long as you reach a unanimous verdict as to each defendant. A verdict must represent the considered judgment of each juror. As you know, your verdict as to each defendant must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you are judges of the facts.

## JURY INSTRUCTION NO. 43

## PUNISHMENT NOT RELEVANT [2.74]

The question of possible punishment of a defendant in the event of conviction is no concern

of the jury and should not enter into or influence your deliberations in any way.  You should weigh

the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis

of such evidence, without any consideration of the matter of punishment.

## JURY INSTRUCTION NO. 44

### EXHIBITS [2.73]

I am sending all of the exhibits that have been received in evidence with you as you retire for your deliberations with the exception of drugs, weapons, and ammunition. The exhibits that have been entered into evidence are labeled with letters and numbers. The system of labeling and numbering exhibits is simply to help the parties organize the presentation of the case. You are to attach no particular significance to the system employed to label certain exhibits with letters and numbers or the fact that some exhibits are not in sequence. If you wish to examine the weapons, ammunition, or drugs I will arrange for you to do so.

### JURY INSTRUCTION NO. 45

### COMMUNICATIONS BETWEEN COURT AND JURY DURING

### JURY'S DELIBERATIONS [2.75]

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant until after you have reached a unanimous verdict. This means, for example, that you should never state to the court that the jury is divided 6 to 6, 7 to 5, or 11 to 1, or in any other fashion, whether for conviction or acquittal.

## JURY INSTRUCTION NO. 46

## VERDICT FORM [2.77]

As I indicated earlier, a verdict form for each defendant has been prepared for your convenience. You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**JURY INSTRUCTION NO. 47**

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I have provided you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## JURY INSTRUCTION NO. 48

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate. First, during the period of deliberations, we will convene in court each day the same way we have, Monday through Friday, 9:00 a.m. to 5:00 p.m. You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider the charge that you will be presented on the verdict form. There are places on the form where you need to decide guilty or not guilty as to each defendant and there will be some places where you have to fill in your findings on amounts of drugs involved.

During the course of that time, we will convene each day at 9:00 a.m. and close at 5:00 p.m. I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to. Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock. You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present. Nor may you discuss this case anywhere except in the jury room in the presence of all your fellow jurors. You can't have any separate discussion or deliberations unless all twelve are present. Once all twelve are present, then your foreperson can say, we can begin the discussions. And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present. That's the only rule you really have to follow during the time of your deliberations.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give counsel an opportunity to comment on what my response will be before I respond. So

-56-

sometimes there may be some delay in responding to your note until I get all counsel here and have

a hearing on what I should say to you because they're entitled to know what I am going to say.

## JURY INSTRUCTION NO. 49

## ALTERNATE JURORS

Ladies and gentlemen, as you recall, three of you have been designated as alternates and in a moment I will excuse jurors in seats numbered _____ , and I thank you for your participation in this trial. While you alternate jurors will not begin deliberations with the 12 regular jurors, it is possible that one or more of you could be called to deliberate at some future time. Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time. The court will notify you when the jury has completed its deliberations. When that occurs, your jury service will be discharged and at that time you will be given further instructions regarding your ability to talk about this case.

## JURY INSTRUCTION NO. 50

## TAKING THE VERDICT

I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you. The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk. The deputy clerk will then do what we call publish the verdict. The deputy clerk will read out loud the verdict that you have entered. Now, I gave you an instruction in here that you can return a verdict as to either defendant if you decide you want to return a verdict if unanimous. It's up to you how you want to go through that. But at any point when you have returned a verdict, either full or partial, the verdict would be announced in open court by the deputy clerk reading it. At that point, just so you know how it works, the clerk will say to the foreman, is that the verdict as just announced?

Any party can ask that the jury be polled on the verdict as just announced. If there is a request for a poll, I then direct the clerk to poll the jury. The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1. We just go all down the line until all twelve jurors have been polled. If anyone says no, my job is easy. We don't have a unanimous verdict and I ask you to retire to the jury room and come back when you have a unanimous verdict. That's all polling the jury is, though, just so you know how the process works when you come back. Let me see counsel at the bench now to see if there are any other matters we need to cover.