```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
                             )
         v.                  )   Criminal No. 05-0386 (ESH)
                             )
ANTOINE JONES,               )
LAWRENCE MAYNARD,            )
                             )
              Defendants.    )
```

### OPPOSITION TO DEFENDANT'S PRO SE MOTIONS FOR RELEASE PENDING APPEAL

The United States of America hereby opposes defendant Antoine Jones's pro se motion for release pending appeal, and his supplement in support of that motion (see Documents 571 and 572). A proposed order is attached.

### BACKGROUND

Defendant Antoine Jones and co-defendant Lawrence Maynard were charged with various offenses related to cocaine trafficking, including conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (Document No. 88). Jones's first trial ended in a mistrial as to the conspiracy count. Jones's second trial began on November 15, 2007, and ended on January 10, 2008, when he was convicted on the conspiracy charge (Document No. 444). On May 2, 2008, the Court sentenced Jones to life imprisonment (Document No. 509). Jones appealed (Document No. 506).

In an opinion issued on August 6, 2010, the Court of Appeals

reversed defendant Jones's convictions, concluding that the government's month-long warrantless monitoring of a Global Positioning System ("GPS") tracking device on Jones's personal vehicle, while the vehicle was located on public streets, violated the Fourth Amendment. See United States v. Maynard, 615 F.3d 544 (D.C. Cir. 2010).

On September 20, 2010, the government petitioned the en banc Court of Appeals to rehear this case. That petition was denied, by a 5-4 vote, in an order issued on November 19, 2010. On November 30, 2010, the government moved the Court of Appeals to stay the issuance of the mandate in this case in order to allow it time to evaluate whether to file a petition for a writ of certiorari in this case. That petition would be due by February 17, 2011. The government's motion to stay issuance of the mandate, which is unopposed, remains pending with the Court of Appeals.

In a pro se capacity, Jones lodged with the Court a motion for release pending appeal and a supplement to that motion (Documents 571 and 572). The Court granted Jones leave to file the lodged documents, and they were filed on December 3, 2010 (see Documents 571 and 572).

ARGUMENT

Jones claims that he is entitled to release pending appeal pursuant to, inter alia, 18 U.S.C. § 3143, because the Court of Appeals "has reversed [defendant's] conviction," and because he

poses "no danger" to the community and "no risk or danger of flight" (Document 571 at 2, 4-5). Jones's motion is premature. Because the mandate has not yet issued from the Court of Appeals, this Court lacks jurisdiction over this case, and cannot grant defendant's requested relief. See United States v. DeFries, 129 F.3d 1293, 1302 (D.C. Cir. 1997). In DeFries, the Court of Appeals held that,

> The relationship between district court jurisdiction and the issuance of the appeals court mandate is clear and well-known: The filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate. Johnson v. Bechtel Associates Professional Corp., 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam).

Id.

In any event, Jones is not entitled to relief. Indeed, because Jones is serving a life sentence, and also because he was convicted of a felony drug offense with a maximum sentence of ten years or more, he cannot be released pending appeal. See 18 U.S.C. § 3143(b)(2).

18 U.S.C. § 3143(b)(2) provides that, "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a terms of imprisonment,

and who has filed an appeal or a petition for a writ of certiorari, be detained." The offenses listed in sections 3142(f)(1)(A)-(C), include certain crimes of violence, offenses "for which the maximum sentence is life imprisonment or death," and offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. 801 et. seq.)." 18 U.S.C. § 3142(f)(1)(A)-(C). 18 U.S.C. § 3143(b)(2) thus "mandates detention for persons convicted of crimes of violence, crimes with a life sentence, and drug crimes with a maximum sentence of ten years or more." United States v. Herrera-Soto, 961 F.2d 645, 646 (7th Cir. 1992) (emphasis added). Accord United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam).

Here, Jones was convicted of a felony drug offense with a maximum sentence of ten years or more. See 21 U.S.C. § 841(b). He was also sentenced to life imprisonment. Thus, under 18 U.S.C. § 3143(b)(2), he must be detained pending appeal.[1]

---

[1] In addition, although the Court need not resolve this question because 18 U.S.C. § 3143(b)(2) makes Jones ineligible for release pending appeal, for the reasons set forth in the government's oppositions to defendant's motion for pretrial release (see, e.g., Document Nos. 52, 57, 85), and in the Court's order denying defendant's motion for pretrial release (see Document No. 59), we disagree with Jones's assertions that if released he would not pose a danger to the community or a flight risk.

Wherefore, this Court should deny defendant's motions for release pending appeal in this case (Documents 571 and 572).

                               Respectfully submitted,

                               RONALD C. MACHEN JR.,
                               <u>United States Attorney</u>.

                               ELIZABETH TROSMAN,
                               JOHN V. GEISE,
                               RACHEL C. LIEBER,
                               <u>Assistant United States Attorneys</u>.

                               <u>   /s Peter S. Smith            </u>
                               PETER S. SMITH, DC BAR #465131
                               Assistant United States Attorney
                               555 Fourth Street, NW - Room 8104
                               Washington, DC  20530
                               (202) 514-7088

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2010, counsel were served with the forgoing opposition through the Court's Electronic Case Filing system; in addition, we served a copy of the foregoing opposition by first-class mail, postage prepaid, to <u>pro</u> <u>se</u> appellant Jones as follows:

>Antoine Jones
>Reg. 18600-016
>USP Florence
>P.O. Box 7000
>Florence, CO 81226

>>s/ Peter S. Smith
>>_____
>>PETER S. SMITH
>>Assistant United States Attorney