UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )    Criminal No. 05-0386 (ESH) |
| | ) |
| ANTOINE JONES, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S "FIFTH" MOTION FOR RELEASE PENDING APPEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant Antoine Jones's pro se motion for release pending appeal (Document No. 579). Appellant is not entitled to release pending appeal.

### PROCEDURAL HISTORY

Defendant Antoine Jones was charged with various offenses related to cocaine trafficking, including conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (Document No. 88). Defendant's first trial ended in a mistrial as to the conspiracy count. His second trial began on November 15, 2007, and ended on January 10, 2008, when he was convicted on the conspiracy charge (Document No. 444). On May 2, 2008, he was sentenced to life imprisonment (Document No. 509). He subsequently appealed (Document No. 506).

2

In an opinion issued on August 6, 2010, the Court of Appeals reversed defendant's convictions, concluding that the government's month-long warrantless monitoring of a Global Positioning System ("GPS") tracking device on his personal vehicle, while the vehicle was located on public streets, violated the Fourth Amendment.  See United States v. Maynard, 615 F.3d 544 (D.C. Cir. 2010).   On September 20, 2010, the government petitioned for en banc rehearing of the Court's decision.  The Court denied the petition in an order issued on November 19, 2010.  On April 15, 2011, the government petitioned for a writ of certiorari in the United States Supreme Court.   On June 27, 2011, the Supreme Court granted the government's petition.

## DEFENDANT'S MOTIONS FOR RELEASE PENDING APPEAL

In December 2010, Jones lodged with this Court several pro se motions for release pending appeal (Documents 571 and 572).  The Court granted Jones leave to file the lodged documents, and they were filed on December 3, 2010 (see Documents 571 and 572). Defendant claimed entitlement to release pending appeal because the Court of Appeals had reversed his convictions, and because he poses "no danger" to the community and "no risk or danger of flight" (Document 571 at 2, 4-5).  The government opposed defendant's pro se motions (Document No. 573), arguing that because the mandate had not issued, this Court lacked jurisdiction over this case, and thus

it could not grant defendant's requested relief (Document 573 at
3)(citing <u>United States v. DeFries</u>, 129 F.3d 1293, 1302 (D.C. Cir.
1997)).   The government also argued that because defendant is
serving a life sentence, and because he was convicted of a felony
drug offense with a maximum sentence of ten years or more, he is
ineligible for release pending appeal (Document 573 at 3) (citing
18 U.S.C. § 3143(b)(2)).[1/]   Finally, the government argued that
Jones posed both a danger to the community and a flight risk
(Document 573 at 4 n.1) (citing the government's oppositions to
defendant's motion for pretrial release (Document Nos. 52, 57, 85)
and this Court's order denying defendant's motion for pretrial
release (Document No. 59)).

On December 10, 2010, this Court denied defendant's <u>pro</u> <u>se</u>
motions for release pending appeal (Document No. 574).   The Court
ruled that, because "the mandate has not yet issued," it "lacks
jurisdiction over this case" (Document 574 at 1).   The Court

---

[1/]   18 U.S.C. § 3143(b)(2) provides that, "[t]he judicial
officer shall order that a person who has been found guilty of an
offense in a case described in subparagraph (A), (B), or (C) of
subsection (f)(1) of section 3142 and sentenced to a terms of
imprisonment, and who has filed an appeal or a petition for a writ
of certiorari, be detained."   The offenses listed in sections
3142(f)(1)(A)-(C) include certain crimes of violence, offenses "for
which the maximum sentence is life imprisonment or death," and
offenses "for which a maximum term of imprisonment of ten years or
more is prescribed in the Controlled Substance Act (21 U.S.C. 801
et. seq.)."   18 U.S.C. § 3142(f)(1)(A)-(C).

**4**

alternatively found that defendant was ineligible for release pending appeal because he "was convicted of a felony drug offense with a maximum sentence of ten years or more and was sentenced to life imprisonment" (Document 574 at 1)(citing 18 U.S.C. § 3143(b)(2)).

On December 16, 2010, defendant lodged with the Court of Appeals a <u>pro</u> <u>se</u> motion for release pending appeal (D.C. Cir. Document No. 1285934).  On January 4, 2011, defendant filed, through counsel, a supplement to that motion (D.C. Cir. Document No. 1286087, hereinafter "supplement").  Defendant's supplement sought his release pending appeal and appealed from this Court's denial of defendant's <u>pro</u> <u>se</u> motions for release pending appeal (Supp. at 1).  Defendant argued, for the first time, that he is eligible for release under 18 U.S.C. § 3145(c) (<u>id.</u> at 2-3).[2/]

The government agreed with Jones that the nonissuance of the mandate in this case was not an impediment to this Court's resolution of his motion for release pending appeal, and argued

---

[2/] 18 U.S.C. § 3145(c) provides that,

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

that, nonetheless, Jones was ineligible for release because he failed to meet the requirements of 18 U.S.C. §§ 3143(b)(1) and 3145(c).

