# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0386 (ESH) |
| ) | |
| ANTOINE JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Antoine Jones was found guilty of a conspiracy to distribute and/or possess with intent to distribute five kilograms or more of powder cocaine and fifty grams or more of crack cocaine on January 10, 2008. (Dkt. No. 444.) Following his conviction, this Court sentenced him to life imprisonment. (Dkt. No. 509 at 2.) On August 6, 2010, the Court of Appeals reversed the conviction on the grounds that the government had violated the Fourth Amendment by installing a GPS device on Jones's vehicle without a warrant. *United States v. Maynard*, 615 F.3d 544, 567-68 (D.C. Cir. 2010). The government sought review of this decision before the Supreme Court, which granted its petition for a writ of certiorari on June 27, 2011.

Jones filed a motion for release pending appeal in December 2010, arguing that he was not likely to flee or to pose a danger to the community. (Dkt No. 571, at 2.) This Court concluded that it lacked jurisdiction because the Court of Appeals had not yet issued its mandate and that even if it had jurisdiction, Jones would not be entitled to release because he was convicted of a felony drug offense with a maximum sentence of ten years or more. (Order [Dkt. No. 574] at 1.) Jones appealed this decision to the Court of Appeals, which denied his motion without prejudice on March 3, 2011, holding that this Court "retains jurisdiction to consider a

motion for release" and that "Jones may file a renewed motion for release." (Dkt. No. 577.) The Circuit also held that this Court, "in addressing any renewed motion for release," must "decide whether it is appropriate to treat Jones (i) pursuant to 18 U.S.C. § 3143(b)(2) and 3145(c), as a defendant found guilty and seeking appeal, (ii) pursuant to § 3142, as a defendant awaiting a new trial, or (iii) pursuant to § 3143(c), as a defendant awaiting a government 'appeal' in the form of a petition for writ of certiorari." (*Id.*) Following the decision of the Court of Appeals, Jones has filed another *pro se* motion for release from prison on July 11, 2011 (Dkt. No. 579), which the government opposes.

## ANALYSIS

The Court must first determine the proper legal standard that governs the detention of a defendant who has been convicted of a crime, has had his conviction overturned on appeal, but the government's petition for a writ of certiorari has been granted by the Supreme Court. As the government correctly observes, no federal case addresses this somewhat novel situation. (*See* Gov't Opp'n at 12 n.5.) The government argues that the Court should treat Jones as a defendant found guilty and seeking an appeal pursuant to 18 U.S.C. § 3143(b)(2) (Gov't Opp'n at 5), while Jones suggests that subsection (c) of § 3143 should apply. (Def.'s Fifth Mot. for Release From Prison ("Def.'s Mot.") at 3.) The Court of Appeals identified a third possibility: that 18 U.S.C. § 3142, which governs defendants pending trial, applies. As explained herein, the Court concludes that 18 U.S.C. § 3143(b)(2) is the appropriate standard.

Federal Rule of Criminal Procedure 46 states that "the provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Thus, § 3143 governs defendants in cases in which an appeal is still pending.

2

Subsection (b) applies to a "person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." 18 U.S.C. §§ 3143(b)(2). Although Jones's conviction has been reversed, his appeal remains pending because the Court of Appeals has withheld its mandate until the Supreme Court's final disposition of the case. *See United States v. Schaefer*, No. 04-20156, 2007 WL 4180388 (D. Kan. Nov. 21, 2007) (defendant was subject to detention under subsection (b) "pending the finalization of his appeal" where Court of Appeals had reversed his conviction and where the government's petition for rehearing *en banc* was pending). Moreover, Jones has been convicted of an offense with a maximum sentence of life imprisonment and, therefore, he has been found guilty of an offense described in § 3142(f)(1)(B). Thus, 18 U.S.C. § 3143(b)(2) requires that the Court "shall order" that Jones be detained.[1]

Nevertheless, the Court "may" order Jones's release if he "meets the conditions of release set forth in section 3143 . . . (b)(1) . . . [and] if it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." *Id.* § 3145(c). Thus, in order to be released, Jones must show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released," and that there are "exceptional reasons" why detention would be inappropriate. *See id.* § 3143(b)(1)(A). Because Jones has not satisfied his burden under either prong, his continuing detention is required under § 3143(b)(2).

