**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. 05-386 (ESH) |
| | : | |
| **ANTOINE JONES,** | : | |
|     **Defendant.** | : | |
| | : | |

GOVERNMENT'S SUBMISSION IN ANTICIPATION OF STATUS HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, provides the Court the following information relevant to the scheduling of the above captioned matter. At the status hearing held on Monday, March 5, 2012, the Court set a tentative trial date of May 7, 2012 and asked the United States to advise the Court of likely witnesses, the probable length of trial, who would be trying the case for the United States, and the availability of these attorneys. That information is provided below, as well as some observations on likely motions and other issues that did not arise in the earlier trials.

I. Witnesses

In reviewing the witness list for the second trial in this case, the United States believes that essentially the same witnesses will be called, with the exception of two witnesses who testified about the GPS device that was attached to a vehicle driven by the defendant. There is likely to be one additional witness of some length, an individual who was not available at the time of the last trial, but who will now testify about Jones' relationship with his drug suppliers in Mexico. There may also be a new witness who will testify about Jones' cocaine distribution activities in the Washington, D.C. area.

II. Length of Trial

The 2007 trial in this matter, excluding jury selection and deliberations, lasted approximately 19 trial days. Although there will be one fewer defendant in this trial, the vast majority of the testimony in the 2007 trial involved Jones, so there will only be a modest saving of time due to the absence of the co-defendant. Given the addition of the new witnesses, it makes sense to plan for the same number of actual trial days as in 2007, 19.

III. Likely Motions and other Issues

Although the United States can not be absolutely sure about the nature of the motions involved until the defendant files his pleadings, it seems clear that there will have to be fairly extensive briefing on potential taint issues arising from the use of the GPS device on the defendant's vehicle and the applicability, or not, of exclusion to any evidence that was obtained through the use of data obtained from that device. Evidentiary hearings are likely to be required to resolve these motions.

Certain evidence that was not presented in the earlier trial may now be probative in the absence of testimony concerning the data from the GPS device on the defendant's vehicle. Notably, the United States is now exploring whether cell-site and/or geolocation data was obtained for various phones during the investigation, and, if so, whether it still exists.[1] Given that the investigation was a number of years ago it may take a few days to make that determination.[2] It is possible that some motions will be generated by that evidence as well.

---

[1] Making this evidence comprehensible to a jury would also likely require relatively brief expert testimony.

[2] The defendant has requested discovery concerning this evidence which the government will provide as soon as it has the data available. See Dkt. No. 595-1.

Finally, the government is attempting to locate the witnesses from the earlier trial. If, after diligent effort, some cannot be found, the government believes their prior testimony will be admissible pursuant to Federal Rule of Evidence 804(b)(1). There may also be some litigation on this question, if it arises.

IV. Assigned Prosecutors and Scheduling Issues

In order to meet the proposed schedule, the Government has assigned three prosecutors to the fairly daunting task of mastering this complex case and preparing to try it in May, if necessary. In order to accommodate that schedule, as well as the availability of the prosecutors assigned, and the need for 19 actual trial days, the government would ask that opening statements begin by May 14, 2012 (if the Court plans to not sit on Fridays) or by May 21, 2012 (if the Court plans to sit on Fridays). This proposal is based upon the unavailability of government's proposed trial team as of June 18, 2012. These dates assume that the parties would select a jury, and alternates, at a time prior to May 14 or 21.

If these dates are not a possibility, government counsels' next available date to begin the trial would be September 4, 2012.[3]

Respectfully submitted,

RONALD C. MACHEN JR., Bar No. 447889
United States Attorney

_____
Arvind K. Lal, Bar # 389489
Darlene M. Soltys, Bar # 431036
Courtney D. Spivey, N.Y. Bar
Assistant United States Attorneys
555 4th Street, N.W., Room 4106 (Lal)
Washington, DC 20530

---

[3] One of the three assigned prosecutors would not be available in September due to other trial commitments, but the additional time would allow the two remaining counsel to prepare and try the case without their co-counsel.

3