# Exhibit 6

## SECOND AFFIDAVIT

I, Kellie R. O'Brien, Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office, Washington, D.C., (hereinafter affiant) being duly sworn, depose and state as follows:

1. On May 30, 2012, I accompanied the prosecutors who are handling the case of United States v. Jones, Cr. No. 05-386 (ESH), on a visit to 400 Hampton Park Blvd., in Capitol Heights, Maryland. This warehouse was leased by Antoine Jones in the spring of 2004.

2. On May 30, 2012, we were given permission by Scott Peacock, the current leaseholder, to enter the warehouse. I took photographs of the interior of the warehouse which are attached to this affidavit.

3. I have reviewed and am familiar with the following: ICE exhibit # 12, which depicts a view of the interior of the warehouse, looking from back to front; exhibit #3, the eight pictures attached to the defendant's document # 620, and the argument made in document # 620, namely that the peg board was installed in mid-February, 2004 and because it seems that the peg board does not appear in ICE exhibit #12, which the ICE agents testified was taken on April 30, 2004, ICE agents must have actually entered the warehouse prior to mid-February, 2004.

4. On May 30, 2012, I positioned myself at the back of the warehouse looking towards the front. With good lighting and my naked eye, I could clearly see the peg board, despite its white color atop a white wall. However, when looking at the same view through my camera, it was not possible to see the peg board. I attach four photographs to this affidavit that I took that day. Picture #1 depicts the front of the warehouse. Picture #2 was taken from back to front. The peg board would appear on the right side of the picture, but is not visible. Two tiny yellow hooks and a split in middle

of the peg board are barely visible. Picture #3 depicts the same view as picture #2, except that for this photograph, the flash was not used. Picture #4 depicts a close-up of the peg board, the two yellow hooks and split down the middle of the peg board. This photograph was taken from the same location as pictures #2 and 3, but the zoom feature was used.

5. Since my visit to the warehouse, I have examined ICE exhibit #12 (which is attached herein as Picture #5) more fully. The yellow hooks that appear in my Picture #4, and in two of the defendant's eight photographs, also appear in ICE exhibit #12. The split between the peg board that appears in my Picture #4, but is not visible in the defendant's eight photographs, also appears in ICE exhibit #12. I know from my visit to the warehouse that the yellow hooks were hooked through peg board holes. I know from my visit to the warehouse that the split between the peg board is the result of two pieces of peg board being placed side by side.

6. I know that the wooden shelving underneath the peg board, which Greg Wills asserts he installed at the same time he installed the peg board, is visible in ICE exhibit #12 and in six of the defendant's eight pictures. The wooden shelves are not visible in my photographs because items which are currently stored in the warehouse block the view, but I saw the wooden shelves during my visit.

7. Having made a careful review of the warehouse and all of the photographs referenced herein, I believe that the peg board was present on the wall at the time of ICE exhibit #12. Moreover, I know that if one uses the zoom feature to examine a digital copy of exhibit #12, the peg board is visible, albeit barely.

_____
Kellie R. O'Brien
Special Agent, Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED before me this __20__ th day of June, 2012.

_____
Jessica McCormick
Notary Public, District of Columbia
My Commission Expires December 14, 2016



#3



originally ICE #12 / #5