Clerk of Court
United States District Court
for the District of Columbia

United States of America

v.   Case No. 05-CR-386(1)(ESH)

Antoine Jones

Reply to the Government Opposition to Defendants Reconsider motion to Suppress Evidence seized at Levels Night club.

18 USC § 3105 Violation and a 4th Amendment Violation

Defendant will focus on the 18 USC § 3105 violation when the officer allow A.B.R.A Director to exceed her ABRA duties by search club levels and the search became unreasonable and exceed it's scope when the agents stole the ABC Liquor lincense that wasnt on the Attachment A to seize property, nor did the agents note the ABC Liquor lincense to be seize on the club level seizure list, a clear violation of defendant ~~liquor lincense~~ 4th Amendment.

ABRA Director aided in

ABRA DIRECTOR ABC Rules, Policy And Regulation to follow.

Policy 5-207, ABRA Director and staff point out The Director shall organize the personnel and transfer by § 25-20. and shall employ staff as needed to carry out the function of ABRA.

No where in the ABRA Director duty to investigate or performed searches in a federal search.

Ms Delaney is not trained or experience in performing a search in a federal search

The practice of evaluating private citizen involvement in a federal search, the civilian must have being serving a ligitimate investigative function

It is impersimissible, for example for an A.B.R.A Director to Ride Along with officers and federal agents especially in furtherance of her own private interest to participate in the federal search to help illegally confiscate Defendant personal property such as the ABC Liquor license.

ABRA Director Maria Delaney has never set foot in club levels and has no idea of the structure (Interior) in club levels. so the Government statement that "The Agency" (not even mentioning Ms Delaney) had previously inspected the establishment and through photo's was familiar with its layout "is not true" and insignificant to Ms Delaney searching club levels.

The Government hasn't produce these photo's they mentioned as exhibits because no way possible did the Government or A.B.R.A has copies of photo's of club levels. Even the A.B.R.A Investigators who visit club levels (a couple of times, dont have or no the layout of club levels because the investigators only went as far as down stairs at the entry to observed the liquor license and never went up stairs.

The facts is these officers can not invite civilians to perform searches on a whim, there must be some ligitimate reason why experience and trained special agents allow ABRA Director a run of the club levels establish

ABRA Director Maria Delaney has no technical expertise to assist the agents or to help identify any thing mentioned on the attachment A.

By the Government mentioning "the agent took physical possession of the liquor license during the execution of the warrant. stating: <u>The liquor license was seized because under the ABRA regulation, the defendant never should have received a liquor license in the first place - he was a convicted felon and on his application, falsely claim he had no criminal record.</u>

Even with this false statement it doesn't demonstrate the need for the ligitimate presence of an ABRA director in federal search.

Once again the government never produce this application "<u>I falsely claim I had no criminal record</u>", reason being it's "<u>untrue</u>".

<u>Special note</u>: This discussion came up in the trial and Mr Balarugo receive the application and I believe the questioned

is: "Have you been convicted in the last five years" or even if it read "Have you been convicted in the last 10 years? Even one the truthful answer will be "**no**"

The Government must know that A.B.R.A has Rules, Policy, and Regulation, and the Agent and ABRA Director exceed their authority and the scope of the search by illegally confiscating the ABC liquor license because neither consulted the ABC Board or receive any advice or direction to confiscate the ABC liquor license. "Only the Board could revoke Defendant ABC liquor license but in this case the Board never revoked my ABC liquor license because Defendant never violate any A.B.R.A Policy.

Cases to support Defendant Position

In Daniel G. Buonocore, (Fourth Circuit) 65 F.3D 347 1995. The court held that the Fourth Amendment prohibited states agent from allowing a search warrant to be used to facilitate a private individual independent search of another's home for "items unrelated to those specified

A reasonable officer would have been aware of the Rules confining the search to items particularly described in the search warrant because "<u>A search could not encompass items not specified within a warrant.</u>" The court concludes that the Homeowner alleged a clearly established Right.

18 USC § 2234, the 4th Amendment and Rule 41 give the property owner well established Rights and protection that officers won't exceed their authority in a federal search.

(Exhibit #1) is Attachment A. There's no where on the attachment states the agents to seize defendant A.B.C liquor license, Nor did these Agent who the Government mentioned took physical possession of the "<u>ligitimate</u>" ABC liquor license during the execution of the search of clublevels, not ate they illegally confiscate the liquor license, a clear violation of 18 USC § 2234, Rule 41 and defendant 4th Amendment.

