UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| | * | |
| V. | * | Criminal Case No. 05-386 (ESH) |
| | * | |
| **ANTOINE JONES,** | * | |
|          Defendant. | * | |
| | * | |

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS CELLSITE DATA

Defendant Antoine Jones, by and through undersigned counsel, hereby submits his Reply to the government's Opposition to his Motion to Suppress Cell Site Data. Defendant Jones also hereby incorporates the arguments of Amici Curiae, The Electronic Frontier Foundation and Center for Democracy & Technology.

**I.     Prospective Versus Historical Cell Site Data**

Government requests for cell site data usually fall into two types – historical and prospective. Historical cell site data can be used to retrace previous movements, that is, the records pertain to cell phone calls that have already happened. On the other hand, prospective cell site data, the type at issue in this case, can be used to track the phone in real time. *See e.g., In re the Application of the U.S. for an Order Authorizing (1) Installation of a Pen Register and Trap and Trace Device or Process, (2) Access to Customer Records, and (3) Cell Phone Tracking*, 441 F. Supp. 2d 816, 817 (S.D. Tex. 2006 Smith) ("Smith Opinion"). Put more simply, historical data reveals information "where a suspect *was* and not where he *is*." *U.S. v. Graham*, 846 F.Supp.2d 384, 391 (D.Md., 2012) (emphasis in original) (distinguishing between historical and prospective cell site data in an opinion approving the former).

Here, the government through application pursuant to the Stored Communications Act ("SCA") (18 U.S.C. §2703) obtained a court order that provided that "the Service Provider shall provide the cell site/sector (physical address) at call origination (for outgoing calls), call termination (for incoming calls), and if reasonably available, during the progress of the call for the target cellular number." *See,* Exhibit A to the government's Opposition to Suppress Cell Site Data. The initial order and two subsequent extensions allowed for prospective monitoring of the cell site information. Id. Moreover, the government's Opposition indicates that it received this location information contemporaneously with the calls and that the information it received was identical "regardless of whether it is obtained historically or prospectively." Opp'n 2. While the government's assertion may be correct that the information received is identical whether obtained historically or prospectively, it cavalierly ignores that several courts, including in this jurisdiction, have held that such prospective cell site data cannot be obtained without a warrant supported by probable cause. *See, In re United States*, 407 F.Supp.2d 134 (D.D.C. 2006) ("Facciola Opinion II"); *In the Matter of the Application of the United States*, 407 F.Supp.2d 132 (D.D.C. 2005) ("Facciola Opinion I"). Magistrate judges and district courts in other jurisdictions have addressed various issues regarding whether the government can obtain prospective cell site data without a warrant supported by probable cause. *See, In re Application of the United States*, 620 F.3d 304, 310 n.6 (3d Cir. 2010) (collecting relevant cases).

Additionally, several courts when authorizing historical data disclosure, have noted the important distinction between historical and prospective cell site data. *See*, *In re Application*, Misc. No 11-449 (JMF/RCL) (D.D.C. Oct. 3, 2011) ("Lamberth Opinion"); *In the Matter of the Application*, (not reported) 2006 WL 6217584 (D.D.C. 2006) (Hogan); *In re Application of the United States*, 620 F.3d 304, 312 (3d Cir. 2010)("If it can be used to allow the inference of

present, or even future, location in this respect CSLI [cell site location information] may resemble a tracking device with provides information as to the actual whereabouts of the subject."); *Graham,* 846 F.Supp.2d at 391 -392 . As the Amici Curiae effectively argue in their brief, individuals have a reasonable expectation of privacy of their location and movement information.  Amici Curiae Br. 2-11.  Defendant has incorporated their arguments and will not repeat them here. However, Defendant notes, that the government argues, in part, that he has no reasonable expectation of privacy in cell-site location information conveyed to his wireless carrier because the information is too imprecise to constitute an intrusion of privacy. Opp'n 5. This argument disregards the fact that the government is seeking to introduce expert testimony that uses the cell site data to place him in certain locations such as his home, the homes of others, and the alleged stash house.  If the data is too imprecise to violate an individual's privacy, perhaps it is too imprecise to use to pinpoint the defendant to certain locations.  The government's reliance on the technology's alleged imprecision as a shield against the protections of the Fourth Amendment is unpersuasive.

