UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 05-386 (ESH)** |
| | : | |
| v. | : | |
| | : | **Trial 1/22/13** |
| **ANTOINE JONES,** | : | |
| Defendant. | : | |

## GOVERNMENT'S IN LIMINE MOTION TO ALLOW LAW ENFORCEMENT WITNESSES TO GIVE LAY OPINIONS REGARDING WIRETAP CALLS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to allow law enforcement officers testifying at trial to provide lay opinions about the meaning of certain terms used by the defendant Antoine Jones and his co-conspirators in wiretapped phone calls consistent with United States v. Smith, 640 F.3d 358 (D.C. Cir. 2011).

### Background

Through the court-authorized wiretap on the defendant Antoine Jones's telephone, law enforcement officers listened to and recorded numerous conversations between the defendant and his co-conspirators regarding drug sales. In these conversations, the defendant and his coconspirators would use coded language to refer to narcotics transactions in an attempt to elude detection by law enforcement. For example, the defendant, his suppliers and his customers often uses words such as "tickets," "half ticket" and "music" to refer to quantities of cocaine and "homework" or "math homework" to refer to money due to him for prior narcotics transactions. During the prior trials in the case, the Court did not allow law enforcement officers to testify about their understanding of the meaning of the coded-language used by the defendant and his

coconspirators.

Following the last trial in this case, the United States Circuit Court for the District of Columbia issued an opinion regarding the propriety of testimony by law enforcement regarding their interpretation of coded language used on wiretapped calls. Smith, 640 F.3d at 364-67. The government requests that its law enforcement witnesses be allowed to offer testimony regarding their lay opinion of the meaning of these calls based on their knowledge of the calls and familiarity with the inner-workings of the defendant's drug conspiracy.

## **Argument**

Under Smith, law enforcement witnesses familiar with a drug conspiracy can offer testimony regarding coded language used by members of the conspiracy. Id. at 365. This testimony may be offered as lay testimony under Rule 701 of the Federal Rules of Evidence or expert testimony under Rule 702 of Federal Rules of Evidence. Id. At trial, the government intents to play wiretapped phone calls during the testimony of two law enforcement witnesses: FBI Special Agent Kellie O'Brien and MPD Detective Norman Horne. During the testimony of Agent O'Brien, the government will play telephone calls that the defendant made with his Mexican suppliers in which they use coded language. For example, Jones and his suppliers used terms such as "the music is coming" or "the DJ will be there" as coded language for narcotics. During Detective Horne's testimony, the government will play calls in which Jones and his customers use terms such as "how many tickets do you need" and "I have a half ticket left" to refer to narcotics, and "math homework" or "I need to look over the homework" to refer to money for narcotics. Agent O'Brien and Detective Horne were able to understand this coded terminology through their extensive work on this investigation which included listening to hundreds of calls the defendant had with his suppliers and customers. Understanding that these words were coded references to narcotics transactions allowed

these law enforcement officers and their colleagues on the FBI Safe Streets Task Force to conduct surveillance on the defendant and his associates. It also allowed them to correctly surmise when a large shipment of narcotics were arriving into the Washington, DC area, which lead to the seizure of 97 kilograms of cocaine from 9508 Potomac Drive on the takedown date of October 24, 2005.

The D.C. Circuit held in Smith that law enforcement agents can testify regarding the meaning of terms used by drug dealers based on their work on prior drug investigations (which would be expert testimony) or based on their knowledge of the particular drug conspiracy (which would be lay testimony). Id. As the court explained, "An individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy . . . should be admitted as a lay witness; an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies . . . should be admitted as an expert." Smith, 640 F.3d at 365 (quoting United States v. Wilson, 605 F.3d 985, 1026 (D.C. Cir. 2010)). Here, the testimony offered by Agent O'Brien and Detective Horne will be lay testimony because their understanding of the meaning of the calls came from their experience with this particular drug conspiracy.[1] To be clear, the testimony of these witnesses will be brief. They will not provide testimony regarding every call, but rather, after playing a series of calls with similar coded language, they will briefly note that they understood that the call participants were referencing drug transactions.

---

[1] The coded language in this case, i.e. "Tickets" and "music," are terms not commonly used in other Washington, DC drug conspiracies, but rather, are terms used particularly by the defendant Jones due to the terms relationship to his legitimate business at the nightclub Levels.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court allow the government's law enforcement witnesses to testify to their lay opinion of coded language used by the defendant in wiretap calls consistent with Smith.

Respectfully Submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

_____/s/_____
DARLENE M. SOLTYS
COURTNEY SPIVEY URSCHEL
Assistant United States Attorneys
D.C. BAR NO. 431-036
NEW YORK Bar
(202) 252-7685
Darlene.soltys@usdoj.gov
555 Fourth St., NW
Washington, D.C. 20530