UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| V. | * | Criminal Case No. 05-386 (ESH) |
| | * | |
| ANTOINE JONES, | * | |
| Defendant. | * | |
| | * | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S IN LIMINE MOTION TO ALLOW LAW ENFORCEMENT WITNESSES TO GIVE LAY OPINIONS REGARDING WIRETAP CALLS

The United States moves *in limine* for this Court to issue a pretrial ruling allow law enforcement officers to provide lay testimony about the meaning of certain terms allegedly used by Defendant Antoine Jones and his co-conspirators in wiretapped phone calls. For the reasons set forth below, this motion should be denied.

The government notes that in prior trials this Court did not allow law enforcement officers to testify about their understanding of the meaning of the coded language allegedly used by the defendant and his co-conspirators. The government argues that *United States v. Smith*, a 2011 opinion from the United States Circuit Court for the District of Columbia should change that ruling for Mr. Jones's new trial. 640 F.3d 358 (D.C. Cir. 2011). In *Smith*, the court explained

> 'An individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy . . . should be admitted as a lay witness; an individual testifying about the operations of a drug conspiracy based on previous experiences with other drug conspiracies . . . should be admitted as an expert.' We have drawn that line because knowledge derived from previous professional experience falls squarely "within the scope of Rule 702" and thus by definition outside of Rule 701. *See* Fed.R.Evid. 701(c).

1

*Smith,* 640 F.3d at 365 (citing *United States v. Wilson,* 605 F.3d 985, 1026 (D.C. Cir. 2010)). Here, the government argues this explanation in *Smith* should allow their law enforcement officers to offer their lay opinion based on their knowledge of this charged drug conspiracy. Specifically, the government seeks to admit the lay opinion of two law enforcement officials who will testify that certain words were coded references to narcotics transactions. However, this understanding or lay opinion is based upon the law enforcement officer's specialized training and experience. It is beyond the understanding of an average lay person and thus only potentially admissible through an expert. *See* FED. R. EVID. 702. "Unlike experts, lay witnesses must base their testimony on their experiential "perception" and not on scientific, technical, or other specialized knowledge within the scope of Rule 702. This requirement ensures that lay testimony is 'the product of reasoning processes familiar to the average person in everyday life.'" *U.S. v. Wilson*, 605 F.3d 985, 1025-1026, (D.C. Cir. 2010) (quoting *United States v. Garcia,* 413 F.3d 201, 215 (2d Cir.2005)). The government's proposed testimony simply does not meet that requirement.

The comments accompanying Rule 702 support the proposition that drug jargon may be the proper subject for expert testimony and not lay testimony. The commentators say that "when a law enforcement agent testifies regarding the use of code words in a drug transaction, the principle used by the agent is that participants in such transactions regularly use code words to conceal the nature of their activities." FED. R. EVID. 702 advisory committee's notes.

Moreover, to the extent the law enforcement witness's lay opinion of the coded language came from conversations with confidential informants or cooperating witnesses – it would be inadmissible as hearsay.

Further, even if the United States' proposed witnesses were to qualify as experts under Rule 702, to the extent they rely upon interviews with informants and cooperators, such statements would be testimonial and therefore inadmissible under *Crawford v. United States*. 541 U.S. 36 (2004).  Though the D.C. Circuit has held that law enforcement testimony about drug distribution methods does not violate the Confrontation Clause, in *United States v. Law*, 528 F.3d 888, 912 (D.C. Cir. 2008), the Supreme Court has since further clarified the relationship between expert testimony and the Confrontation Clause in *Bullcoming v. New Mexico,* 564 U.S. ___, 131 S.Ct. 2705 (2011).

*Bullcoming* involved the introduction of the results of a test of blood alcohol level.  The technician who performed the test did not testify, but the test results were introduced though another person who worked at the same lab. *Id.* at 2712. The Supreme Court held that this was impermissible and concluded that "as a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement in unavailable and the accused has had a prior opportunity to confront that witness." *Id.* at 2713.

The impressions of the law enforcement officers who the government would like to sponsor violate this clear rule.  The officers would testify based on their interviews and observations from speaking with cooperators and informants. Each of those out-of-court statements are testimonial and the defense would not have an opportunity to cross-examine those witnesses.  For that reason the government cannot use its law enforcement officers, if qualified as experts, to introduce testimonial statements from those not subject to cross-examination.

WHEREFORE, for the reasons set forth above, the Court should deny the government's motion *in limine* and bar the government's law enforcement witnesses from testifying to their lay opinion of coded language allegedly used by the defendant.  Moreover, the court should bar the

government's law enforcement officers from introducing testimonial statements by those not subject to cross-examination.

                                        Respectfully submitted,

                                        _____/S/_____
                                        Jeffrey B. O'Toole (#244509)
                                        Errin R. Scialpi (#501051)
                                        O'Toole Rothwell
                                        1350 Connecticut Avenue, NW, Suite 200
                                        Washington, D.C.  20036
                                        (202) 775-1550
                                        Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 16th day of January 2013, a copy of the foregoing was filed electronically. Notice of the filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.:

Arvind K. Lal, Bar # 389489
Darlene M. Soltys, Bar # 431036
Courtney D. Spivey, N.Y. Bar
Assistant United States Attorneys
Mark Eckenwiler, N.Y. Bar
Associate Director,
Dept. Of Justice, Office of Enforcement
Operations
United States Attorneys Office
555 4th Street, N.W., Room 4106 (Lal)
Washington, DC 20530

                                    _____/s/_____
                                      Jeffrey B. O'Toole