**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **1:05-cr-00386 (ESH)** |
| | ) | |
| **v.** | ) | **Judge Ellen S. Huvelle** |
| | ) | |
| **ANTOINE JONES** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY BY DEFENSE WITNESSES ON IRRELEVANT SUBJECTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Motion in Limine to preclude testimony by defense witnesses on irrelevant subjects. Specifically, the government requests the following: (1) the defendant be precluded from calling non-law enforcement personnel who were present at Level's Night Club, if that testimony is offered to attack the legality of the search warrant based on the presence of non-law enforcement personnel; (2) the defendant be precluded from calling witnesses whose testimony will attack the affidavit in support of wire interceptions, when there has been no trial testimony regarding the interceptions contained in the affidavit; and (3) the defendant be precluded from calling additional law enforcement personnel whose testimony the government has not relied on in its case-in-chief for the purpose of attacking the credibility of the additional law enforcement personnel. As grounds for this motion, the United States relies on the following points and authorities and other points and authorities as may be cited at a hearing on this motion.

**WITNESSES**

After reviewing the defendant's witness list, the government has reason to believe the defendant plans to call a number of witnesses during his case-in-chief to offer testimony for improper purposes. The government is basing its belief on both its familiarity with the facts of the case, as well as a review of declarations included in filings the defendant has made as part of his numerous pro se motions to reconsider prior rulings in this case.

From these two sources, the government surmises the following witnesses will be called by the defendant to offer testimony on the following improper and irrelevant subjects. The defendant will call Maria Delaney (with ABRA) and Renalda Shaw (FBI Asset Forfeiture paralegal) to testify about being present at the time of the search warrant execution at Level's Night Club. This testimony could only be offered to support the defendant's previously unsuccessful and now irrelevant argument that the presence of the two non-law enforcement personnel at the time of the search warrant somehow undermines the legality of the search warrant. The next category of witnesses are witnesses who the defendant would call in order to attack the wiretap affidavit by offering testimony that (1) the government misunderstood the meaning of certain text messages or (2) the government's sources relied on in the search warrant affidavit were not accurate. Those witnesses include Shanesse Gilmore, Nicholas Jones, Quentessa Broussand, Damien Broussand, Tymira Hunter, Karressa Jones, Anthony Koonce, Annita Worley, Nimrod Babylon, and Anthony Givens. Because the Court has ruled on the legality of the wire affidavit, and no text messages or statements attributable to any specific source have been offered to the jury, any attempt to offer testimony regarding these subjects is both improper and irrelevant. Finally, the defendant has listed FBI Special Agent Stephanie Yanta on his witness list. The government believes the defendant will attempt to call Agent

Yanta as a witness only to turn around and impeach her credibility by attacking the substance of statements she made in the wiretap affidavit. Doing so would be improper because (1) the legality of the search warrant affidavit has been ruled upon and the affidavit and statements contained in that affidavit are not before the jury, and (2) it is improper to call a witness only to impeach the witness when that witness has not been used by the government.

**ARGUMENT**

The Federal Rules of Evidence ("FRE") governing relevance and admissibility preclude the defendant from introducing his proposed testimony. Under FRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." United States v. Long, 328 F.3d 655, 660 (D.C. Cir. 2003). Under FRE 104, the question of whether evidence was lawfully seized and its admissibility at trial is for the court, not the jury to decide. Fed. R. Evid. 104(a) (admissibility of evidence shall be determined by the court) (emphasis added); see also United States v. Lang, 8 F.3d 268, 270 (5th Cir. 1993) (reversing the district court for allowing jury to decide whether cocaine seized under plain view doctrine was admissible); United States v. James,590 F.2d 575, 579 (5th Cir. 1979) (explaining "the judge alone decides preliminary questions which relate to the competence of evidence") overruled on other grounds by United States v. Martinez-Perez, 941 F.2d 295, 300 (5th Cir. 1991).

As explained above, two of the defendant's proposed witnesses appear to be offered by the defendant purely to challenge the legality of the search warrant executed at Level's Night Club on October 24, 2005 on the grounds that non-law enforcement personnel were present.

This should not be permitted pursuant to FRE 104(a), as the Court already determined that evidence obtained through the search warrant execution was admissible.[1]

Any attempt by the defendant to revisit the facts underlying the execution of the search warrant should also be precluded by FRE 403, which states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, [or] wasting time." Fed. R. Evid. 403.  Allowing the defendant to re-litigate suppression issues at trial would only cause jury confusion, waste the court's time and resources, and introduce repetitive, cumulative, or irrelevant questioning.

