UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-0386 (ESH) |
| | ) | |
| **ANTOINE JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Antoine Jones has been charged with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846. (Superseding Indictment, Mar. 21, 2007 [ECF No. 344].) On March 4, 2013, after a month-long trial, the jury deadlocked and the Court declared a mistrial. Defendant has now filed *pro se* a renewed motion for release pending retrial, (Motion for Release Pending a Fourth Trial, Mar. 25, 2013 [ECF No. 726] ("Mot."); Supplemental Bond Hearing Motion, Mar. 25, 2013 [ECF No. 727] ("Suppl. Mot.")), which the government opposes. (Government's Opposition to Defendant's Motion for Release, Apr. 8, 2013 [ECF No. 743] ("Opp'n").) Based on the record in this case and the many bond motions that the Court has had to decide, the Court again concludes that no condition or combination of conditions will reasonably assure the safety of the community, *see* 18 U.S.C. § 3142(e), and therefore defendant will remain detained pending retrial.

## PROCEDURAL HISTORY

Defendant was arrested on October 24, 2005. At the government's request, a detention hearing was held before Magistrate Judge Deborah Robinson on October 27-28, 2005. Judge Robinson found by clear and convincing evidence that no condition or combination of conditions

1

would reasonably assure the safety of the community, and ordered that defendant be held without bond. (*See* Memorandum of Findings of Fact and Statement of Reasons in Support of Order of Detention, Nov. 17, 2005 [ECF No. 22] ("Detention Order").)

Defendant then filed a motion under 18 U.S.C. § 3145(b) to review the magistrate judge's order and to obtain release pending trial. (Motion for Bond Review, Dec. 19, 2005 [ECF No. 49].) This Court affirmed the magistrate judge's order, finding that there was probable cause to believe defendant had violated 21 U.S.C. § 846, and that "the factors listed in 18 U.S.C. § 3142 *strongly* favor pretrial detention in order to ensure the safety of the community." (Memorandum Opinion, Dec. 29, 2005 [ECF No. 59] ("Dec. 29, 2005 Mem. Op.") at 2-3 (emphasis added).)

Over the last eight years, defendant has faced trial on three occasions. During the first two trials, defendant had the benefit of highly competent appointed counsel, Mr. Eduardo Balarezo. At the first trial, from October 2006 to January 2007, defendant was tried along with five co-defendants. The jury acquitted him on all counts except the conspiracy count, on which it deadlocked. He was subsequently retried on the one-court conspiracy charge along with co-defendant Lawrence Maynard and both were convicted on January 10, 2008. Defendant was sentenced to life in prison on May 2, 2008. After the Court of Appeals reversed his conviction, *see United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), and pending the government's appeal to the Supreme Court, defendant again sought release. (*See* Fifth Motion for Release, July 11, 2011 [ECF No. 579].) This Court concluded that detention was still necessary to ensure the safety of the community. (Memorandum Opinion, Aug. 1, 2011 [ECF No. 581] ("Aug. 1, 2011 Mem. Op.").) On appeal, the Supreme Court vacated defendant's conviction, finding that the government's warrantless installation and use of a GPS device on defendant's Jeep violated his Fourth Amendment rights. *See United States v. Jones*, 132 S. Ct. 945 (2012).

Upon remand from the Supreme Court, defendant waived his Speedy Trial rights in order to re-litigate a host of motions that had been previously filed during the prior trial. After defendant attacked his counsel's competency, Mr. Balarezo moved to withdraw, and the Court appointed new counsel, Mr. Jeffrey O'Toole. (*See* Notice of Attorney Appearance, Sept. 4, 2012 [ECF No. 647]; Minute Order, Oct. 9, 2012, granting Motion to Withdraw as Attorney by Eduardo Balarezo.) However, shortly before his third trial, in January 2013, defendant announced that he intended to proceed *pro se*. He did so after a lengthy *Faretta* inquiry in which he acknowledged that his appointed counsel, Mr. O'Toole and his colleague Ms. Errin Scialpi, were competent. Mr. O'Toole and Ms. Scialpi served as standby counsel during the third trial.

After over three weeks of testimony and eight days of deliberations, the jury deadlocked 6-6. Since then, defendant has again waived his Speedy Trial rights, this time citing his desire to hire a new lawyer—at his own expense—to represent him at his fourth trial. (Status Conference, Mar. 5, 2013.) He now moves for release pending his fourth trial.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" the detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e)(1). This determination is to be made based on a consideration of four factors: "(1) the nature and circumstances of the offense charged," including whether the offense involves a controlled substance; "(2) the weight of the evidence against the person; (3) the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and "(4) the nature and seriousness

of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Ordinarily, the government bears the burden of demonstrating the appropriateness of pretrial detention by clear and convincing evidence. *Id.* § 3142(f)(2). However, where "the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et seq.*, it is to be presumed that no condition or combination of conditions would be sufficient to reasonably assure the defendant's appearance and the community's safety. 18 U.S.C. § 3142(e)(3)(A).

