

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C 20530*

**FILED**
**MAY - 1 2013**
**Clerk, U.S. District & Bankruptcy Courts for the District of Columbia**

April 30, 2013

Antoine Jones,
Pro Se

Re: United States v. Antoine Jones
Criminal Case No. 05-386 (ESH)

Dear Mr. Jones:

This letter sets forth the full and complete plea offer to you, Antoine Jones (hereinafter referred to as "you" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer expires on May 1, 2013.** If you accept the terms and conditions of this offer, please execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. This is a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

**Charges and Statutory Penalties**

1. You, the defendant Antoine Jones, **agree to admit guilt and enter a plea of guilty to the superseding Indictment which charges a Conspiracy to Distribute and Possess With Intent to Distribute a mixture or substance containing a detectable amount of cocaine, and the amount of said mixture or substance was 5 kilograms or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).** You understand that pursuant to 21 U.S.C., Section 841(b)(1)(A), the charge, with respect to the cocaine hydrochloride, carries a term of imprisonment of not less than ten years or more than life, a fine not exceeding the greater of that permitted by Title 18 of the United States Code or $10,000,000, and a term of supervised release of at least five years.

2. In addition, you agree to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. You also understand that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. s

**Factual Stipulations**

3. You agree that the attached "Statement of Facts" fairly and accurately describes your actions and involvement in the offense to which you are pleading guilty. It is anticipated that, prior to or during the plea hearing, you will adopt and sign the Statement of Facts as a written proffer of evidence.

**Additional Charges**

4. In consideration of your plea to the above offense, you will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. You agree that, with respect to any and all dismissed charges, you are not a "prevailing party" within the meaning of the "Hyde Amendment," § 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

5. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, you and the Government agree that a sentence of 15 years (180 months) of incarceration, followed by five years of supervised release, is the appropriate sentence for the offense to which you are pleading guilty. This Plea Agreement with respect to the appropriate sentence affects only the term of incarceration and supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

**A. Acceptance of Agreement by the Court**

6. The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Plea Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Plea Agreement. If the Court accepts the Plea Agreement, the Court will sentence you to 15 years of incarceration, followed by five years of supervised release. **Although the government previously filed a notice of intent to seek an enhanced sentence, pursuant to 21 U.S.C. 851, if the plea agreement is accepted by the Court, the government will withdraw the notice to seek an enhanced sentence at the time of sentencing.**

**B. Rejection of this Agreement by the Court**

7. The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. You understand that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement, and will afford you an opportunity to withdraw the plea or maintain the plea. If you elect to maintain the plea, the Court will inform you that a final disposition may be less favorable to you than that contemplated by this Plea Agreement. You further understand that if the Court rejects the Plea

Agreement, the Government also has the right to withdraw from this Plea Agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case.

8. If the Court rejects the Plea Agreement, you elect to maintain your plea, and the Government does not exercise its right to withdraw from the Plea Agreement, the parties agree that you will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. You further understand that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

9. You agree and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, you are accountable for at least 50 kilograms but less than 150 kilograms of cocaine. These quantities of illegal narcotics represent the total amount of controlled substances involved in your relevant criminal conduct, including amounts you distributed or possessed with intent to distribute and amounts distributed or possessed with the intent to distribute by your coconspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by you and within the scope of your conspiratorial agreement. Further, you understand that, in light of your two or more convictions for felony drug offenses, you may be subject to the substantially higher guideline penalties provided for in the career offender provisions of the Sentencing Guidelines.

**Agreement as to Sentencing Allocution**

10. Should the Court reject the Plea Agreement, you elect to maintain your plea, and the Government fail to exercise its right to withdraw from the Plea Agreement, the parties agree that a sentence within the Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, you reserve the right to seek a sentence below the Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

**Reservation of Allocution**

11. You understand that, subject to the provisions of Paragraph 5 of this Plea Agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. You further understand that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

**Court Not Bound by the Plea Agreement**

12. In accordance with Paragraph 7 above, should the Court reject the Plea Agreement, you elect to maintain your plea, and the Government fail to exercise its right to withdraw from the Plea Agreement, you acknowledge that your entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence you will receive in this event. Moreover, it is understood that you will have no right to withdraw your plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

**Conditions of Release**

13. You agree not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that you be detained without bond pending sentencing in this case, pursuant to 18 U.S.C. § 3143.

