United States District Court
For the District of Columbia

United States of America
v.                                    1:05-CR-00386-ESH-1
Antoine Jones
    Defendant

RECEIVED Mail Room JUL - 3 2014 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

## Reply to Governments Opposition to Defendants Post-conviction claim for Relief

Defendant want to put on Record that He Haven't Receive the Government Opposition motion, Reason being defendant Jones Has been writ (from) USP Atlanta to DC Jail Jail on a defense witness Subpoena. Defendant Jones Received the opposition motion on thursday June 26 2014.

Defendant Jones is Humbly Requesting leave to Reply on the the Government opposition motion

## PROSEDURAL DEFAULT

The Government Has Prosedural default their Response on defendant Jones ineffective Assistant of counsel claim when they decline to Argue Against it... Rather the Government chose to focus on and Argue "defendant Guilty Plea was voluntary" instead... Where a Petitioner Raises claims of ineffective Assistant of counsel in a 2255-motion, He need not show cause and prejudice for not

Having raise such claims on direct appeal, such claims may properly be raise for the first time in a USCS 2255 motion.

## Guilty Plea was Voluntary

The Government argument the defendant guilty plea was voluntary lacked merits.

The Government 12-pages argument miss the mark on defendant 28 U.S.C.S § 2255 Ineffective counsel claims.

The Government point to no facts that defendant loses his rights to ineffective assistant of counsel that he preserved during the plea bargained negotiation... Defendant doesn't have his trial transcript or court documents available so he had to go off the top of my head.

1) In defendant Jones plea agreement, he preserved his rights to ineffective assistant of counsel. (see plea agreement)

2) During the May 1 2014 Guilty Plea-colloquy, Honorable Judge Huvelle questioned and clarafied my standing on defendant collateral attacking my sentence through ineffective assistant of counsel, A.U.S.A Darlene Solty's (explained) and stated to Honorable Judge Huvelle that (all) defendant's have the rights to ineffective assistant of counsel.

3) 28 U.S.C. § 2255 (F) A 1-year period of limitation shall apply to a motion under this section... The limitation shall run from the latest of —
1) The date on which the "Judgment of conviction becomes Final."

In this case Defendant Jones Final conviction become final on May 1 2013 under Fed. R. Crim. P. 11(c)(1)(C) and Defendant Jones submitted his 28 USC § 2255 in late 2014.

The fact is defendant Jones waived his rights to appeal his sentence and motions be preserved. The constitution and the law preserved a defendant's the rights to collateral attacked ones conviction under 28 USC § 2255 - Ineffective assistant of counsel.

Defendant Jones did not lose his rights to accept any defect or error that may have been thrust upon him by either Attorney being ineffective and if a defendant make a colorable claim and his claims has validity, there should be an evidentiary hearing.

By waiving my right to appeal my sentence and my motions, defendant does not agree to accept any defect or ERROR

that may be thrust upon him by either an ineffective attorney.

Defendant Jones has put on record the reason why defendant chose to represent his self to proceed pro se and was force to take an unwanted plea bargained was the incompetent and ineffective assistant of counsel by Mr. Balarezo and Mr. O'Toole.

<u>Strickland v Washington</u> point out the sixth amendment rights to counsel exists and is needed, in order to protect the fundamental right to a fair trial, since access to counsel, skill and knowledge is neccessary to afford defendant the ample opportunity to meet the case of the prosecution to which they are entitled. In this case both Mr. Balarezo and Mr. O'Toole deprived defendant of right to effective assistance of counsel... "<u>Counsel can deprived a defendant of the right to effective assistant of counsel, simply by failing to render adequate legal assistance</u>. In representing a criminal defendant, counsel owes the client a duty to loyalty, a duty to avoid conflicts of interest, a duty to advocate the defendant cause, a duty to consult with the defendant important developments in the course of prosecution, and a duty to bear such skill and knowledge as will render the trial a reliable adversarial testing process.

### BASIS FOR Defendant Jones Conviction.

No defendant should be force to represent His self Pro se, in a full fledge month trial, nor be force to take a plea just because He had incompetent counsel who proved to be ineffective assistant of counsel but in this case defendant Jones was prejudice with effective counsel.

If Mr Balarezo and Mr O'Toole were effective assistant of counsel in the pre trial phases, there wouldn't have been a third trial, or a fourth trial and there would not have been a plea by defendant Jones... The suppression of the GPS evidence and the wire tap evidence just might had gotten the case dismiss or very least weaken the Government case, so as defendant Jones could had receive an acquittal!

