UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 05-0386-01 (ESH) |
| ) | |
| ANTOINE JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

In January 2013, defendant Antoine Jones elected represent himself during his upcoming trial on a narcotics conspiracy charge. After the trial, which lasted from January 22 to March 5, 2013, ended in a mistrial, the government expressed its intent to retry defendant. On May 1, 2013, defendant pled guilty before this Court to a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The Court sentenced defendant to fifteen years in prison, from which he did not note an appeal. Defendant, again proceeding *pro se*, now seeks to collaterally attack his conviction based on allegations of ineffective assistance of counsel during pre-trial litigation. (Mot., April 16, 2014 [Dkt. No. 755].) For the foregoing reasons, the Court will deny defendant's motion to vacate his sentence.*

The Supreme Court long ago established that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v Henderson*, 411 U.S. 258, 267 (1973). Thus, in cases where a defendant is represented by counsel, a defendant may

---

* Because "the motion and the files and records of the case conclusively show that [defendant] is entitled to no relief," 28 U.S.C. § 2255(b), the Court did not hold an evidentiary hearing on this motion. *See United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).

not, after "solemnly admit[ing] in open court that he is in fact guilty of the offense with which he is charged . . . thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea," *id.*, "through proof that the advice received from counsel was not 'within the range of competence demanded of attorneys in criminal cases.'" *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Defendant argues that his conviction should be vacated due to the alleged ineffective assistance of his appointed counsel during pre-trial litigation prior to when he chose to proceed *pro se* and represent himself at trial. (Mot. at 4-5.) While the legal and logical flaws in defendant's claim are numerous, the Court need only address one. Under *Tollett*, defendant's knowing and voluntary guilty plea represents a break in the causal chain between any pre-trial ineffective assistance of counsel and his conviction based on that plea. 411 U.S. at 267. By unconditionally pleading guilty, defendant effectively "waived all of these claims" for purposes of both direct appeal and collateral relief. *United States v. Delgado-Garcia*, 374 F.3d 1337, 1341 (D.C. Cir. 2004); *see also Tollett*, 411 U.S. at 267. Under *Tollett*, only an infirmity in the validity of his guilty plea could undermine his conviction.

However, in his forty-four page motion, defendant does not challenge the validity of his guilty plea. Nor, at this point, could he: by failing to challenge the validity of his plea through direct appeal, defendant has waived his ability to attack the plea collaterally. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Moreover, because defendant chose to represent himself for purposes of his plea, he "cannot [now]

2

complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984).

Because defendant's claims of ineffective assistance of counsel bear no causal relationship to his conviction following his knowing, voluntary, and unconditional guilty plea, and defendant does not—and could not—challenge the validity of his guilty plea, the Court will deny defendant's motion to vacate [Dkt. No. 755] his sentence under 28 U.S.C. § 2255. An Order consistent with this Memorandum Opinion will be issued on this day.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 14, 2014