```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

 THE UNITED STATES OF AMERICA, )
                               )    File No:  CR 05-386
            Plaintiff,         )
                               )    Date: February 19, 2013
 vs.                           )    PARTIAL TRANSCRIPT
                               )
 Antoine Jones,                )    Time:  4:23 P.M.
                               )
            Defendant.         )
_____


              (PARTIAL) TRANSCRIPT OF JURY TRIAL
                        HELD BEFORE
            THE HONORABLE ELLEN SEGAL HUVELLE
               UNITED STATES DISTRICT JUDGE

_____


 APPEARANCES:

 For the United States:   Ms. Darlene M. Soltys
                          Ms. Courtney Spivey Urschel
                          Assistant United States Attorneys
                          United States Attorneys Office
                          555 Fourth Street, NW
                          Washington, DC  20530

 For the Defendant:       Antoine Jones, pro se

 Also Present:            Mr. Jeffrey B. O'Toole
                          Ms. Errin Scialpi
                          Attorneys at Law
                          O'Toole Rothwell
                          1350 Connecticut Avenue, NW
                          Suite 200
                          Washington, DC  20036


 Court Reporter:          Vicki Eastvold, RMR, CRR
                          United States Courthouse, Room 6722
                          333 Constitution Avenue, NW
                          Washington, DC  20001
                          (202) 354-3242
```

```
 1              (NOTE:  The following proceedings were held
 2    outside the presence of the jury.)
 3
 4              THE COURT:  All right.  Now, to just finish up a
 5    few things.
 6              I know.  I know.  I know.
 7              Does the Government got a machine for them?
 8    Where's that going to go?  In there.
 9              MS. SOLTYS:  Yes.
10              THE COURT:  It's clean?
11              MS. SOLTYS:  Yes.  We have a clean laptop for
12    them, and it has instructions on how to load something.
13              THE COURT:  That will go in there tomorrow.
14    You'll have to bring it here at 9.
15              MS. SOLTYS:  Correct.
16              THE COURT:  Unless she's willing to take
17    responsibility overnight, which I don't have any opinion
18    about.  And they'll get the jury instructions.  The exhibits
19    will be ready to go.
20              I'm filing under seal the yellow, without the FBI
21    agent's name, on the public record.  I have deleted the FBI
22    agent's name only.  And I'm also -- let this be filed --
23    these large motions that had to do with Moore Street and the
24    other one, Hampton Park.
25              I'm prepared to rule on these.  Because they keep
```

1   dogging me.  We have no choice.  He's made -- certainly

2   makes his record.  He's now had full opportunity to explore

3   the evidence in the case.  I've heard the evidence.  So I

4   feel obligated to go back to these, once more -- hopefully

5   never again -- but the Moore Street.  This has been decided

6   once before.  And prior to this trial.  I am not going to

7   reconsider my opinions.

8          I credit the testimony of Naugle and the many,

9   many, many other police officers, all of whom got the go-

10  ahead to start at 6 a.m.

11         I'm telling you that police do not -- they go at

12  the same time.  It will undercut the whole purpose of

13  executing a search warrant if half of them go at one time

14  and half go at another time.

15         The testimony is absolutely consistent.  We heard

16  from Naugle that he went in to the Moore Street house at 6

17  a.m. or shortly thereafter, consistent with Magistrate Judge

18  Charles Day's order.  And we find that -- listening to the

19  testimony we know from the people who executed the warrant

20  at the co-conspirator's house from Detective Webb, he

21  testified; Ashby testified; somebody testified with respect

22  to Demetrius Johnson's.  Ms. Counts, special agent now

23  retired Counts, testified; Norma Horne testified; and

24  Detective Kirschner testified.

25         There's consistent testimony that they went in at

1    6:00 when they got the word.  Or after 6:00.  So I find no
2    basis to credit Ms. Jones's testimony.  I find the police
3    officers to be totally consistent.  I've already ruled five
4    times it's legally irrelevant.  And I still stand by that.
5    But to the extent I need to make findings of fact, I find
6    that this search was executed after 6 when command center
7    gave the go-ahead to all these officers to take down this
8    conspiracy.
9              Second of all, I find that AJ-SW65 was signed by
10   Mr. Jones, that he wasn't coerced, and it was voluntarily
11   signed.  I have no evidence to suggest that that is a
12   forgery or anything else.  He was given the opportunity to
13   get a handwriting expert.  And to the extent it's legally
14   relevant -- and even that's questionable.  But to the extent
15   it's legally relevant -- I say that because the search
16   warrant covers the Jeep, but he continues to want to worry
17   about things that are not legally relevant -- I find he
18   consented to the search.
19             Finally, the time of the -- I mean, not the time
20   the search -- but the alleged violation of 41(f), I've ruled
21   more than once that it's legally irrelevant.  That there's
22   no grounds to suppress any evidence if -- even assuming,
23   arguendo -- this officer did not leave the search warrant.
24             But we know from the exhibits that were
25   introduced, Defendant Exhibit -- I think it's 19, the search