On March 3, 2011, the Court of Appeals denied Jones's motions for release pending appeal, without prejudice (see D.C. Cir. Document No. 1296121, copy attached).  The Court of Appeals ruled that, "[b]ecause the district court retains jurisdiction to consider a motion for release, Jones may file a renewed motion for release in that court."  The Court of Appeals also noted that the district court must,

> in addressing any renewed motion for release . . . decide whether it is appropriate to treat Jones (i) pursuant to 18 U.S.C. § 3143(b)(2) and 3145(c), as a defendant found guilty and seeking appeal, (ii) pursuant to § 3142, as a defendant awaiting a new trial, or (iii) pursuant to § 3143(c), as a defendant awaiting a government 'appeal' in the form of a petition for writ of certiorari.

On July 11, 2011, Jones moved this Court for release pending appeal (Document 579).

<u>ARGUMENT</u>

Defendant is ineligible for release pending appeal.  This Court should treat Jones as a defendant found guilty and seeking appeal pursuant to 18 U.S.C. §§ 3143(b)(2) and 3145(c).  In 18 U.S.C. § 3143(b)(2), Congress rendered ineligible for release pending appeal certain offenders, like defendant, who are serving a life sentence, or who were convicted of felony drug offenses with

a maximum sentence of ten years or more.  18 U.S.C. § 3143(b)(2) provides that "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained."[3]

18 U.S.C. § 3143(b)(2) thus "mandates detention for persons convicted of crimes of violence, crimes with a life sentence, and drug crimes with a maximum sentence of ten years or more." United States v. Herrera-Soto, 961 F.2d 645, 646 (7th Cir. 1992).  Accord United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam). Jones was convicted of a felony drug offense with a maximum sentence of ten years or more, and he was sentenced to life imprisonment.  Thus, under 18 U.S.C. § 3143(b)(2), he is ineligible for release pending appeal.

Nonetheless, in his three-page handwritten motion, defendant now argues that he is eligible for release pending appeal because he meets the requirements of 18 U.S.C. § 3145(c) (see Document No.

---

[3] The offenses listed in sections 3142(f)(1)(A)-(C) include certain crimes of violence, offenses "for which the maximum sentence is life imprisonment or death," and offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. 801 et. seq.)."  18 U.S.C. § 3142(f)(1)(A)-(C).

579 at 2).  Defendant's argument is unsupported by any analysis or legal authority whatsoever, and it lacks merit.

In 18 U.S.C. § 3145(c), Congress provided courts a limited grant of discretion to release pending appeal those subject to the provisions of, inter alia, 18 U.S.C. § 3143(b)(2).  Under § 3145(c), a criminal defendant "may be ordered released" pending his or her appeal if he or she: (1) satisfies the conditions of release set forth in § 3143(b)(1); and (2) "clearly show[s] that there are exceptional reasons why [his or her] detention would not be appropriate."  18 U.S.C. § 3145(c).  See United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004); DiSomma, 951 F.2d at 496.

Jones has utterly failed to "clearly show" the "exceptional reasons" satisfying 18 U.S.C. § 3145(c).  Indeed, Defendant never even attempted to make such a showing in his motion (see Document 579).[4]

_____

[4]    There is some authority indicating that an appellate decision can constitute "exceptional reasons" for purposes of § 3145.  See DiSomma, 951 F.2d at 496 (legal issue could constitute "exceptional reason," where substantial issue raised by defendant about his conviction (element of violence) was same element that prevented his release); United States v. Schaefer, 2007 WL 4180388 (D. Kan. Nov. 21, 2007)).  But see Herrera-Soto, 961 F.2d at 647 ("arguably meritorious" appellate issue was not "exceptional reason").  However, DiSomma and Schaefer are inapposite because the effect of the Court of Appeals' decision merely was to remand this case for retrial.  The Court of Appeals did not require the district court to enter judgment acquitting defendant as in Schaeffer, nor does its decision require the dismissal of the indictment against Jones.

8

In any event, even assuming _arguendo_ that Jones could clearly show "exceptional reasons" satisfying 18 U.S.C. § 3145(c), he cannot demonstrate "by clear and convincing evidence" that he meets § 3143(b)(1)'s requirements, because he poses both a danger to the community and a flight risk if he is released pending appeal.  See 18 U.S.C. § 3145(c)(release requires defendant to meet § 3143(b)(1)'s threshold requirements _and_ make a clear showing of "exceptional reasons").  Indeed, this Court has repeatedly found that Jones poses a danger to the community and a flight risk.