---

[1] Subsection (c) applies when the government has taken an appeal "under section 3731" of title 18, which governs where the United States may appeal "to a court of appeals." 18 U.S.C. § 3143(c). Because this section does not relate to petitions for writs of certiorari (and does not specifically apply to defendants who have already been convicted), it appears less suited to this case than § 3143(b).

3

This Court has already examined the relevant factors under 18 U.S.C. § 3142 and determined that Jones should be detained to ensure the safety of the community. (Mem. Op. of Dec. 29, 2005 (Dkt. No. 59.) at 2-3.) And, Jones has failed to provide the Court with any reason to reconsider its previous opinion. His most recent filing presents no evidence or argument to suggest that he does not pose a danger to the community. (*See* Def.'s Mot. at 1-3.) Jones's prior motion for release, filed on December 3, 2010, argues, as he did prior to trial, that he has "no history of violence, no close ties to co-defendants," and that he has been "financially broken, credit ruined, passport expired." (Motion for Release Bond or Home Confinement, Pending Gov't Appeal [Dkt. No. 571], at 4.) While Jones may not have a history of violence, the Court has already noted his "prior criminal record," which includes convictions for bribery and the sale of cocaine. (Mem. Op. at 3, Dec. 29, 2005.) Jones has introduced no evidence, let alone clear and convincing evidence, to outweigh this Circuit's instruction that "society is endangered when courts release those individuals onto the community whose past conduct indicates that they are likely to possess, control or distribute controlled substances." *United States v. Anderson*, 670 F.2d 328, 330-31 (D.C. Cir. 1982). The only change that has taken place since 2005 is the Circuit's opinion in *Maynard*. However, the "rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" under § 3142. 18 U.S.C. § 3142(f). Thus, the Circuit's opinion in *Maynard* does not weaken the evidence of the danger that Jones poses to the community. Jones has failed to submit any evidence that would raise doubts about the Court's finding that detention is necessary "to ensure the safety of the community" (Mem. Op. at 3, Dec. 29, 2005) and has therefore failed to show by clear and convincing evidence that he meets the conditions for release listed in 18 U.S.C. § 3143(b)(1).

Moreover, even if Jones could meet these conditions, which he cannot, the Court could not apply § 3145(c) because there is no exceptional reason why detention would not be appropriate. The only reason for releasing Jones that could be "exceptional" is the decision of the Court of Appeals reversing his conviction. In *United States v. Schaefer*, a court granted relief pursuant to § 3145(c) where the defendant was not likely to flee or pose a danger to the community (and, indeed, had been released pending trial and sentencing) and where a Tenth Circuit panel had reversed his conviction *and ordered that he be acquitted*. 2007 WL 4180388, at *1, *3. The only thing standing between the defendant in *Schaefer* and his freedom was the potential for review by the Tenth Circuit *en banc*, which, the court noted, was "unlikely." *Id.* at *3. Here, by contrast, the Supreme Court has already granted the government's petition for a writ of *certiorari* and has decided to review the decision by the Court of Appeals. Moreover, even a decision from the Supreme Court affirming the Court of Appeals would not necessarily make his continued incarceration inappropriate, since a reversal would only lead to a new trial.[2] *See United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (no exceptional reasons where defendant challenged conduct of trial, rather than the "very fact that caused him to be subject to mandatory detention"). Thus, it is far less likely in this case than it was in *Schaefer* that the defendant "would be spending time incarcerated that he should not have served at all." *Schaefer*, 2007 WL 4180388, at *3. The Court finds no exceptional reason why detaining Jones would be inappropriate.

---

[2] For this reason, the note in the legislative history of this section suggesting that relief might be appropriate for a "convicted drug dealer who . . . was temporarily incapacitated . . . and whose appeal raised a novel and difficult search or seizure question *on which the conviction will stand or fall*" does not suggest that exceptional reasons exist here. *See United States v. Garcia*, 340 F.3d 1013, 1018 n.4 (9th Cir. 2003) (emphasis added).

5

Jones has failed to submit clear and convincing evidence that he is not likely to flee or pose a danger to the community and has failed to establish "exceptional reasons" why his detention would be inappropriate. Accordingly, it is hereby

**ORDERED** that defendant's Motion (Dkt. No. 579) is denied.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 1, 2011