Special note as the agents observed in the FBI surveillance tape, the club was a

Night club, A Restaurant during the day Hours and "People Also live in the premises" my nephew Derrick and one of my worker live in the club, me Lawrence Maynard and Mr Adrian Jackson laid our heads in the premises some time over night on a Regular. "The FBI Photo's show that I had a private Room with abundance of my personal clothes", and the property was in my name, that give me standing to argue that defendant Reside there some times over night or all day when the club was close for business giving defendant protection of the 4th Amendment.

(Exhibit # 2) is the property receipt of club level and there's no where 'the agent notate the A.B.C liquor license was taken" thus mean the agents stole the license and ABRA Director Deloney Assist them, a clear violation of 18 USC 3105.

## Conclusion

A.B.R.A Director Had no legal Right to Participate in club level search especially being in A Room where some Hotel Receipt

P. D  she had no legal right to open and reviewed documents, rambiage through club personal property or business property, nor should she go through the filing cabinets, office drawers the bottom line ms Dulaney exceed her authority as the Director of ABRA to participate in federal search

If she was present in this federal search, then should be limitation and she should have been never invited according to 18 USC 3105.

Officers and agents are trained and experien to conduct searches without violating state and federal law and faces suppression if they do so. For the flagrant disregards for the limitations in the warrant requirement might transform an otherwise valid searc into a general one, there by requiring the entire fruit of the search to be illegal and suppressed.

<u>Special note</u>: Mr Balarezo and I had discussion on the FBI gun photo's of club level office and during the discussion and all during my case I told Mr Balarezo that the FBI photo's is not of the club office.

P69

During our discussions Mr Balarezo never once mentioned he wasn't going to argue the argument the FBI photo is not of the club and they planted a loaded gun at the club. Defendant will attach a sworned declaration. (Exhibit #3). If this argument is to late to submit in on the reply, I want to reserved this argument on reserved Ineffective assistant of counsel on the Gun in club levels issue.

Also, Defendant send in on 6-18-20 a motion to amend all the motion defendant attorney submitted in on May 22 2012, Arguing the Gun issue, to reserved defendant Rights

Respectfully submitted

Antoine Jones
241912
1901 D St SE
WDC 20003
Sign Antoine Jones
Date 7-3-2012

ATTACHMENT A

(a) Drugs, indicia of drug trafficking, including, but not limited to scales, cutting agents, cutting tools, drug paraphernalia for processing, packaging and/or distributing controlled substances.

(b) Books, records, receipts, notes, ledgers, and other papers including any computerized or electronic records, relating to the transportation ordering, purchase and distribution of any controlled substances.

(c) Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers.

(d) Books, records, receipts, bank statements and money drafts, letters of credit, money orders and cashier's checks, receipts, passbooks, bank checks, and any other items evidencing the obtaining, secreting, transfer, and/or concealment of assets.

(e) Proceeds of narcotics violations including United States currency, precious metals, jewelry and financial instruments, including but not limited to stocks and bonds.

(f) Photographs, including photographs of co-conspirators, assets, weapons, and/or controlled substances, and other documents identifying associates and co-conspirators.

(g) Indicia of occupancy, residence and/or ownership of the premises, including but not limited to utility and telephone bills, canceled envelopes, and keys.

(h) Indicia of travel, including, but not limited to passports, visas, airline tickets, boarding passes, and airline receipts.

(i) Any and all devices used to store and count money, such as safes (combinations or lock type) and money counting machines.

(j) Any locked or closed containers believed to contain any of the above listed evidence.

Exhibit #2

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 2810 WF 213679

On (date) October 24, 2005

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name) ANTOINE JONES
(Street Address) 1960 MONTANA AVE NE
(City) WDC

Description of Item(s):
1) Business License Tax License  Room A
2) Receipts invoices daytimer  Room J
3) Bills receipts invoices record book  Room J
4) False Bottom Can  Room B
5) Ruger P94 9mm serial # 308-07610  Room H
5a) Magazine w/ ammo Taken from item (5)  Room H
6) Ph #s record book  Room J
7) Club Levels Shirt
8) Money Machine
9) Misc receipts, bills cell phone  Room D
10) Sharp LCD Monitor S/No 46234486  Room A  (NOT TA REMOVE)
11) Misc. keys photo disk misc receipts telephone #
12) Club Journal ownership doc. cert of occ.  Room H
13) Misc. Photos Two photo Albums  Room H
14) Copies of checks, SunTrust Account
15) Cell phone, Verizon Samsung, Business doc fold. w/ Tax return
16) Misc. receipts (2) journal record books  Room H
17) Black brief case w/ various documents  Room (H)

Received By: _____ (Signature)
Received From: _____ (Signature)