The government further relies, in part, upon an opinion by Chief Judge Lamberth in support of its position that the cell site data at issue in this case is information voluntarily rendered to a third party and thus not protected by the Fourth Amendment.  Opp'n 11 (citing *Lamberth Opinion*). The government correctly notes that the request at issue in Judge Lamberth's case was for historical records rather than prospective acquisition, but states the "difference is inconsequential."  Id. However, Judge Lamberth specifically distinguishes historical data from prospective data noting that whether the Stored Communications Act authorized disclosure of prospective cell site information would be a closer call. *Lamberth Opinion* at 7 n.3.  Judge Lamberth analyzed whether historical cell site data qualified as a

3

"record" under 18 U.S.C. § 2703. While he held that historical cell site data falls within the definition of "record," he notes that "were the government seeking an order for prospective or real-time CSLI, the question of whether the information constitutes a 'record' – or whether other statutes, in conjunction with the SCA, provide the government with the requisite authority – would be closer." Id. (citing *In Re Application of the United States*, 620 F.3d 304, 310 n.6 (3d Cir. 2010).

Moreover, in distinguishing the application in his case from *United States v. Maynard*, 615 F.3d 544 (D.C. Cir 2010), Judge Lamberth notes that "Disclosure of historical CSLI for limited numbers of specific calls . . . does not paint such a detailed portrait of an individual's life." Id. at 10. "Like a blank connect-the-dot image, historical CSLI compromises an incomplete and scattershot image of an individual's travels, lacking sufficient detail to provide the 'intimate picture' envisioned in *Maynard*." Id. at 11. But in concluding that the historical cell site data sought in that case does not amount to an intrusion of privacy implicating the Fourth Amendment, he notes that "[t]his case would present a closer question if the government applied for disclosure of every cell phone call placed over a more prolonged period of time." Id at 11 n.6 (citing *In re United States Order*, 736 F. Supp 2d at 595 ("[T]he difference between continuous location tracking and the tracking of a person's location at particular points in time is ultimately unpersuasive as a basis on which to distinguish *Maynard.*") Here, the government obtained cell site data for every cell phone call made over a four month period.[1] Moreover, and more importantly, they did so prospectively such that they were receiving the cell site location data contemporaneously with the cell phone calls.

The government argues that defendant mistakenly cites two magistrate opinions - *In re Application*, 384 F.Supp. 2d 562 (E.D.N.Y 2005)(Orenstein I Opinion) and *Facciola Opinion II*

---

[1] The Initial June 20, 2005 Order with the two extensions authorized surveillance for six months total.

4

in support of his constitutional claims. The government tries to argue that the cases on which Defendant relies for his constitutional argument do not in fact support his position.  In the Facciola Opinion, Magistrate Judge Facciola held that the government was not entitled to prospective cell site data under 18 U.S. C. § 2703 *because it is protected by the Fourth Amendment. Facciola Opinion* II at 135.  Accordingly the government could obtain the prospective cell site information pursuant to a warrant supported by probable cause to believe that the information sought is itself evidence of a crime – as required by Rule 41 of the Federal Rules of Criminal Procedure and the Fourth Amendment. Id.

## II.     Suppression is a Remedy for the Violation of Defendant's Constitutional Rights

Before this Court decides whether to accept the government's argument that the good-faith exception to the exclusionary rule applies here, Defendant urges the Court to resolve whether a constitutional violation occurred.   In *United States v. Leon*, the Supreme Court notes that "whether the exclusionary sanction is appropriately imposed in a particular case, our decisions make clear, is 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.'" *U.S. v. Leon*, 468 U.S. 897, 906 (1984) (citing *Illinois v. Gates*, supra, 462 U.S. 213, 223 (1983).) Resolution of the Fourth Amendment question is important in first assessing whether law enforcement acted reasonably and, second, to informing future reliance. "Even if the Fourth Amendment question is not one of broad import, reviewing courts could decide in particular cases that magistrates under their supervision need to be informed of their errors and so evaluate the officers' good faith only after finding a violation." Id. at 925.

A. <u>Law Enforcement's Reliance on Section 2703(d) Was Not Objectively Reasonable to Obtain Prospective Cell Site Data</u>

The government argues that even if this Court concludes that the cell site data disclosures constituted a search under the Fourth Amendment, Defendant is not entitled to suppression because the agents in this case relied in good faith upon a statute. However, it was not objectively reasonable for the officers to rely upon the statute because the statute does not allow for the prospective cell site data. By its plain language, the Stored Communications Act regulates only retrospective surveillance – not contemporaneous surveillance.