Relevance concerns would also bar the defendant from calling witnesses whose testimony does not contradict testimony set forth at trial, or whose value would inject superfluous credibility issues into the case.  The defendant wishes to call witnesses to challenge text message interpretations in the affidavit supporting wire interceptions. However, there is no relevance in this line of questioning, when there has been no trial testimony regarding the text message interpretations in the affidavit and the legality of the affidavit has already been determined by the Court, as well as the Circuit Court for the District of Columbia.  Furthermore, the testimony of any witness offered to attack the "source information" relied upon by the agents in the affidavit is irrelevant because the wire affidavit is not at issue and because no source was identified in the government's case in chief.[2]

---

[1] Because this Court has already ruled on the legality of the wire affidavit and searches at issue, these rulings are law of the case and should not be revisited at trial by defense witnesses. See Arizona v. California, 460 U.S. 605, 618 (1983) (concluding when a court decides upon a rule of law that decision continues to govern the same issues in subsequent stages of the same litigation); Naples v. United States, 359 F.2d 276, 277-78 (D.C. Cir. 1966) (holding law of the case only applies to principles of law enunciated by the court).

[2] The government believes that the defendant intends to call Anthony Givens and Anthony Koonce, and that these witnesses will testify that they are the sources that the FBI relied upon in the wire affidavit.  Jones will then attempt to demonstrate that they are not reliable sources.

The defendant also wishes to call Special Agent Stephanie Yanta, whose testimony the government does not depend upon to make the case against the defendant, only to impeach her regarding alleged errors she made in the investigation, including in her interpretation of coded language in the wire affidavit. As stated above, testimony regarding the wire affidavit is wholly irrelevant since the legality of the affidavit has been determined by the Court and there has been no reference made to that affidavit in the government's case. "Defendants cannot circumvent the rules of evidence by calling witnesses solely to impeach them with evidence that would otherwise be inadmissible." Virgin Islands v. Mosby, No. 11-3676, 2013 WL 336794, *3, (3rd Cir. January 30, 2013) (citing United States v. Sebetich, 776 F.2d 412, 428-29 (3d Cir. 1985)); see also, United States v. Douglas, 408 F.3d 922, 927 (7th Cir. 2005) (the Court did not allow defendant to introduce irrelevant and inadmissible evidence to impeach a witness whose credibility was not at issue, holding "a party is not allowed to impeach the credibility of witness simply for the sake of doing so"); United States v. Lattin, 108 F.3d 1374 (4th Cir. 1997) (concluding lower court did not abuse its discretion by refusing to permit defendant from calling an indicted co-conspirator as a witness for the sole purpose of impeaching the witness because the government did not call the co-conspirator to testify); Sebetich, 776 F.2d at 428-29 (holding defendants cannot circumvent the rules of evidence by calling witnesses solely to impeach them with evidence that would not otherwise be admissible); United States v. Webster, 734 F.2d 1191, 1192 (7th Cir. 1984) (stating a party may not call a witness for the sole purpose of impeaching him).

The government acknowledges the defendant may call witnesses for the purpose of attacking the credibility of the government's trial witnesses.[3] For example, the defendant may

[3] While the government concedes the defendant can offer testimony to attack the credibility of a government witness, the defense testimony cannot be so extensive that it becomes a mini-trial, which would not be permissible

call his spouse to attest the search warrant was executed prior to 6:00 A.M, because this testimony has potential relevance in impugning the credibility of the officers who testified the search began at 6:00 A.M. However, relevance concerns would not allow the defendant to elicit testimony that does not contradict previous trial testimony.

under the bar on extrinsic evidence. See generally Fed. R. Evid. 608(b) advisory committee's notes; United States v. Smith, 232 F.3d 236, 241 (D.C. Cir. 2000) (noting the purpose of FRE 608 to restrict the admission of extrinsic credibility evidence addresses the concern that "evidence of prior acts will either unduly prejudice and overpersuade the jury . . . or waste time by sanctioning countless distinct credibility mini-trials within the trial"); United States v. Martz, 964 F.2d 787, 789 (8th Cir. 1992) (stating purpose of barring extrinsic evidence is to avoid holding mini-trials on peripherally related or irrelevant evidence); United States v. Waloke, 962 F.2d 824, 830 (8th Cir. 1992) (holding district court acted within its discretion by excluding specific acts of violence while admitting evidence regarding victim's reputation for violence after drinking based on its belief that the evidence of specific acts would have led to "collateral mini trials" ).

## CONCLUSION

WHEREFORE, the government respectfully requests this Court grant its motions to (1) preclude the defendant from calling non-law enforcement personnel who were present at Level's Night Club if that testimony is offered to attack the legality of the search warrant based on the presence of non-law enforcement personnel; (2) to preclude the defendant from calling witnesses whose testimony will attack the affidavit in support of wire interceptions; and (3) to preclude the defendant from calling additional law enforcement personnel whose testimony the government has not relied on in its case-in-chief for the purpose of attacking the credibility of the additional law enforcement personnel.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By:_____________/s/________________________

DARLENE SOLTYS
COURTNEY SPIVEY URSCHEL
New York Bar (Urschel)
United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530

BRITTAN HELLER
Special Assistant United States Attorney
California Bar Number 282748
555 4th Street, N.W.
Washington, D.C. 20530