Defendant is charged with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which carries a maximum term of imprisonment of life. 21 U.S.C. § 841(b)(1)(A)(iii). Given the Court's conclusion that there was probable cause to believe that defendant had in fact committed that offense (Dec. 29, 2005 Mem. Op. at 2-3.), there was a rebuttable presumption that no condition or set of conditions would reasonably assure defendant's appearance or the community's safety under 18 U.S.C. § 3142(e), and defendant failed to rebut that presumption. (*Id.*)

Nothing has changed in the intervening years to compel a different conclusion now. To the contrary, this Court has since heard the full extent of the evidence against defendant on three separate occasions. On one of those occasions, a jury convicted defendant of this very offense.[1] Moreover, at the most recent trial, the government presented the testimony of two additional co-conspirators, Daniel Zintura and Roel Bermea, making the case against defendant even stronger.

---

[1] Although the Supreme Court later vacated that conviction based on the inadmissibility of the government's GPS data, the rules concerning admissibility of evidence in criminal trials do not apply to the determination of pretrial detention, *see* 18 U.S.C. § 3142(f)(2), and so that opinion has no bearing on this Court's finding of probable cause. However, even without the improperly admitted GPS data, the evidence presented at defendant's third trial was more than sufficient to establish probable cause.

There can be no doubt, despite the jury's deadlock, that there is more than sufficient evidence to justify a finding of probable cause and thus, the rebuttable presumption in favor of pretrial detention still governs.

Defendant has not put forward *any* evidence to rebut that presumption. Neither of his motions even attempts to argue that he does not pose a danger to the community. Furthermore, the government argues that there is a significant risk of witness tampering if defendant were to be released. (Opp'n at 5.) They point to evidence from the recent trial that defendant approached government witnesses at the D.C. Jail, and on at least one occasion, he encouraged a witness to deny that he knew the defendant. (*Id.*) Moreover, because several government witnesses are not currently incarcerated, that there is an increased risk of witness tampering if defendant is released.[2] The Court therefore concludes that defendant has failed to rebut the presumption in favor of pretrial detention.

Defendant's only argument in support of his motion is that there are "exceptional reasons" why his detention is not appropriate that justify release under 18 U.S.C. § 3145(c). (*See* Mot. at 2.) As an initial matter, that section does not apply to defendant. It relates only to "a person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). Section 3143(a)(2) is applicable to "a person who has been found guilty of an offense . . . and is awaiting imposition or execution of sentence." Similarly, § 3143(b)(2) relates to "a person who has been found guilty of an offense . . . and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." Neither provision is relevant here, since defendant

---

[2] In fact, one of the cooperators who had previously testified at the prior trials, but is now no longer incarcerated, reluctantly appeared at the third trial. Although it cannot be definitively determined why this witness was far more hesitant to testify this time, there can be no question that the witness did not want to be a government witness against Mr. Jones.

5

has not been found guilty. Moreover, §§ 3143(a)(1) and (b)(1) only permit release if the court finds by clear and convincing evidence that the defendant does not pose a danger to the safety of the community. This Court finds, as it has consistently done in the past, that defendant cannot satisfy this burden. (*See* Detention Order at 5; Mem. Op. of Dec. 29, 2005 at 2-3; Mem. Op. of Aug. 1, 2011 at 4.)

Regardless, the Court is not persuaded that there are "exceptional reasons" justifying defendant's release. Defendant complains that the prison has been on lockdown, such that he has not had regular access to the prison law library, and that he has had difficulty viewing his "discovery discs" on the prison computers. (Suppl. Mot. at 1-4.) He argues that this is hindering him "from preparing for motions, preparing for his defense and most of all preparing for an upcoming fourth trial." (*Id.* at 3.) He insists that he needs a "modified release" in order "to seek and secure a professional experienced lawyer who will represent [him] to the fullest," as well as to "study and do proper legal research." (*Id.* at 4.)

These arguments do not justify defendant's release. As is the case with all prisoners, he is entitled to legal visits, and therefore can meet with potential attorneys in prison. Given the lengthy history of this case, and as demonstrated at the third trial, defendant is exceptionally familiar with the record, the discovery, and the law. He has had experienced counsel at two trials and experienced standby counsel at the third trial. He has also had no difficulty in incessantly filing motions and motions to reconsider throughout all prior proceedings. Ultimately, defendant's complaints apply with equal force to every inmate in the D.C. Jail. They raise purely logistical concerns that have already been resolved at prior trials and have no relevance to rebutting the presumption that defendant should continue to be detained.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Release Pending a Fourth Trial is **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   April 16, 2013