**Waiver of Rights**

14. You understand that by pleading guilty in this case you agree to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. You agree to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your guilty plea . You also agree to waive, among other rights, the right to plead not guilty, and the right to a jury trial. At trial, you could have the right to be represented by counsel, to confront and cross-examine witnesses against you, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your behalf, and to choose whether to testify yourself. If you chose not to testify at a jury trial, you would have the right to have the jury instructed that this failure to testify could not be held against you. You would further have the right to have the jury instructed that you are presumed innocent until proven guilty, and that the burden would be on the United States to prove your guilt beyond a reasonable doubt. If your client was found guilty after a trial, your client would have the right to appeal your conviction. You understand that the Fifth Amendment to the Constitution of the United States protects you from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, you knowingly and voluntarily waive or give up this right against self-incrimination.

**Forfeiture**

15. (a) You consent to the forfeiture of all of your interest, whatever it might be, to the following property:

- $69,191 in United States currency seized from your vehicle on October 24, 2005;
- $452 in United States currency seized from your person on October 24, 2005;

- $67,115 in United States currency seized from your vehicle in North Carolina on April 5, 2005; and
- $844,520 in United States currency seized from 9508 Potomac Drive, Fort Washington, Maryland on October 24, 2005.

You acknowledge that all of this property was previously seized and previously administratively forfeited. This consent includes your waiver, hereby, of any objection you might be able make to the conduct of any forfeiture process for any or all of these items. By this plea agreement, you agree that you have waived any and all interest you have in these assets and consented to their forfeiture by whatever process the government chooses or chose. You agree that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If you already had filed a claim to any of these assets or property in any forfeiture process, you hereby agree to withdraw it. You also agree that you will not file a claim to any of these assets in any future forfeiture proceeding of whatever type. Finally, you agree that the proffer of evidence supporting your guilty plea is sufficient evidence to support this forfeiture.

**Breach of Agreement**

16. You understand and agree that if, after entering this Plea Agreement, you fail specifically to perform or to fulfill completely each and every one of your obligations under this Plea Agreement, or engage in any criminal activity prior to sentencing, you will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) you will not have the right to withdraw the guilty plea; (c) you shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against you, directly and indirectly, in any criminal or civil proceeding, all statements made by you and any of the information or materials provided by you, including such statements, information and materials provided pursuant to this Agreement and including your statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

17. You acknowledge that you understand that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. However, you knowingly and voluntarily waive the rights which arise under these rules in the event you withdraw your guilty plea.

18. You understand and agree that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. You further understand and agree that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19. Nothing in this Agreement shall be construed to permit you to commit perjury, to make false statements or declarations, to obstruct justice, or to protect you from prosecution for any

crimes not included within this Agreement or committed by you after the execution of this Agreement. You understand and agree that the Government reserves the right to prosecute you for any such offenses. You further understand that any perjury, false statements or declarations, or obstruction of justice relating to your obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, you will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

20. It is further agreed that, should the conviction following your plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against you, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Appeal**

21. You understand that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. You agree to waive the right to appeal the sentence in this case, or the manner in which it was determined, except to the extent that (a) the Court sentences you to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2.0, or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). In agreeing to this waiver, you are aware that your sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, you knowingly and willingly waive your right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement. You reserve the right to make a collateral attack upon your sentence, pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to you.

**Complete Agreement**

22. No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by you, defense counsel, and an Assistant United States Attorney for the District of Columbia.

23. You further understand that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, you may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by you and by your stand-by defense counsel.

Sincerely yours,

Ronald C. Machen Jr.
RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 498-610

By: Darlene M Soltys
Darlene M. Soltys
Bar No. 431-036
Assistant United States Attorney

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my stand-by attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 5-1-2013

Antoine Jones
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client and fully discussed the provisions of the Agreement with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 5/1/2013

Errin Scialpi
Stand-by Attorney for the Defendant