### CLAIMS

(I) Both Mr Balarezo and Mr O'Toole failed to properly investigate and prepare properly for a crucial evidentiary hearing, that could have gotten the drugs, money and evidence from the Potomac drive House.

Both Mr Balarezo and Mr O'Toole

should have done proper research and they would find know there's cases and articles that challenge and questioned "Pinging of a cellphone" and cell tower data.

In a Washington Post article Saturday June 28 2014, it details how the use of cellphone records to place suspect at or near crime scenes is coming under attack in court nationwide, challenging an established by federal and local law enforcement.

Experts say that using a single tower to precisely locate where someone was at the time of a crime has severe limitations.
Please read Washington Post article
(cell-Tower data may not neatly pin point a suspect, whereabouts June 28 2014, A1-A8).

## Subpoena Power to call witnesses

When Mr O'Toole didn't use his subpoena power to call a custodian from Sprint/Nextel to testified about the (paper trail) and the chain of command in receiving a pinging on a cellphone was ineffective.

When Mr O'Toole didn't call the Sprint/Nextel custodian who explained and told him and Ms Robin Bradshaw, defendant investigator, that there's no way possible that Sprint or Nextel will give a pinging information on a cellphone to anyone over the phone without any verification of court authority or exigent circumstances, was ineffective

When Mr. O'Toole didn't call an expert technology analysis to testified that there's no way possible for any one to pinpoint a house location with one time pinging is ineffective counsel.

When Mr. O'Toole didn't subpoena the Agents and detective involved cell phones record in office for records to see if a called to Nextel was made on sept 26 2005 was ineffective counsel.

When Mr. O'Toole didn't subpoena the Nextel number from sept 26 2005 is ineffective counsel, because the very last it would show if the agents or detective called Nextel on sept 26 2005.

When Mr. O'Toole didn't subpoena Lieber, Yanta, O'Brien, Horne and Kincheloe records on entering and exiting the building on sept 26 2005 to verified if they work or was in the building that day, is ineffective counsel.

When Mr. O'Toole didn't subpoena Investigator Robin Bradshaw after the many time I requested him to verified the finding site made on the cell phone pinging was ineffective counsel.

When Mr. O'Toole didn't subpoena Agent Kellie O'Brien and Detective Kincheloe cell site data and the GPS on the vehicle that drove out to potomac drive allegely on September 26 2005, is effective counsel.

When Mr. O'Toole didn't subpoena FBI technician Brooks to verified did he work on sept 26 2005 and did he assist anyone to find a location

068

At the Potomac Drive House, is ineffective counsel.

The Potomac Drive Evidence (98 kilo's of cocaine and $850,000.00) Highly Prejudice Defendant Jones and if mr O'Toole Has properly investigated the pinging of the cellphone and the proper protocol of chain of command on receiving a pinging on a cellphone, the evidence He gain, would Had went in Defendant Jones Favor which would led to a Major suppression of the Government Evidence which would Had gotten Defendant case thrown out! AUSA John Geise conceded to that on Record to Honorable Judge Huvelle during a status Hearing.

<u>Wire Tap Conversation</u>

Besides the evidence from the Potomac Drive House, the Wire Tap conversation was the most of the Government case... There were Hundreds of calls that prejudice me.

The Franks Hearing was a very Important Hearing because if won majority of the Government case would have been deleted and the case would Had been dismiss due to Insufficient Evidence. The Wire Tap conversation and the searches of the Houses evidence would Had been suppress.

When Mr Balarzo ~~O'Toole~~ violated his professional code of conduct and deliberately sabotage my wiretap evidence when he misplace the sworned declaration that support defendant Jones argument — for a Franks Hearing was ineffective counsel.

When Mr Balarzo force defendant Jones to file his motion prose, after Honorable Judge Huvelle order him to file the motions, He was ineffective counsel.

When Mr Balarzo order Robin Bradshaw to back off from finding and providing information that could support my argument on the Franks Hearing and the Evidentiary Hearing on the pinging of the cellphone on September 26 2005 is ineffective counsel.

Mr Balarzo clearly violated my Sixth Amendment Rights to a complete defense and a fair trial.

I will conclude that Mr O'Toole was an officer of the court and he has professional obligation and duty to fulfilled as an officer of the court and a ABA Bar attorney.