1  warrant, the second page, says it was -- the search warrant
2  and property receipt was received by Ms. Jones.
3          Now, we know at least all pages but the search
4  warrant appear in that picture, which is Defendant's Exhibit
5  17 -- 19.  I'm sorry.  The search warrant is a different
6  exhibit.  Defense exhibit.
7          But I find that Naugle's testimony is corroborated
8  by the actual second page of the search warrant.  And the
9  final page is -- five pages she signed of the receipt for
10 the search warrant.
11         So I conclude that Ms. Jones received both the
12 search warrant, the attachments, and the receipt of
13 property.  And I also continue to stand by my prior ruling
14 that it wouldn't be -- even if that weren't the case -- no
15 grounds for suppression.  So I've made the necessary
16 findings of fact that relate to that.
17         Hampton Boulevard.  I ruled during the course of
18 the trial before.  Before we were talking about pegboards.
19 It's quite clear to me that ICE-12 you can see the pegboard.
20 The pegboard was there before April 30 and it was there
21 after April 30.
22         And, again, I think there's a substantial question
23 whether this is the law of the case.  You can't just keep on
24 having evidentiary -- requests for evidentiary hearings.
25 He's now made his record.

1    I do not credit the testimony of Mr. Maynard. I
2    find it most peculiar that he would come in here and testify
3    he cleared out that warehouse before the 30th of April. I
4    credit the testimony of Agent Kane. She's testified in
5    front of me for at least three or four times. I don't find
6    any basis for saying that they went into this warehouse
7    before April 30.
8    They went in there, I find, as a matter of fact --
9    based on her testimony they went in there after he vacated
10   the premises. There was no violation of any rights. I find
11   that you can see the two pegs on ICE-12. And I can't -- I
12   am not persuaded by the fact there might have been a jacket
13   and a few wraps and other kinds of papers still in there
14   after the 30th even though they must have had a deposit
15   returned from them.
16   I deny for -- I don't know how many times -- the
17   motions to reconsider.
18   The record has been made. He has every right to
19   go to the Court of Appeals. But the Court has made findings
20   of fact, and I have made legal conclusions. And I don't
21   think that there's anything further to conclude.
22   So these will be filed with the clerk of court and
23   they'll be available to the Court of Appeals in the event
24   he's convicted.
25   Can you finish up your exhibits and leave them

2/19/13

1    with Ms. -- what do you want to do with them?  We'll take
2    the defendant's exhibits, Ms. Franklin.
3              What you going to do with yours?
4              MS. SOLTYS:  I don't know whether or not she keeps
5    them.
6              THE DEPUTY CLERK:  I put them locked in the
7    closet.
8              THE COURT:  Well, will you bring somebody here by
9    9 to help her cart them in?
10             MS. SOLTYS:  Yes.
11             THE COURT:  I mean, it can't be any of the
12   witnesses.  You know, just has to be somebody that will help
13   assist with --
14             Isn't that correct, Gwen?
15             MS. SOLTYS:  We have a helper.
16             THE COURT:  No, no, no.  Some stranger.  Okay?
17   Let me just see if she's got anything further.
18             (Pause.)
19             THE DEPUTY CLERK:  That was the second alternate.
20   I'm still trying to reach the first one.
21             THE COURT:  All right.  Well, we have one
22   alternate coming back tomorrow morning.  She's the second
23   one, number 9.  If we can't get the other one, we're going
24   to substitute 9 for the gentleman we just excused.
25             I forgot to address the concern.  One of the

1  jurors had made medical appointments for her mother because
2  I said we weren't going to sit on Friday.  So tomorrow Gwen
3  will assure her that -- Gwen will assure all the jurors that
4  we will not sit on Friday.  I'm only available half day
5  anyway.
6              All right.  Is there anything further at this
7  time?
8              You have the verdict form and the jury
9  instructions?
10             (Off-the-record discussion with the deputy clerk.)
11             THE COURT:  Anything further?  Just finish up your
12 exhibits, if you would, so you can sign off.  And we will
13 retain them.
14             (Off-the-record discussion with the deputy clerk.)
15             THE COURT:  Thank you.  If you can just kindly
16 finish up the exhibits so we know if we have a problem on
17 our hands.
18             (Proceedings concluded at 4:32 p.m.)

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, VICKI EASTVOLD, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 12th day of January, 2016.

```
                         _____s/Vicki Eastvold_____
                         Official Court Reporter

                         New Address:
                         Clay County Courthouse
                         807 11th Street North
                         Moorhead, MN   56560
                         218-299-5058
```