Jones has two drug convictions, including an offense committed while on supervised release (see Document 57 at 7, 57-1 at 1-2). Those facts alone show that Jones cannot establish that he would pose no flight risk and no danger to the community if released. See _United States v. Anderson_, 670 F.2d 328, 329 (D.C. Cir. 1982) (affirming trial court finding of danger to the community "on the basis of the convictions of the two offenses [in that case] and his prior record," where defendant sought release pending appeal).  In _Anderson_, the Court of Appeals rejected the defendant's argument that he was entitled to release pending appeal, based upon the seriousness of the offenses of conviction in that case.  The Court of Appeals noted that the defendant was convicted of possessing heroin with a street value of $1,800, that he had a prior conviction, and that when convicted in that case he was on

probation in another case.  Id.  Based upon those facts alone, the Court of Appeals was satisfied that the defendant's "release would pose a danger to the community," finding that "one who is guilty of repetitive offenses of possession or control of heroin, especially when he is not a user and the quantity of heroin is substantial, is a substantial danger to any community." Id. at 329-30.

Moreover, even ignoring the admission of GPS data at Jones's trial, the trial evidence showed that Jones was the ringleader of a large-scale drug distribution conspiracy.  That evidence included physical surveillance, which led agents to vehicles owned by Jones, and suspected "stash" locations leased by Jones and his co-defendant Lawrence Maynard.  Agents also obtained a warrant authorizing a wire intercept of defendant's cellular telephone. Based on calls between Jones and his suspected suppliers, investigators believed that during late October 2005, Jones was expecting the arrival of a sizeable shipment of cocaine.  On October 24, 2005, agents executed search warrants at various locations including Jones's residence in Maryland and the Levels nightclub in the District of Columbia, which was owned by Jones. They recovered from Jones's Jeep Grand Cherokee $69,115 in United States currency.  From a suspected stash house located at 9508 Potomac Drive, Ft. Washington, Maryland, agents recovered

approximately 97 kilograms of powder cocaine, almost one kilogram of crack cocaine, approximately $850,000 in cash, and various items used to process and package narcotics.

One of Jones's suppliers, Roel Bermea, Jr., and two of his customers, Donald Hunter and Demetrius Johnson, testified at trial. Bermea testified that Jones received shipments of drugs from Mexico and Texas, and that Jones set up "stash" houses in the Washington, D.C. metropolitan area to store, process, and package narcotics and money obtained from the sales of those narcotics.  Bermea was paid by Juan Garcia and Guadalupe Barrone to stay at the stash houses and guard the drugs and money located there.  Bermea testified that Jones repeatedly met him at the stash locations, where Jones purchased dozens of kilograms of cocaine per transaction.  When Jones began suspecting that he was being investigated, the stash locations were briefly moved to the Atlanta, Georgia area.

Bermea's testimony was corroborated in part by Officer Frederick Whitehead, of the Durham, North Carolina, Police Department.  On April 5, 2005, Officer Whitehead stopped Maynard, who was driving Jones's minivan, for speeding.  During a search of the minivan, the police recovered approximately $67,000 secreted in a compartment hidden underneath the van's carpet.

Johnson and Hunter testified that they were street-level dealers who bought cocaine from Jones and Maynard at Levels and

elsewhere in the Washington, D.C., area.   Transcripts of
conversations obtained through the wire intercept of Jones's
cellular phone corroborated their testimony.   These included
numerous conversations Jones had with Hunter, Johnson, and Garcia,
and conversations between Jones and Bermea that coincided with
Jones's trips to the Potomac Drive stash house.   The witnesses
explained that Garcia did not have any legitimate business with
either Jones or the Levels nightclub, and that the many brief
meetings Jones conducted in locations along Branch Avenue,
Maryland, and at the Levels nightclub, were for the purpose of
exchanging cash for cocaine.

    That evidence shows that defendant cannot establish his
entitlement to release.   See Mecom v. United States, 434 U.S. 1340,
1341 (1977).   In Mecom, the defendant sought release pending appeal
after he was convicted of offenses related to a large-scale
marijuana smuggling operation.   He alleged that he had substantial
roots in the community, that he had no criminal history, and that
his business interests would prevent his flight.   Id.   The Supreme
Court rejected the defendant's arguments, concluding that the trial
evidence indicating that Mecom "was involved in a large-scale
smuggling enterprise," his wife was a fugitive, he had large sums
of cash, and the government's proffer that the defendant was
involved in a murder-for-hire scheme, was more than sufficient to

support the trial court's decision.  Id. at 1342.  See also United States v. Vance, 851 F.2d 166 (6th Cir. 1988), cert. denied, 488 U.S. 893 (seriousness of offenses of conviction weighed heavily in favor of detention).