The Stored Communications Act applies to "stored" communications, see S. Rep. No. 99-541, at 3 (1986), and it regulates "divulg[ing]" or disclos[ing]" a "record or other information" 2702(a)(3), (c). The plain language to the Stored Communications Act upon which the government relied in their application is in the present tense and only permits the disclosure of a record or information that exists at the time that the government sought it. *See*, *In re Application*, 396 F. Supp. 2d 747, 760 (S.D. Tex. 2005) ("Smith Opinion") ("Like a request for production of documents under Federal Rule of Civil Procedure 34, §2703(d) contemplates the production of existing records, not documents that may be created at some future date related to some future communication."); *Orenstein Opinion* at 312 (rejecting the government's argument that there is no difference between historical and prospective cell site data because data is historical once captured, an argument Judge Orenstiein labeled as the "instantaneous storage" theory.). Moreover, "a record means something stored or archived. The term information is synonymous with data." *In re United States*, 509 F. Supp. 2d 76, 80 (D. Mass. 2007). Additionally, as discussed in the Amici Curiae Brief, comparison of the Stored Communications Act with other surveillance laws that do specifically allow for contemporaneous disclosure, shows that the SCA does not encompass the prospective cell-site data at issue here. Amici Curiae Br. 12-19. The

6

contemporaneous data at issue in this case does not reasonably fall within the Stored Communications Act and the good-faith reliance exception should not apply here.

The government's reliance on *Davis v. United States* to support their argument for good-faith reliance does not hold up because *Davis* does not apply to this case because there was no binding precedent governing the disclosure of prospective cell site data. 564 U.S. ____ (2011). There is still no binding precedent on this direct issue.

    B.  The Exclusionary Rule Applies Because The Magistrate Judges in This Case Acted as a Rubber Stamp to the Government's Applications for Prospective Cell Site Data.

The good-faith exception to the exclusionary rule does not apply when the magistrate judge acts merely as a rubber stamp for law enforcement. *Leon,* 468 U.S. at 914. Here, the government filed it first Application in this case on June 20, 2005. The Magistrate Judge granted the Application that same day. Less than six months later in December 2005, the same Magistrate Judge denied an identical request holding that the prospective cell site data the government sought required a warrant issued pursuant to Rule 41 of the Rules of Criminal Procedure. *See, Facciola Opinion I*. He denied a similar request again in January 2006. *Facciola Opinion II*. In the intervening months between the June 20, 2005 Order in this case and the later opinions denying the same request, there were no changes to the relevant statutes nor new binding precedent. Defendant is not arguing that the magistrate judge improperly took part in carrying out the warrant as in *Lo-Ji Sales*, *Inc*. *v. New York*, 442 U.S. 319, 326 (1979) or otherwise acted negligently or in bad faith. However, the magistrate judge did fail to closely examine and question the prospective data in this case as he did only a few months later in two similar applications for prospective cell site data.

C.  This Court is Not Limited by the Remedies in the SCA Because the Government Violated Defendant's Constitutional Rights

The government argues that violations of the Stored Communications Act do not allow for suppression as a remedy. The SCA states: "The [damages] remedies and sanctions described in this chapter are the only judicial remedies and sanctions for *nonconstitutional* violations of this chapter." 18 U.S.C. §2708 (emphasis added). Defendant's motion to suppress is not premised solely on the argument that the government violated his rights under the SCA. The government violated he constitutional rights under the Fourth Amendment because the government failed to demonstrate probable cause before obtaining the cell site information. Accordingly, this Court is not limited by the remedies specified by the Stored Communications Act. *See, U.S. v. Suarez-Blanca,* 2008 WL 4200156, 4 (N.D.Ga.,2008) (holding that defendants may pursue suppression of historical cell site data evidence obtained via the SCA based upon their Fourth Amendment violation theory.) (citing *Mapp v. Ohio,* 367 U.S. 643, 655-657 (1961); *Weeks v. United States,* 232 U.S. 383, 34 (1914)).

WHEREFORE, for the foregoing reasons, those stated in Defendant's Motion to Suppress Cell Site Data, the Brief of Amici Curiae, and any others that may be presented at a hearing on this motion, Defendant Jones respectfully requests that this Honorable Court suppress all cell phone records obtained without a warrant and a showing of probable cause.

                              Respectfully submitted,

                              _____/S/_____
                              Jeffrey B. O'Toole (#244509)
                              O'Toole Rothwell
                              1350 Connecticut Avenue, NW
                              Suite 200
                              Washington, D.C.  20036
                              (202) 775-1550
                              Counsel for Defendant

## CERTIFICATE OF SERVICE

I, Jeffrey B. O'Toole, hereby certify that I have served a copy of the foregoing Reply to Government's Opposition to Defendant's Motion to Suppress Cellsite Data, on the Assistant United States Attorneys representing the Government in this case, and all counsel of record electronically via PACER this 26th day of November 2012.

_____/s/_____
Jeffrey B. O'Toole