If Mr O'Toole see any misconduct or miscarriage of justice in a court, it's his duty and obligation

to Report, #/ When a confidential source brings in $100,000 in a court room to obstruct justice, Mr O'Toole should had call for a "Remmer Hearing" or Report the claim to Judicial committee in proper Authority... This type of outrageous misconduct by the Government will cause defendant Jones a life conviction, is one of the reason defendant Jones was force to took a plea... Defendant Jones thought that the Government could keep allowing their investigator and confidential sources to bring large sum of money in the court room to tamper with the Jury and obstruct justice.

A full and complete Remmer Hearing would had showed Jason Menoin was a confidential source for one of the FBI agent who sat in the back of defendant Jones trial, even during the time when Jason Menoin obstruct justice and brought the $100,000 in the court room to tamper with the Jury or witnesses.

Remmer V United States 96 LED 654 347 US 227 Reads: In a criminal case, any private communication contact or tampering, directly or indirectly with a juror during a trial is prejudicial and mandate a Remmer Hearing

### Defendant never show "Cause and Prejudice" for failing to file a direct Appeal

In this argument the government must concede that if a defendant doesn't file a ineffective assistant of counsel claim on direct (court of appeals) within the one year time period under 28 USC § 2255, the defendant could file a 28 USC § 2255 in the district court before the 1 year time period expired after the final judgement.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant first demonstrate either "cause" and actual "prejudice," "Murray v Carrier, 477 U.S. 478, 485 (1986) Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or He is "Actually innocent," Murray, supra, at 496; Smith v. Murray, 477 U.S. 527, 537 (1986)

Defendant Jones has already pointed out that Mr Balarezo and Mr O'Toole performance was ineffective assistance of counsel and there actions and non action mount up to incompetent causing defendant to represent his self and take a guilty plea that defendant didn't want to take.

### Actual Innocent

Defendant Jones choice to fight in

trials to show and prove his innocent and chose not to fight in the fourth trials (ONLY) because the prejudice of the illegal information from the Potomac Drive House (97-kilos of cocaine, $50,000, ect.) and the illegal wire tap conversation, along with the multiple-conspiracies evidence presented in the 3rd trial, could have gotten the defendant life in prison if convicted.

The evidence and testimony of Bernes, Barrone and Zinturo was all different and separate conspiracies that defendant didn't participate in... The trial transcript, during Mr Jones cross examining Barrone, he testified "it was another black man not Mr Jones". "Daniel Zinturo testified he didn't supply Mr Jones with narcotics" and Bernes testified about multiple conspiracy... To avoid a conviction, defendant Jones chose to take a plea bargained, so he wouldn't have to face the numerous of conspiracy testimony and because of the Potomac Drive evidence that should have been suppress at the evidentiary hearing where Mr. O'Toole was ineffective. Mr Jones had two major mistrial and without the Potomac Drive evidence and the wire tap conversation Mr Jones would have prove his innocent in a jury trial or there was potential for a dismissal.

SPECIAL NOTE: When Judge Huvelle, the standby lawyers, and the prosecutors, question the jurors after the mistrial, the juror who verdict was not guilty, stated just seeing the "large amount of drugs and money" that was enough to find Mr Jones guilty. With that said the evidence that should had been suppress really prejudice me in all the trials and a reason to plea guilty.

## Conclusion

Defendant Jones asserts that the ineffective assistant of counsel by Mr Balarezo and Mr O'Toole, caused and force me to represent my self pro se in the third trial, and take an unwanted guilty plea.

If the court finds that Mr Balarezo and Mr O'Toole is ineffective assistant of counsel, the court should find basis that defendant Jones to be remanded back to district court for an evidentiary hearing on the September 26 2005 pinging of the cell phone, a full and complete Remmer hearing on the $100,000 being brought in the court room, to allow any more tampering with witnesses or jury by government confidential sources, if there's a new trial, and a full and complete Franks hearing or very least be allow to properly Re-litigate my pretrial motion with proper documents.

Respectfully submitted
Defendant's Antoine Jones swears under penalty of perjury (28 USCS 1746) that the statement in this motion is true, accurate and correct, to the best of my recollection.

Pg 14

Antoine Jones                    Date June 24 2014

Antoine Jones
241912
DC Jail (C.D.F.)
1901 D St SE
Washington DC 20003