In addition, the government previously has made repeated and detailed proffers that Jones was ineligible for pretrial release (see Document Nos. 52, 57 (including 33-page proffer), and 85). The government's proffers (see Documents 52 and 57) included much of the same information that was admitted at defendant's trial.  In addition, the government proffered that based upon witness information, a review of defendant's telephone conversations from jail, and a search of his jail cell, the government had "strong reason to believe that Jones was attempting to identify and locate potential government witnesses with the intent to intimidate them or worse" (Document No. 85 at 2)(see also Document No. 57 at 5). Accordingly, Jones is not entitled to release.

Although Jones does not specifically address this issue, as previously noted, the Court should treat Jones as a defendant found guilty and seeking appeal under §§ 3143(b) and 3145(c).[5/]  The possible alternatives noted in the Court of Appeals' March 3, 2001, Order, i.e., treating Jones pursuant to § 3142, as a defendant

---

[5/] We were unable to find any federal case addressing this particular situation.

13

awaiting new trial, or treating him pursuant to § 3143(c), as a defendant awaiting a government appeal, are inapplicable.  First, Jones is not a defendant awaiting a new trial because the United States Supreme Court granted the government's petition for a writ of certiorari and now has jurisdiction over this case.  The Supreme Court may ultimately reverse the Court of Appeals.  Accordingly, Jones is not "awaiting a new trial."

Second, Jones is not awaiting a government appeal for purposes of 18 U.S.C. § 3143(c).  That statutory provision expressly limits its applicability to cases in which "an appeal has been taken by the United States under section 3731 of this title."  18 U.S.C. § 3143(c).  Section 3731 does not include petitions for certiorari, and instead is limited to appeals "to a court of appeals from a decision, judgment, or order of a district court."  18 U.S.C. § 3731.  Of course, when, as here, "the words of a statute are unambiguous . . . [the] judicial inquiry is complete."  Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (citations omitted).

Finally, under any of the statutory provisions noted in the Court of Appeals' March 3, 2011, Order, Jones would be ineligible for release.  That is, even if the Court were to consider Jones as either a defendant awaiting new trial, or as a defendant awaiting a government appeal, Jones would be presumed to be ineligible for

14

release, see 18 U.S.C. § 3142(e)(3), and he would need to rebut

that presumption and show that some condition or combination of

conditions would "reasonably assure" both his appearance at

subsequent proceedings in this case and "the safety of any other

person and the community." 18 U.S.C. § 3142(f). <u>See United States

v. Alatishe</u>, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985) (discussing

reasons for rebuttable presumption of pretrial detention in certain

cases).<u>6/</u>  Jones has not even attempted to make this showing, nor

could he for the reasons set forth <u>supra</u>.  Thus, Jones cannot show

------------------------

<u>6/</u>  In <u>Alatishe</u>, the Court observed that,

The legislative history indicates that the rebuttable
presumption covering serious drug trafficking offenses
was included because:  Persons charged with major drug
felonies are often in the business of importing or
distributing dangerous drugs, and thus, because of the
nature of the criminal activity with which they are
charged, they pose a significant risk of pretrial
recidivism. Furthermore, the Committee received testimony
that flight to avoid prosecution is particularly high
among persons charged with major drug offenses.  Because
of the extremely lucrative nature of drug trafficking,
and the fact that drug traffickers often have established
substantial ties outside the United States from whence
most dangerous drugs are imported into the country, these
persons have both the resources and foreign contacts to
escape to other countries with relative ease in order to
avoid prosecution for offenses punishable by lengthy
prison sentences.

<u>Id.</u> (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S.
Code Cong. & Admin. News 1984 at 3203).

15

that he is entitled to release under any of the statutory provisions specified in the Court of Appeals' order.

<u>CONCLUSION</u>

For these reasons, this Court should deny defendant's motion for release pending appeal in this case.

RONALD C. MACHEN JR.,
United States Attorney

ROY W. McLEESE III,
JOHN P. MANNARINO,
Assistant United States Attorneys

_____s/ Peter S. Smith_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
555 Fourth Street, N.W. - Room 8104
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th of July, 2011, a copy of the foregoing opposition to defendant's motion for release pending new trial and to the supplement thereto was served upon counsel for defendant through the Court's Electronic Case Filing system, and upon pro se defendant Jones by first-class mail, postage-prepaid, as follows:

Stephen C. Leckar
Shainis & Peltzman
1850 M St., N.W.
Suite 240
Washington, D.C. 20036

Antoine Jones
Reg. 18600-016
USP Florence
P.O. Box 7000
Florence, CO 81226


                        s/ Peter S. Smith
                        PETER S. SMITH
                        Assistant United States Attorney